IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FAIR FIGHT ACTION, *et al.*,

     Plaintiffs,

v.

BRAD RAFFENSPERGER, in his official
Capacity as Secretary of State of Georgia;
*et al.*,

     Defendants.

Civil Action File

No. 1:18-cv-05391-SCJ

## STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

NOW COME DEFENDANTS, Brad Raffensperger, in his official capacity as Secretary of State of the State of Georgia and Chairman of the State Election Board of Georgia ("Secretary Raffensperger"), Rebecca N. Sullivan, David J. Worley, Ralph F. "Rusty" Simpson,[1] and Seth Harp, in their official capacities as members of the State Election Board (collectively, "State Election Board Members"), and the State Election Board by and through their undersigned counsel, and move to dismiss Plaintiff's Complaint, stating as follows:

_____

[1] Simpson has resigned and will be substituted pursuant to Fed. R. Civ. P. 25(d).

1.      Plaintiffs' Complaint should be dismissed for failure to adequately establish standing under Article III of the United States Constitution.  In order to establish standing, Plaintiffs must allege sufficient facts to demonstrate a "[1] concrete, particularized, and actual or imminent [harm]; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling." *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 149 (2010).

2.      Plaintiffs' have not alleged a concrete and particularized injury.  An injury "must actually affect the plaintiff in a personal and individual way," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and "must also be concrete . . . that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Here, Plaintiffs, two organizations, have alleged no harm other than fulfilling of their corporate missions.  Nor have Plaintiffs sufficiently pled a diversion of resources or altering of the organizational mission theory which requires "impair[ment of] the organization's ability to engage in its own projects by forcing the organization to divert resources in response." *Arcia v. Sec'y of Florida*, 772 F.3d 1335, 1341-42 (11th Cir. 2014).

3.      Plaintiffs' alleged injury is not fairly traceable to the Defendants for two reasons.  First, Plaintiffs do not implement the challenged statutes and, second, Plaintiffs' self-inflicted injuries are not traceable to the Defendants' acts.

4.    Plaintiffs' claims of injury with respect to Counts I-IV are based on issues occurring at the polls, including counting of votes, handing out of provisional ballots and supplies, decisions regarding precinct locations, informing voters where to vote, and administering absentee ballots, all of which are subject to local—not state—control.  *Compare* O.C.G.A. § 21-2-70 (delegating duties of administration and conduction to local superintendents and poll officers they instruct) *with* O.C.G.A. § 21-2-50(11) (describing electoral duties of Secretary of State related to training of county officials) *and* O.C.G.A. § 21-2-131 (delineating duties of the State Election Board which are limited to post-election investigations for compliance with state law and general oversight). As such, the injuries alleged in Counts One through Four are not traceable to Defendants because Defendants do not implement the statutes at issue.

5.    In order to be traceable injuries, Plaintiffs must also allege that the injury is "certainly impending" and traceable to the challenged action. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Here, any alleged injury to the Plaintiffs is due to their decision to spend resources consistent with their respective organizational missions due to officials implementing existing laws. As in *Clapper*, Plaintiffs alleged injury is not traceable to the government but instead to their own decision to expend funds in a certain manner. *Id.*

6.    The injury alleged by Plaintiffs is not redressable to actions of the Defendants.   Redressability requires a court to consider whether deciding in the Plaintiffs' favor would increase the likelihood "that the plaintiff would obtain relief that directly redresses the injury suffered." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010).    Plaintiffs cannot show Redressability  because, even if the Court grants every remedy sought by Plaintiffs, they would not obtain any relief from the sole injury they allege.   Plaintiffs would still be spending resources on their primary mission—educating voters.

7.    Plaintiffs failed to join necessary parties.   As a consequence of Plaintiffs' erroneous contention that state (and not local) government officials administer elections, the Complaint is also subject to dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19.   A party is necessary if, "in that person's absence, the court cannot afford complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).   Plaintiffs did not comply with this mandate.   Their claims generally focus on the alleged improper administration of Georgia's 2018 general election.   But, they failed to name one government entity that actually carried out the election: county election boards and officials.   As such, Counts One through Five and parts of Count Six, including HAVA claims against the State Election Board must be dismissed.

