## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| FAIR FIGHT ACTION, INC.; CARE IN ACTION, INC.; EBENEZER BAPTIST CHURCH OF ATLANTA, GEORGIA, INC.; BACONTON MISSIONARY BAPTIST CHURCH, INC.; VIRGINIA-HIGHLAND CHURCH, INC.; and THE SIXTH EPISCOPAL DISTRICT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia and as Chair of the State Election Board of Georgia; REBECCA N. SULLIVAN, DAVID J. WORLEY, and SETH HARP, in their official capacities as members of the STATE ELECTION BOARD; and STATE ELECTION BOARD, <br><br> *Defendants*. | Civ. Act. No. 1:18-cv-05391-SCJ |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

I.   **Description of the Case**

   **a.** Describe briefly the nature of the action.

   Plaintiffs allege violations of Section 2 of the Voting Rights Act, 52 U.S.C.

§ 10301, Sections 301–303 of the Help America Vote Act of 2002, 52 U.S.C. §§

21081–21083, and the First, Fourteenth, and Fifteenth Amendments to the United

States Constitution. Plaintiffs assert that the manner in which the Defendants

conducted elections is so deficient as to be unlawful.

Defendants deny all allegations and further claim Plaintiffs do not have

standing to pursue these claims.

> **b.** Summarize the facts of this case. The summary should not be
> argumentative nor recite evidence.

Plaintiffs' Amended Complaint alleges that Georgia electors experienced

problems—whether attempting to vote by mail or early voting or in-person voting

on election day—when they attempted to vote in the November 2018 election.

Plaintiffs allege that these same problems will persist at all phases of future

elections absent court intervention. Specifically, Plaintiffs allege that the

Defendants engaged in "voter suppression" tactics that included voters learning

they had been purged from the voter rolls, voters finding out their precincts had

been moved, voters discovering they were registered to vote at an address other

than their residence address (despite either having not moved or having attempted

to change their address through the Department of Driver Services), and voters

encountering difficulties because of the Defendants' implementation of both an

"exact match" policy and "use it or lose it" statute. Plaintiffs further allege that, if

voters cleared those preliminary hurdles, they were forced to grapple with

impediments at the precinct level such as unduly long lines and wait times,

malfunctioning and unreliable equipment, and ill-trained or inconsistently-trained poll workers who applied the law differently in different jurisdictions, and that these actions are a violation of federal law.

Defendants disagree with Plaintiffs' characterization of existing statutes and deny the allegations of Plaintiffs' Amended Complaint.

   **c.** The legal issues to be tried are as follows:

      **i.** Whether the manner in which Defendants conduct elections violates the Voting Rights Act of 1965;

      **ii.** Whether O.C.G.A. § 21-2-234 and the manner in which Defendants conduct elections violate the First Amendment rights of Georgia citizens;

      **iii.** Whether O.C.G.A. § 21-2-234 and the manner in which Defendants conduct elections violate the Fourteenth Amendment rights of Georgia citizens;

      **iv.** Whether the manner in which Defendants conduct elections violates the Fifteenth Amendment rights of Georgia citizens; and

      **v.** Whether the manner in which Defendants conduct elections violates the Help America Vote Act.

   **d.** The cases listed below (include both style and action number) are:

      **i.** Pending Related Cases:

3

Plaintiffs contend that there are two related cases: *Curling v. Kemp*, Case No. 1:2017-CV-02989-AT (N.D. Ga.); *Common Cause v. Kemp*, Case No. 1:18-CV-05102-AT (N.D. Ga.).

Defendants do not believe *Curling* and *Common Cause* are related to the claims raised by Plaintiffs in this case.

> **ii.** Previously Adjudicated Related Cases:

Plaintiffs contend that there are two related cases: *The Democratic Party of Ga. v. Crittenden*, Case No. 1:18-CV-5181-SCJ, (N.D. Ga.); *The Democratic Party of Ga. v. Burkes*, Case No. 1:18-CV-00212-WLS (N.D. Ga.).

