# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official Capacity as Secretary of State of Georgia; *et al.*,<br><br>    Defendants. | Civil Action File<br><br>No. 1:18-cv-05391-SCJ |

## STATE DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

NOW COME DEFENDANTS, Brad Raffensperger, in his official capacity as Secretary of State of the State of Georgia and Chairman of the State Election Board of Georgia ("Secretary Raffensperger"), Rebecca N. Sullivan, David J. Worley, Anh Lee,[1] and Seth Harp, in their official capacities as members of the State Election Board (collectively, "State Election Board Members"), and the State Election Board by and through their undersigned counsel, and move to dismiss Plaintiffs' Amended Complaint, stating as follows:

---

[1] Replacing Ralph "Rusty" Simpson pursuant to Fed. R. Civ. P. 25(d).

1. Plaintiffs' Complaint should be dismissed for failure to adequately establish standing under Article III of the United States Constitution. In order to establish standing, Plaintiffs must allege sufficient facts to demonstrate a "[1] concrete, particularized, and actual or imminent [harm]; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling." *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 149 (2010).

2. Plaintiffs have not alleged a concrete and particularized injury. An injury "must actually affect the plaintiff in a personal and individual way," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and "must also be concrete . . . that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Here, Plaintiffs, all organizations, have alleged no harm other than fulfilling of their corporate missions or, alternatively, threatened injuries that are too speculative in nature. *Fla. State Conf. of the NAACP v. Browning*, 522 F.3d 1153, 1163. (11th Cir. 2008).

3. Plaintiffs' alleged injury is not fairly traceable to the Defendants nor to the challenged conduct of the Defendants. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138 (2013) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1999)).

4. The injury alleged by Plaintiffs is not redressable to actions of the Defendants. Redressability requires a court to consider whether deciding in the plaintiffs' favor would increase the likelihood "that the plaintiff would obtain relief that directly redresses the injury suffered." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010). Plaintiffs cannot show Redressability because, even if the Court grants every remedy sought by Plaintiffs, they would not obtain any relief from the sole injury they allege. Plaintiffs would still be spending resources on their primary mission—educating voters and assisting voter turnout operations.

5. Plaintiffs failed to join necessary parties. As a consequence of Plaintiffs' erroneous contention that state (and not local) government officials administer elections, the Complaint is also subject to dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19. Plaintiffs' claims generally focus on the alleged improper administration of Georgia's 2018 general election. Plaintiffs, however, failed to name the government entities that actually carried out the election: county election boards and officials. As such, Counts One through Five and parts of Count Six, including HAVA claims against the State Election Board, must be dismissed.

6. Plaintiffs' Amended Complaint repeatedly alleges that the inaction of Defendants and various actions of local county election officials amount to an unconstitutional failure to train by Defendants, but Plaintiffs have failed to establish a supervisory relationship between Defendants and the local election officials whose conduct is complained of. Even if such a relationship and training duty existed, Plaintiffs' allegations still fail to state a claim for which relief can be granted. They have not alleged any specific deficiencies in any training, nor have Plaintiffs sufficiently alleged that such deficient training amounted to a deliberate indifference, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989), citing only isolated conduct by local election officials. As such, Plaintiffs' Constitutional claims based on a failure to train theory should be dismissed.

7. Plaintiffs' claims in Counts I-V of the Amended Complaint predicated on voter list maintenance should be dismissed for failure to state a claim. Maintaining an accurate voter list using the process in O.C.G.A. § 21-2-234 is part of the state's important regulatory interests. The Supreme Court recognized this fact in reviewing Ohio's list maintenance procedures last year, processes which are nearly identical to those mandated by Georgia's statute. *Husted v. A. Philip Randolph Inst.*, 584 U.S. ___, 138 S. Ct. 1833 (2018).

8. The Eleventh Amendment bars Plaintiffs' claims against the State Election Board. The Eleventh Amendment to the United States Constitution affords states immunity from suits, both legal and equitable and extends to state agencies like the State Election Board. *Kentucky v. Graham*, 473 U.S. 159 (1985).

9. Plaintiffs' constitutional claims against the State Election Board as enforced by 42 U.S.C. § 1983 fail to state a claim. 42 US.C. § 1983 provides a cause of action for any "person" acting under color of law. The State Election Board is not a "person" within the meaning of § 1983. *Will v. Mi. Dep't of State Police*, 491 U.S. 58, 65 (1989).

10. Plaintiffs' complaint is a shotgun pleading, every count incorporates by reference each of the 157 preceding paragraphs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997). As such, Defendants have no way of knowing which allegations pertain to which Defendant. Defendants have therefore not been given adequate notice of the Plaintiffs' claims which mandates dismissal or, at minimum, a more definite statement. *Id.*

11. For the foregoing reasons, and the reasons stated in the attached Brief in Support of this Motion, Plaintiffs' Amended Complaint must be dismissed.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and grant such other relief as this Court deems just and proper.

This 5th day of March, 2019.

>STATE LAW DEPARTMENT
>Christopher M. Carr
>     Attorney General
>     GA Bar No. 112505
>ANNETTE M. COWART
>     Deputy Attorney General
>     GA Bar No. 191199
>Russell D. Willard
>     Senior Assistant Attorney General
>     GA Bar No. 760280
>40 Capitol Square, S.W.
>Atlanta, Georgia 30334
>
>ROBBINS ROSS ALLOY BELINFANTE
>LITTLEFIELD LLC
>
>/s/ Josh B. Belinfante
>Josh B. Belinfante
>     GA Bar No. 047399
>Vincent R. Russo
>     GA Bar No. 242648
>Brian E. Lake
>     GA Bar No. 575966
>Carey A. Miller
>     GA Bar No. 976420
>500 14th Street NW
>Atlanta, GA 30318

Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250
jbelinfante@robbinsfirm.com
vrusso@robbinsfirm.com
blake@robbinsfirm.com
cmiller@robbinsfirm.com

TAYLOR ENGLISH DUMA LLP
Bryan P. Tyson
    Special Assistant Attorney General
    GA Bar No. 515411
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678.336.7249
btyson@taylorenglish.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia; *et al.*,<br><br>    Defendants. | Civil Action File<br><br>No. 1:18-cv-05391-SCJ |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this date electronically filed the foregoing **STATE DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record listed on the case.

This 5th day of March, 2019.

                                              */s/ Josh B. Belinfante*
                                              Josh B. Belinfante
                                              GA Bar No. 047399