Exhibit A

**Fulton County Board of Commissioners**
# Agenda Item Summary: 15-

BOC MEET **# 15-0603**

July 15, 2015

Board of Registration and Elections

Request approval of  a Consent Order before the State Elections Board for the State of Georgia in the matter of Fulton County Board of Registration and Elections, Respondent, SEB cases 2008-000084, 2008-000104, 2008-000134, 2012-000056 and 2012-000156.

**Requirement for Board Action** *(Cite specific Board policy, statute or code requirement)*

**Is this Item Goal Related?** *(If yes, describe how this action meets the specific Board Focus Area or Goal)*

☐  Yes    X    No

**Summary & Background**   *(First sentence includes Agency recommendation. Provide an executive summary of the action that gives an overview of the relevant details for the item.)*

The State Elections Board voted to change the language in two paragraphs of the originally negotiated agreement approved by the Board of Commissioners.

The new language puts more control in the hands of the Fulton County Board of Registration and Elections to determine how to implement the changes versus a detailed dictate from the State Elections Board.

**Fiscal Impact / Funding Source**   *(Include projected cost, approved budget amount and account number, source of funds, and any future funding requirements.)*

***Exhibits Attached***    *(Provide copies of originals, number exhibits consecutively, and label all exhibits in the upper right corner.)*

Letter from Board of Registration and Elections' counsel.

**Source of Additional Information**    *(Type Name, Title, Agency and Phone)*

| Agency Director Approval | | County Manager's Approval |
|---|---|---|
| **Typed Name and Title** | **Phone** | |
| **Signature** | **Date** | |

Revised 03/12/09 (Previous versions are obsolete)

## BEFORE THE STATE ELECTION BOARD
## STATE OF GEORGIA

In the matter of:                                          *
                                                           *
**Fulton County Board of Registration**                   *          **SEB Cases 2008-000084,**
**and Elections,**                                         *          **2008-000104, 2008-000134,**
                                                           *          **2012-000056 & 2012-000156**
                                                           *
       Respondent.     *
                                                           *
                                                           *

### <u>CONSENT ORDER</u>

COMES NOW the State Election Board, by and through counsel, and the Fulton County Board of Registration and Elections, Respondent, and hereby enter into the following Consent Order for use in this matter before the State Election Board in lieu of an evidentiary hearing.

### FINDINGS OF FACT and CONCLUSIONS OF LAW

The findings of fact set forth in the following Paragraphs 1 through 30 have been asserted against Respondent, the Fulton County Board of Registration and Elections, as well as current and former employees of the Respondent.  The Fulton County Board of Registrations and Elections desires that the above-captioned cases be resolved in their entirety in order to avoid further litigation and to provide a final resolution to all state election law disputes pertaining to the general election and general election runoff of 2008 as well as the primary and general elections of 2012 that involve the Fulton County Board of Registration and Elections as well as current and former employees of the Respondent Fulton County Board of Registration and Elections. Respondent acknowledges that there is evidence of a *prima facie* case supporting the following assertions and enters into this negotiated Consent Order to resolve the issues that arose in Fulton County during the general election and general election runoff of 2008 as well as the

primary and general elections of 2012:

1.

During advance voting for the 2008 general election, DRE machines were kept in an unlocked auditorium in the North Annex Precinct, the machines were not under official supervision, and the machines were not interlocked with a chain or cable, in violation of O.C.G.A. § 21-2-379.9.

2.

During the 2008 general election cycle, certain Fulton County election officials had some voters wishing to receive an absentee ballot complete the form used to request to vote during the early voting period instead of the promulgated form to request an absentee ballot, in violation of O.C.G.A. § 21-2-381.

3.

During the 2008 general election cycle, certain Fulton County election officials improperly marked the absentee ballot application and the absentee ballot sub-system for certain absentee ballot applications, erroneously coding in the date that the absentee ballot application was verified as the date that the absentee ballot was mailed, delaying some absentee ballots being sent out to voters for the 2008 general election in violation of O.C.G.A. § 21-2-381.

4.

On the day of the 2008 general election, the precinct manager for Precinct SS22 was informed by Fulton County election officials that voters wishing to cancel their absentee ballots could do so by calling the downtown registration office rather than following the required practice of appearing in person before the registrar or absentee ballot deputy in violation of O.C.G.A. § 21-2-388.

5.