8.     Plaintiffs' failure to train theory fails to state a claim.  Plaintiffs' artful attempt to plead around the true issue they seek to address, administration of the 2018 election, does not save the Complaint.   Even if limited to training and oversight, Plaintiffs' allegations still fail to state a claim for which relief can be granted.  They have not alleged any specific deficiencies in any training.  Nor have Plaintiffs distinguished between the subject of the training (*e.g.*, rules, manuals, etc.) and the execution of the training.   "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [government], for the officer's shortcomings may have resulted from factors other than a faulty training program."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989).   Here, Plaintiffs have neither alleged intent nor deliberate indifference, as such their claims fail.

9.     The Eleventh Amendment bars Plaintiffs' claims against the Secretary and Members of the State Election Board in their official capacities.  The Eleventh Amendment to the United States Constitution affords states immunity from suits, both legal and equitable.  Claims against officers in their "official capacity" are included in the Eleventh Amendment's prohibition. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  While an exception to Eleventh Amendment immunity exists under *Ex parte Young*, 209 U.S. 123 (1908), it is limited to suits against state

officers for prospective injunctive relief. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997).   Here, Plaintiffs truly seek to challenge the conduction of the November 6, 2018 general election and seek to save their complaint with only passing reference to prospective harm, such relief is retrospective and not within the *Ex Parte Young* exception.

10.   Independent of Plaintiffs' lack of standing, the claims against the State Election Board and its Members should also be dismissed for two additional reasons: (1) Plaintiffs have not pled any causal link between their alleged injury and the State Election Board or the State Election Board Members; and (2) the doctrine of legislative immunity provides an absolute defense.

11.   Plaintiffs' Fifteenth Amendment claim should be dismissed for failure to state a claim.   Liability under the Fifteenth Amendment to the United State Constitution requires intentional conduct, which Plaintiffs have not alleged. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1189 (11th Cir. 1999).

12.   Plaintiffs' Fourteenth Amendment Claim should be dismissed for failure to state a claim since Plaintiffs allege no discriminatory intent or purpose. *See Corey Airport Servs., Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1297 (11th Cir. 2012).

13.     For the foregoing reasons, and the reasons stated in the attached Brief in Support of this Motion to Dismiss, Plaintiffs' Complaint must be dismissed.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and such other relief as this Court deems just and proper.

This 28th day of January, 2019.

> STATE LAW DEPARTMENT
> Christopher M. Carr
> Attorney General
> GA Bar No. 112505
> ANNETTE M. COWART
> Deputy Attorney General
> GA Bar No. 191199
> Russell D. Willard
> Senior Assistant Attorney General
> GA Bar No. 760280
> 40 Capitol Square, S.W.
> Atlanta, Georgia 30334
>
> ROBBINS ROSS ALLOY BELINFANTE
> LITTLEFIELD LLC
>
> */s/ Josh B. Belinfante*
> Josh B. Belinfante
> GA Bar No. 047399
> Ryan Teague
> GA Bar No. 701321
> Kimberly Anderson
> GA Bar No. 602807
> 500 14th Street NW

Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250
jbelinfante@robbinsfirm.com
rteague@robbinsfirm.com
kanderson@robbinsfirm.com

STRICKLAND BROCKINGTON LEWIS LLP
Bryan P. Tyson
Special Assistant Attorney General
GA Bar No. 515411
Midtown Proscenium Suite 2200
1170 Peachtree Street N.E.
Atlanta, GA 30309
(678) 347-2200
bpt@sbllaw.net

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FAIR FIGHT ACTION, *et al.*,

      Plaintiffs,

vs.

BRAD RAFFENSPERGER, in his
official capacity as the Secretary of
State of Georgia; *et al.*,

      Defendants.

Civil Action File

No. 1:18-cv-05391-SCJ

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this date electronically filed the foregoing

**STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'**

**COMPLAINT** with the Clerk of the Court using the CM/ECF system which will

automatically send email notification of such filing to the attorneys of record listed

on the case.

This 28th day of January, 2019.

                    */s/ Josh B. Belinfante*
                    Josh B. Belinfante
                    GA Bar No. 047399