Defendants do not believe either of the *Democratic Party of Georgia* cases are related to the claims raised by Plaintiffs in this case.

**II.   This case is complex because it possesses one or more of the features listed below (please check):**

The Parties agree that the case is not complex.

**a.** \_\_\_\_ Unusually large number of parties

**b.** \_\_\_\_ Unusually large number of claims or defenses

**c.** \_\_\_\_ Factual issues are exceptionally complex

**d.** \_\_\_\_ Greater than normal volume of evidence

**e.** \_\_\_\_ Extended discovery period is needed

**f.** \_\_\_\_ Problems locating or preserving evidence

**g.** \_\_\_\_ Pending parallel investigations or action by government

**h.** \_\_\_\_ Multiple use of experts

**i.** \_\_\_\_Need for discovery outside United States boundaries

**j.** \_\_\_\_ Existence of highly technical issues and proof

**k.** \_\_\_\_ Unusually complex discovery of electronically stored information

This case is not complex as currently pled. However, the Defendants' position is that to the extent that Plaintiffs seek injunctive relief directed against all county election superintendents, the litigation would become more complex by virtue of an unusually large number of parties (criteria #1, above).

**III.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:     Allegra J. Lawrence
                Lawrence & Bundy LLC
                1180 West Peachtree Street NW, Suite 1650
                Atlanta, GA 30309
                allegra.lawrence-hardy@lawrencebundy.com

Defendants:    Joshua Belinfante
                Robbins Ross Alloy Belinfante Littlefield LLC
                500 14th St. NW
                Atlanta, GA 30318
                jbelinfante@robbinsfirm.com

**IV.   Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_X\_\_\_\_ Yes        \_\_\_\_ No

If "yes" please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Plaintiffs do not agree there are jurisdictional questions, and believe that this Court properly has jurisdiction over the claims and the Parties.

The Defendants assert that Plaintiffs lack standing, as outlined in their Motion to Dismiss [Doc. 35]. Defendants are still reviewing Plaintiffs' Amended Complaint but will likely be filing another motion to dismiss based on standing which will raise similar issues to those raised in the first motion to dismiss.

## V.    Parties to This Action:

**a.** The following persons are necessary parties who have not been joined:

Plaintiffs' position is that all necessary parties have been joined.

Defendants assert that the election superintendents of all 159 counties in Georgia are necessary parties and must be joined.

**b.** The following persons are improperly joined as parties:

The Parties agree that no persons have been improperly joined as parties.

**c.** The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The Parties agree that no parties are inaccurately stated nor are necessary portions of Parties' names omitted.

**d.** The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any

6

contentions regarding misjoinder of parties or errors in the statement of a party's name.

## VI.    Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

a. List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiffs filed an Amended Complaint on February 19, 2019. Defendants'

Answer or other response will be filed no later than March 5, 2019; Plaintiffs'

response to any motion to dismiss will be filed no later than March 19, 2019; and

Defendants' reply will be filed no later than April 2, 2019.

b. Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## VII.   Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for filing some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

In accordance with Instructions for Cases Assigned to the Honorable Judge Jones (ECF No. 34), prior to filing a motion to compel discovery and only after conferring with opposing counsel in a good-faith effort to resolve the discovery dispute by agreement, Parties will contact the Court and notify the Court of a discovery dispute. The Court will then schedule a conference call in which the Court will attempt to resolve the matter, without the necessity of a formal motion.

   b. *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   c. *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

   d. *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## VIII.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Parties will timely file initial disclosures.

## IX.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Plaintiffs request a scheduling conference to address a discovery schedule,

discovery of ESI, timing of expert disclosures, and timing of expert depositions.

Plaintiffs also want to establish a schedule for motions, and inform the Court that

Plaintiffs will request the Court conduct a permanent injunction hearing in the fall

of 2019.

Defendants do not believe a scheduling conference is necessary at this time

or at least until the Court has ruled on Defendants' motion to dismiss. In addition,

the Georgia General Assembly is currently considering legislation that could

significantly affect or moot many of Plaintiffs' claims.