On the day of the 2008 general election, a voter was told that the voter needed to come to the central office for Fulton County elections in order to sign her registration card, although the voter had previously been designated in the online voter system as active as of October 1, 2008, and no letter had been sent to the voter consistent with O.C.G.A. § 21-2-220(d), in violation of O.C.G.A. § 21-2-220(d).

6.

During the 2008 general election runoff cycle, Fulton County election officials began counting absentee ballots prior to the conclusion of voting on the day of the runoff election without publishing notice in advance in the legal organ of Fulton County in violation of O.C.G.A. § 21-2-386(a)(4).

7.

The Respondent Fulton County Board of Registration and Elections failed to place the voters in approximately ten streets in their proper precincts prior to the 2012 primary election. This resulted in approximately sixty voters being assigned to an incorrect precinct in violation of O.C.G.A. §§ 21-2-70 & 21-2-226.

8.

The Respondent Fulton County Board of Registration and Elections failed to certify primary election results by 5:00 p.m. on the Monday following the 2012 primary election in violation of O.C.G.A. § 21-2-493(k).

9.

The Respondent Fulton County Board of Registration and Elections failed to provide an absentee ballot to one elector for the 2012 primary election upon timely request in violation of O.C.G.A. § 21-2-384.

10.

The Respondent Fulton County Board of Registration and Elections failed to include 423

voters on the supplemental list of electors for the 2012 general election in violation of O.C.G.A.

§§ 21-2-70(13), 21-2-224, and 21-2-226.

11.

The Respondent Fulton County Board of Registration and Elections improperly rejected

the ballots of eleven voters who were not included on the list of electors or the supplemental list

of electors for the 2012 general election in violation of O.C.G.A. §§ 21-2-70(13), 21-2-224, and

21-2-226.

12.

The Respondent Fulton County Board of Registration and Elections failed to adequately

train some poll workers in provisional ballot procedures, or identify which responsible poll

workers failed to understand provisional ballot procedures in certain precincts, prior to

conducting the 2012 general election in violation of O.C.G.A. §§ 21-2-70(8), 21-2-419, and Ga.

R. & Reg. r. 183-1-12-.06(13)(a).

13.

The Respondent Fulton County Board of Registration and Elections failed to timely

process address changes from existing electors and voter registration applications from new

electors prior to conducting the 2012 general election in violation of O.C.G.A. § 21-2-226.

14.

The Respondent Fulton County Board of Registration and Elections failed to provide an

official list of electors to two precincts prior to conducting the 2012 general election in violation

of O.C.G.A. § 21-2-224(f).

15.

Poll workers for the Respondent Fulton County Board of Registration and Elections
failed to enter all required information on the outer envelope of at least two hundred provisional
ballots in violation of Ga. R. & Reg. r. 183-1-12-.06(4)(i).

16.

The Respondent Fulton County Board of Registration and Elections mailed letters
notifying electors of the rejection of their provisional ballots without some such letters
explaining the basis for rejection following the 2012 general election in violation of O.C.G.A.
§ 21-2-419(d).

17.

The Respondent Fulton County Board of Registration and Elections mailed duplicative
absentee ballots prior to the 2012 general election to at least three electors in violation of
O.C.G.A. § 21-2-384.

18.

The Respondent Fulton County Board of Registration and Elections failed to provide an
absentee ballot to at least two electors for the 2012 general election upon timely request in
violation of O.C.G.A. § 21-2-384.

19.

Poll workers for the Respondent Fulton County Board of Registration and Elections
failed to offer provisional ballots to at least five electors due to an apparent shortage of available
provisional ballots during the 2012 general election in violation of O.C.G.A. § 21-2-418.

20.

Poll workers for the Respondent Fulton County Board of Registration and Elections made
errors on precinct recap sheets in 103 precincts during the 2012 general election in violation of

O.C.G.A. § 21-2-70(13) and Ga. R. & Reg. r. 183-1-12-.06(9).

21.

The Respondent Fulton County Board of Registration and Elections counted the provisional ballots of three electors who were also identified in ExpressPoll as having voted by DRE during the 2012 general election in violation of O.C.G.A. § 21-2-419(c).

22.

Poll workers for the Respondent Fulton County Board of Registration and Elections improperly listed 92 electors on the provisional vote sheets who instead cast ballots by DRE during the 2012 general election in violation of Ga. R. & Reg. r. 183-1-12-.06(4)(i).