Plaintiffs do not anticipate that any currently pending legislation will affect

the relief Plaintiffs have requested in their Amended Complaint.

## X.   Discovery Period:

> The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before the expiration of the assigned discovery period.

> Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

> Please state below the subjects on which discovery may be needed:

> This case is on a four-month track.

Plaintiffs anticipate that discovery may be needed on at least the following topics:

1. The knowledge of the Secretary of State ("SOS") and the SOS's office regarding anticipated voter turnout during the 2018 Election;

2. The process to determine whether a registered voter should be purged from Georgia's voter rolls under O.C.G.A. § 21-2-234 (the "use it or lose it" statute);

3. The history behind the enactment of the "use it or lose it" statute;

4. The history behind the enactment of the "exact match" policy;

5. The enforcement of the "use it or lose it" statute:

   (a) prior to Governor Kemp's decision to run for a state-wide elected office, and (2) prior to the removal of preclearance requirements as held in *Shelby Cty., Ala. v. Holder*, 570 U.S. 529, (2013);

6. The process of providing updated voter information between the SOS's office and Georgia's Department of Driver Services ("DDS");

7. The security provisions for all of Georgia's electronic systems related to voting and voter registrations**;**

8. An inspection of relevant systems and forensic inspection of voting machines used in the 2018 Election;

9. Training of county elections officials;

10. Oversight of county elections officials;

11. Guidance from the SOS and/or the State Election Board ("SEB") regarding precinct closings and relocations;

12. Any changes in policies and training for county elections officials post-*Shelby Cty*.

Defendants anticipate that discovery may be needed on each of the claims brought by Plaintiffs, as well as Plaintiffs' standing to bring such claims including, but not limited to, Plaintiffs' organizational activities, management, fundraising, and expenditures.

> If parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail:

> The parties believe that the four-month discovery track will be adequate.

**XI.** **Discovery Limitation and Discovery of Electronically Stored Information:**

**a.** What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

**b.** Is any party seeking discovery of electronically stored information?

__X__ Yes _____ No

    **i.** The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties agree to discuss the sources, scope, and any limitations on ESI on a good-faith basis as discovery proceeds.

    **ii.** The parties have discussed the format for production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agree to discuss in good faith the format for the production of ESI, methods of production, and the inclusion or exclusion of metadata as discovery proceeds.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## XII. Other Orders:

What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties agree that no other orders are necessary now, but may revisit the issue as necessary during the course of discovery.

## XIII. Settlement Potential:

a. Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 13, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs: Lead Counsel (signature) /s/ Allegra J. Lawrence

Other participants: Leslie Bryan; Maia Cogen

For Defendants: Lead Counsel (signature) /s/ Joshua Belinfante

Other participants: Vincent Russo; Brian Lake; Bryan Tyson;

Carey Miller

b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_____ A possibility of settlement before discovery.

__X_ A possibility of settlement after discovery.

_____ A possibility of settlement, but a conference with the

judge is needed.

_____ No possibility of settlement.

c. Counsel (__X___) do or (_____) do not intend to hold additional

settlement conferences among themselves prior to the close of discovery.

The proposed date of the next settlement conference is approximately

two months after the commencement of the discovery period.

**XIV. Trial by Magistrate Judge:**

The parties do not consent to having this case tried before a magistrate judge

of this Court.



Respectfully submitted this 27th day of February, 2019.