23.

Poll workers for the Respondent Fulton County Board of Registration and Elections improperly listed electors multiple times on the numbered list of voters at two precincts during the 2012 general election in violation of Ga. R. & Reg. r. 183-1-12-.02(4)(b).

24.

The Respondent Fulton County Board of Registration and Elections failed to secure and maintain the provisional ballot recap sheet for one precinct for the 2012 general election in violation of O.C.G.A. § 21-2-70(13) and Ga. R. & Reg. r. 183-1-12-.06(9).

25.

The Respondent Fulton County Board of Registration and Elections failed to secure and maintain the provisional voter certificates or voter certificates for all provisional voters at five precincts for the 2012 general election in violation of O.C.G.A. § 21-2-70(13) and Ga. R. & Reg. r. 183-1-12-.06(9).

26.

Poll workers for the Respondent Fulton County Board of Registration and Elections failed to completely fill out the provisional voter certificates at nine precincts during the 2012 general election in violation of Ga. R. & Reg. r. 183-1-12-.06(4)(i).

27.

Poll workers for the Respondent Fulton County Board of Registration and Elections allowed unaccounted-for discrepancies between the number of voters on the provisional voter list and the number of provisional ballots issued at four precincts for the 2012 general election in violation of Ga. R. & Reg. r. 183-1-12-.06(4)(i).

28.

The Respondent Fulton County Board of Registration and Elections allowed names to be added after the conclusion of the election to the provisional voter list at two precincts for the 2012 general election in violation of Ga. R. & Reg. r. 183-1-12-.06(4)(i) & -06(9).

29.

The Respondent Fulton County Board of Registration and Elections counted the provisional ballot of one out-of-state elector for the 2012 general election, despite that elector failing to provide sufficient information, in violation of O.C.G.A. § 21-2-419(c).

30.

The Respondent Fulton County Board of Registration and Elections failed to note on the provisional voter list for one precinct for the 2012 general election whether the ballots of the provisional voters had been accepted or rejected in violation of Ga. R. & Reg. r. 183-1-12-.06(11).

## ORDER

1.

This Consent Order addresses and resolves all matters regarding Respondent in connection with the general election and general election runoff of 2008 as well as the primary and general elections of 2012. To the extent permitted under state law, this Order shall serve as *res judicata* of any and all claims or allegations of wrongdoing or violations of state election laws by Respondent or by current or former officials and employees of the Fulton County Board of Registration and Elections in connection with the general election and general election runoff of 2008 as well as the primary and general elections of 2012.

2.

The Georgia State Election Board, having considered the particular facts and circumstances of this case, inclusive of the within and forgoing "Findings of Fact and Conclusions of Law" hereby ORDERS that Respondent Fulton County Board of Registration and Elections cease and desist from further violations of the Election Code, and hereby publicly reprimands Respondent Fulton County Board of Registration and Elections. The State Election Board further ORDERS Respondent Fulton County Board of Registration and Elections to pay a one hundred-fifty thousand dollar ($150,000.00) civil penalty to the State Election Board within sixty days of acceptance of this Consent Order by the State Election Board. The State Election Board further ORDERS Respondent Fulton County Board of Registration and Elections to reimburse the Secretary of State for investigative costs by remitting a payment of thirty thousand dollars ($30,000.00) to the Secretary of State within sixty days of acceptance of this Consent Order by the State Election Board.

3.

Furthermore, it is hereby AGREED that, during the advance voting applicable for any general election or primary election for state or federal officers held after January 1, 2016, Respondent Fulton County Board of Registration and Elections will establish, in addition to the current number of sites designated for advance voting, such additional sites as advance voting locations, in compliance with O.C.G.A. § 21-2-382 and SEB Rule 183-1-14-.08, as the Respondent Fulton County Board of Registration and Elections determines are appropriate to fulfill the Respondent's obligations under the State Election Code.

4.

Furthermore, it is hereby AGREED that Respondent Fulton County Board of Registration and Elections shall evaluate its current policies, procedures, and systems (or lack thereof) in order to facilitate the efficient and accurate administration of voter registration and election activities, it being the finding of the State Election Board that the absence of sound policies, procedures, and management has substantially contributed to and caused the errors set forth in the foregoing findings, as well as problems that have been identified in previous orders of the State Election Board pertaining to Respondent.