*/s/ Allegra J. Lawrence*
Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Lovita Tandy (GA Bar No. 697242)
Maia Cogen (GA Bar No. 832438)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street
Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
lovita.tandy@lawrencebundy.com
maia.cogen@lawrencebundy.com

Thomas R. Bundy (Admitted *pro hac vice*)
**LAWRENCE & BUNDY LLC**
8115 Maple Lawn Blvd.
Suite 350
Fulton, MD 20789
Telephone: 240-786-4998
Fax: (240) 786-4501
thomas.bundy@lawrencebundy.com

14

Dara Lindenbaum (Admitted *pro hac vice*)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW
Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
lindenbaum@sandlerreiff.com

Elizabeth Tanis (GA Bar No. 697415)
John Chandler (GA Bar No. 120600)
957 Springdale Road, N.E.
Atlanta, GA 30306
Telephone: (404) 771-2275
beth.tanis@gmail.com
jachandler@gmail.com

Kurt G. Kastorf (GA Bar No. 315315)
**THE SUMMERVILLE FIRM, LLC**
1226 Ponce de Leon Avenue, NE
Atlanta, GA 30306
Telephone: (770) 635-0030
kurt@summervillefirm.com

Matthew G. Kaiser (Admitted *pro hac vice*)
Sarah R. Fink (Admitted *pro hac vice*)
Scott S. Bernstein (Admitted *pro hac vice*)
**KAISERDILLON PLLC**
1099 14th Street, NW
8th Floor West
Washington, DC 20005
Telephone: (202) 640-2850
Fax: (202) 280-1034
mkaiser@kaiserdillon.com
sfink@kaiserdillon.com
sbernstein@kaiserdillon.com

Andrew D. Herman (Admitted *pro hac vice*)
Sarah Dowd (Admitted *pro hac vice*)
**MILLER & CHEVALIER CHARTERED**
900 16th St. NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
aherman@milchev.com
sdowd@milchev.com

Kali Bracey (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Fax: (202) 639-6066
kbracey@jenner.com

Jeremy H. Ershow (*Pro hac vice* pending)
**JENNER & BLOCK LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 891-1600
Fax: (212) 891-1699
jershow@jenner.com

*Counsel for Fair Fight Action, Inc.; Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Baconton Missionary Baptist Church, Inc.; Virginia-Highland Church, Inc.; and The Sixth Episcopal District, Inc.*

*/s/ Joshua Belinfante*
Joshua Barrett Belinfante
Georgia Bar No. 047399
Vincent Robert Russo, Jr.
Georgia Bar No. 242628
Brian Edward Lake
Georgia Bar No. 575966

16

Carey Allen Miller
Georgia Bar No. 976240
Special Assistant Attorneys General
**Robbins Ross Alloy Belinfante Littlefield, LLC**
500 Fourteenth St., N.W.
Atlanta, GA 30318
Telephone: (678) 701-9381
Fax: (404) 856-3250
jbelinfante@robbinsfirm.com
blake@robbinsfirm.com
vrusso@robbinsfirm.com
cmiller@robbinsfirm.com

Bryan P. Tyson
Georgia Bar No. 515411
Special Assistant Attorney General
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: (678) 336-7249
btyson@taylorenglish.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2019, I caused to be

electronically filed the foregoing **JOINT PRELIMINARY REPORT AND**

**DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which

will automatically send notification of such filing upon Counsel of Record:


**Brian Edward Lake**
Robbins Ross Alloy Belinfante Littlefield, LLC
500 Fourteenth St., N.W.
Atlanta, GA 30318
678-701-9381
Fax: 404-856-3250
Email: blake@robbinsfirm.com

**Bryan P. Tyson**
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: (678) 336-7249
btyson@taylorenglish.com

**Carey Allen Miller**
Robbins Ross Alloy Belinfante Littlefield, LLC
500 14th Street, NW
Atlanta, GA 30318
678-701-9381
Fax: 404-856-3250
Email: cmiller@robbinsfirm.com

**Joshua Barrett Belinfante**
Robbins Ross Alloy Belinfante Littlefield, LLC
500 Fourteenth St., N.W.
Atlanta, GA 30318
678-701-9381

Fax: 404-856-3250
Email: jbelinfante@robbinsfirm.com

**Vincent Robert Russo , Jr.**
Robbins Ross Alloy Belinfante Littlefield, LLC
500 Fourteenth St., N.W.
Atlanta, GA 30318
404-856-3260
Fax: 404-856-3250
Email: vrusso@robbinsfirm.com

*/s/ Allegra J. Lawrence*
Allegra J. Lawrence