5.

Furthermore, it being the finding of the State Election Board that it is important to improve the training of Respondent's poll workers, it is hereby AGREED that Respondent Fulton County Board of Registration and Elections shall acquire and implement for use in elections held on or after January 1, 2016 an on-line training system that poll workers shall be required to use. The training system to be acquired and implemented shall be one with a demonstrated previous record of effectiveness as a training tool in use by election officials elsewhere.

- 9 -

6.

Respondent Fulton County Board of Registration and Elections acknowledges that the members of the Respondent Fulton County Board of Registration and Elections have read this Consent Order and understand the contents. Respondent Fulton County Board of Registration and Elections understands that the Respondent Fulton County Board of Registration and Elections has a right to a hearing in this matter. Respondent Fulton County Board of Registration and Elections knowingly and voluntarily waives such right to a hearing, as well as any other rights under the Georgia Administrative Procedure Act pertaining to notice and hearing for contested cases, by entering into this Consent Order.

7.

This Consent Order is entered in settlement of disputed matters and the Consent Order entered herein is not to be construed as an admission of guilt or liability on the part of the Respondent Fulton County Board of Registration and Elections but is entered herein to resolve this State Election Board case. Respondent Fulton County Board of Registration and Elections acknowledges that the State Election Board has sufficient evidence to establish the foregoing violations of the state election code, if unrebutted, and enters into this Consent Order to resolve this case, but Respondent Fulton County Board of Registration and Elections makes no further admissions regarding the findings of fact contained herein. Respondent Fulton County Board of Registration and Elections understands that this Consent Order is a civil settlement and has no criminal ramifications, and this Consent Order shall **not** be considered an admission of criminal misconduct.

8.

This Consent Order, inclusive of its Stipulations and Order, shall not become effective

unless and until approved by the Georgia State Election Board.  If not agreed to, approved by,

and executed on behalf of, the Georgia State Election Board, neither stipulation nor any other

part of this agreement shall have any effect whatsoever and shall not constitute an admission

against interest or prejudice the ability of either the Board or Respondent Fulton County Board

of Registration and Elections to adjudicate this matter.

This **22nd** day of _____*June*_____, 2015.

Sworn to and subscribed
before me this 22ⁿᵈ day
of _June_, 2015

_____
NOTARY PUBLIC

CONSENTED TO:

*Mary Carole Cooney*
Mary Carole Cooney, Chairperson
For Respondent Fulton County Board of
Registration and Elections

Approved by the State Election Board this _____ day of _____, _____.

STATE ELECTION BOARD

BY: _____
         BRIAN KEMP
         CHAIRPERSON



**PARKS | CHESIN | WALBERT**

A PROFESSIONAL CORPORATION

75 14th Street, 26th Floor
Atlanta, GA 30309
T: 404.873.8000   F: 404.873.8050
www.pcwlawfirm.com

David F. Walbert

June 23, 2015

*Via Email and U.S. Mail*  richard.barron@fultoncountyga.gov
Mr. Richard Barron
Executive Director
Fulton County Department of
    Registration and Elections
130 Peachtree Street, S.W.
Suite 2186
Atlanta, Georgia  30303

Re:  State Election Board

Dear Mr. Barron:

This is in response to your request that I review the State Election Board's (SEB) determination to change several sentences of the settlement order negotiated with the County Elections Board. The original language, approved by the Board of Commissioners on May 6th, was negotiated with the Assistant Attorney General who represents the SEB.  At its meeting, the SEB stated a concern that two of the 38 paragraphs of the order dictated in more detail than it wanted exactly how the Department of Registration and Elections should comply with its legal obligations going forward.

The desire of the SEB is to set forth the general mandates that are part of the order, but to leave to the County Board of Elections and its Director the details of how to implement its legal obligations. Thus, while the obligation of the County Elections Board to establish appropriate numbers of advance voting sites remains as originally negotiated, the exact number is left to the County Board.  Similarly, how the County Board will rectify its "policies, procedures, and systems (or lack thereof) in order to facilitate the efficient and accurate administration of voter registration and election activities," is left to the County Board of Elections and its Director to determine.

I trust that this is responsive to your request.  Please let me know if you need anything further for the use of the Board of Commissioners.

With best regards, I remain

Very truly yours,

David F. Walbert

cc      Mary Carole Cooney *(Via Email Only)*