**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FAIR FIGHT ACTION, INC.;　　　　)
CARE IN ACTION, INC.;　　　　　)
EBENEZER BAPTIST CHURCH　　)
OF ATLANTA, GEORGIA　　　　)
INC.; BACONTON MISSIONARY　)
BAPTIST CHURCH, INC.;　　　　)
VIRGINIA-HIGHLAND CHURCH,　)
INC.; and THE SIXTH EPISCOPAL　)
DISTRICT, INC.　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　)　　CIVIL ACTION
v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　FILE NO. 1:18-cv-05391-SCJ
BRAD RAFFENSPERGER,　　　　)
in his official capacity, as　　　　)
Secretary of State of the　　　　)
State of Georgia and as　　　　　)
Chair of the State Election　　　)
Board of Georgia;　　　　　　　)
　　　　　　　　　　　　　　　)
REBECCA N. SULLIVAN,　　　　)
DAVID J. WORLEY,  and　　　　)
SETH HARP, in their official　　　)
capacities as members of the　　)
STATE ELECTION BOARD;　　　)
and　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
STATE ELECTION BOARD,　　　)
　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　)
_____)

## ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants Brad Raffensperger ("Defendant" or "Secretary"),[1] in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia; Rebecca N. Sullivan, David J. Worley, Anh Lee, and Seth Harp, in their official capacities as members of the State Election Board (collectively, "State Election Board Members"); and the State Election Board (collectively, "Defendants") answer Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief [Doc. 41] as follows:

### FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Amended Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Defendants are barred by sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

---

[1] Secretary Raffensperger replaced Robyn A. Crittenden as Secretary of State on January 14, 2019.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendants are barred as they raise political questions that should not be addressed by the Court.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines.

Defendants answer the specific paragraphs of Plaintiffs' Amended Complaint[2] as follows:

1.

This Paragraph of Plaintiffs' Amended Complaint contains statements to which no response is required.

_____

[2] For ease of review, Defendants use the capitalized and defined terms of Plaintiffs' Amended Complaint. Defendants do not waive or admit any material allegation in Plaintiffs' Amended Complaint that Plaintiffs may contend are implied by their use, and all claims to the contrary are denied.

2.

Defendants deny the allegations contained in Paragraph 2 of Plaintiffs'
Amended Complaint.

3.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

4.

Defendants deny the allegations contained in Paragraph 4 of Plaintiffs'
Amended Complaint.

5.

Defendants admit that this Court possesses jurisdiction over this action.

6.

Defendants admit that this Court possesses jurisdiction over this action.
Defendants deny all other allegations stated or implied in this Paragraph.

7.

This Paragraph of Plaintiffs' Amended Complaint contains a legal
conclusion that does not require a response. Defendants deny any of Plaintiffs'
characterizations of the law, and all other allegations stated or implied in this
Paragraph are denied.

8.

Defendants admit that venue is proper in this Court.

9.

Defendants admit that venue is proper in this Court. Defendants deny all other allegations stated or implied in this Paragraph.

10.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

11.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

12.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

13.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

14.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

15.

The allegations in this Paragraph are outside the scope of Defendants'

knowledge and are therefore denied on that basis.

16.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Amended Complaint.

17.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Amended Complaint.

18.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Amended Complaint.

19.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Amended Complaint.

20.

Plaintiffs set forth legal conclusions to which no response is required and,

therefore, Defendants deny the same. The remaining allegations in this Paragraph

are outside the scope of Defendants' knowledge and are therefore denied on that basis.

21.

The allegations in this Paragraph of Plaintiffs' Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

22.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

23.

The allegations in this Paragraph of the Amended Complaint related to Ebenezer Baptist Church of Atlanta, Georgia, Inc. ("Ebenezer") are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph.

24.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

25.

The allegations in this Paragraph of the Amended Complaint related to Plaintiff Baconton Missionary Baptist Church, Inc. ("BMBC") are outside the knowledge of Defendants and are therefore denied on that basis.

26.

The allegations in this Paragraph of the Amended Complaint related to BMBC are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint.

27.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

28.

The allegations in this Paragraph of the Amended Complaint related to Plaintiff Virginia-Highland Church, Inc. ("Virginia-Highland") are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint.

29.

The allegations in this Paragraph of the Amended Complaint related to Virginia-Highland are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint.

30.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

31.

The allegations in this Paragraph of the Amended Complaint related to Plaintiff The Sixth Episcopal District, Inc. (d/b/a the "Sixth Episcopal District of the African Methodist Episcopal Church" or the "Sixth District A.M.E.") are outside the knowledge of Defendants and are therefore denied on that basis.

32.

The allegations in this Paragraph of the Amended Complaint related to Sixth District A.M.E. are outside the knowledge of Defendants and are therefore denied

on that basis. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint.

33.

The allegations in this Paragraph of the Amended Complaint related to Sixth District A.M.E. are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint

34.

The allegations in this Paragraph of the Amended Complaint related to Sixth District A.M.E. are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint.

35.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

36.

Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia, having taken office and replacing Secretary Robyn A. Crittenden on January 14, 2019. The remainder of Paragraph 36 of Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

37.

Paragraph 37 of Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. The law cited speaks for itself and Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

38.

Defendants admit that the named individuals are members of the State Election Board, but Plaintiffs omit the name of Anh Le, who is also a member of the State Election Board. The remainder of Paragraph 38 of Plaintiffs' Amended Complaint contains legal conclusions that do not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

39.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

40.

Paragraph 40 contains legal conclusions to which no response is required.
Defendants deny the remaining allegations contained in this Paragraph of
Plaintiffs' Amended Complaint.

41.

The allegations in this Paragraph are outside the scope of Defendants'
knowledge and are therefore denied on that basis. By way of further response,
Defendants state that the report cited by Plaintiffs speaks for itself, and Defendants
deny any of Plaintiffs' characterizations of the report.

42.

Defendants admit that the Secretary of State is designated as the chief
election official by statute. Defendants deny the remaining allegations of Paragraph
42.

43.

Defendants admit that almost four million ballots were cast in the November
2018 general election, that this level of participation was historic, and that it

included many first-time voters. Defendants deny the remaining allegations in this Paragraph.

44.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

45.

Paragraph 45 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

46.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

47.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

48.

Defendants admit that voters can vote provisional ballots but deny the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

49.

Paragraph 49 contains legal conclusions to which no response is required. Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

50.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

51.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

52.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

53.

Plaintiffs state legal conclusions in this Paragraph to which no response is required. Defendants deny Plaintiffs' characterization of the law. Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Amended Complaint.

54.

Plaintiffs state a legal conclusion in this Paragraph to which no response is required. The Secretary of State and State Election Board's legal duties are defined by statute, which speaks for itself. Defendants deny the remaining allegations this Paragraph.

55.

Plaintiffs refer to a document that is not attached as an exhibit to the Amended Complaint. The document speaks for itself. Defendants deny the remaining allegations of this Paragraph.

56.

The laws cited in this Paragraph of Plaintiffs' Amended Complaint speak for themselves. Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Amended Complaint.

57.

The laws cited in this Paragraph of Plaintiffs' Amended Complaint speak for themselves. Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Amended Complaint.

58.

The laws cited in this Paragraph of Plaintiffs' Amended Complaint speak for themselves. Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Amended Complaint.

59.

The law and cases cited by Plaintiffs in this Paragraph speak for themselves. Defendants further respond that the duties of the Secretary of State are defined by statute, the requirements of which speak for themselves. Defendants deny the remaining allegations in this Paragraph as pled.

60.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

61.

The duties of the State Election Board and the Secretary of State are defined by statute, which speaks for itself. Defendants deny the remaining allegations contained in this Paragraph of the Plaintiffs' Amended Complaint.

62.

The duties of the State Election Board are defined by statute, which speaks for itself. Defendants deny the remaining allegations contained in this Paragraph of the Plaintiffs' Amended Complaint.

63.

The duties of the State Election Board are defined by statute, which speaks for itself. Defendants deny the remaining allegations contained in this Paragraph of the Plaintiffs' Amended Complaint.

64.

The law cited by Plaintiffs in this Paragraph of the Amended Complaint speaks for itself. Mr. Richard Barron's testimony speaks for itself, and Defendants deny Plaintiffs' characterization of that testimony. Defendants deny the remaining allegations in this Paragraph.

65.

The responsibilities of the Secretary of State and the State Election Board are defined by statute, which speaks for itself. Defendants deny Plaintiffs' characterization of the responsibilities of, and the law related to, the Georgia counties with respect to elections. Defendants deny the remaining allegations in this Paragraph.

66.

Plaintiffs refer to a document that is not attached as exhibit. The document referenced speaks for itself and Defendants deny the Plaintiffs' characterization of the document. Defendants deny the remaining allegations contained in this Paragraph.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint. The duties and responsibilities of Defendants are defined by statute, which speaks for itself.

68.

Defendants deny the allegations contained this Paragraph of Plaintiffs' Amended Complaint.

69.

Paragraph 69 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph.

70.

Paragraph 70 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph but admit

that they contract with a vendor in order to obtain for change-of-address information as part of the required voter-list-maintenance process.

71.

The law cited by Plaintiffs in this Paragraph speaks for itself. Defendants deny any remaining allegations contained in this Paragraph of the Amended Complaint.

72.

Paragraph 72 contains legal conclusions to which no response is required. Defendants admit that the statutory voter-list-maintenance process has been implemented. Defendants deny any remaining allegations contained in this Paragraph of the Amended Complaint.

73.

Defendants are without knowledge of the allegations contained in this Paragraph of the Amended Complaint and they are denied on that basis.

74.

Defendants admit that Georgia does not provide same-day registration for voters. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

75.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

76.

Defendants admit that African-American turnout was lower in 2014 and
2016 than it was in 2008 and 2012. Defendants further admit that African-
American voter turnout surged in 2018. Defendants are without knowledge of the
remaining allegations contained in this Paragraph of the Amended Complaint and
they are denied on that basis.

77.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

78.

Paragraph 78 contains legal conclusions to which no response is required.
Defendants admit that the statutory voter-list-maintenance process has been
implemented. Defendants deny the remaining allegations contained in this
Paragraph of Plaintiffs' Amended Complaint.

79.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

80.

Defendants admit they will continue to implement all laws related to
elections, including the statutory voter-list-maintenance process. Defendants deny
the remaining allegations contained in this Paragraph of Plaintiffs' Amended
Complaint.

81.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

82.

Defendants admit that a high number of new voter registrations were
submitted in 2018. Defendants deny the remaining allegations contained in this
Paragraph.

83.

The laws and the case cited by Plaintiffs in this Paragraph of the Amended
Complaint speak for themselves. Defendants deny the remaining allegations
contained in this Paragraph.

84.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

85.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint. Defendants further state that voter registrations that do not complete required database matching are not "rejected," but are placed into "pending" status and voters are still allowed to vote with proper identification.

86.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint. Defendants further state that voter registrations that do not complete required database matching are not "rejected," but are place into "pending" status and voters are still allowed to vote with proper identification.

87.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Plaintiffs' Amended Complaint and deny them on that basis.

88.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Plaintiffs' Amended Complaint and deny them on that basis.

89.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

90.

The laws and the case cited by Plaintiffs in this Paragraph of the Amended Complaint speak for themselves. Defendants deny that state employees enter names into any voter registration database. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Plaintiffs' Amended Complaint and deny them on that basis.

91.

Defendants admit that "approximately" 70% of the population of individuals with registration in pending status prior to the 2018 general election were black voters and that Georgia's population is "approximately" one-third black. Defendants deny that these individuals were prevented from voting and deny the

remaining allegations contained in this Paragraph of the Plaintiffs' Amended Complaint.

92.

Defendants admit that the number of provisional ballots cast in the 2018 general election was over 21,000. The case cited by Plaintiffs' speaks for itself. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

93.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

94.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

95.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

96.

Defendants are without sufficient knowledge as to what "many voters were told" and therefore deny the allegations contained in this Paragraph of Plaintiffs'

Amended Complaint. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

97.

Defendants are without sufficient knowledge as to the election systems of other states and therefore deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint that relate to them. Defendants deny the remaining allegations contained in the Amended Complaint.

98.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

99.

The case cited by Plaintiffs in this Paragraph speaks for itself. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

100.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

101.

Defendants fully support the fundamental right to vote. Defendants deny the allegations contained in this Paragraph of the Amended Complaint as pled.

102.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

103.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

104.

Defendants are without sufficient knowledge of the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

105.

Defendants are without knowledge of the statistical analyses cited by Plaintiffs, which are not attached as an exhibit, and deny the allegations in this Paragraph on that basis. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

106.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

107.

Paragraph 107 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

108.

The document cited by Plaintiffs in this Paragraph of the Amended Complaint speaks for itself and Defendants deny any of Plaintiffs' characterizations of that document. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

109.

Defendants are without sufficient knowledge of the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis. Defendants further state that decisions about polling places are made by local officials, not Defendants.

110.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

111.

Defendants admit that the Secretary of State maintains the voter-registration database based on data that is entered by county officials. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

112.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

113.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

114.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

115.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

116.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

117.

Upon information and belief, Tyra Bates submitted her voter registration online on October 22, 2018 at 9:25 PM, thirteen days after the October 9, 2018 registration deadline. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

118.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

119.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

120.

Paragraph 120 contains legal conclusions to which no response is required. Defendants are without sufficient knowledge as to the remaining allegations

contained in this Paragraph of the Amended Complaint and deny them on that basis.

### 121.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

### 122.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint as pled.

### 123.

Defendants admit that a polling place in Snellville had no power cords at the start of Election Day for the 2018 general election. Defendants are without sufficient knowledge as to the remaining allegations in this Paragraph of the Amended Complaint and deny them on that basis.

### 124.

Defendants admit that Fulton County initially brought the wrong number of DREs to Pittman Recreational Center. Defendants are without sufficient knowledge as to the allegations in this Paragraph of the Amended Complaint and deny them on that basis.

125.

Defendants are without sufficient knowledge as to the allegations in this Paragraph of the Amended Complaint related to an unidentified polling place and deny them on that basis.

126.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

127.

Paragraph 127 contains legal conclusions to which no response is required. Defendants admit that provisional ballots are used when elections officials cannot determine whether a voter is eligible to vote. Defendants are without sufficient knowledge as to the remaining allegations in this Paragraph of the Amended Complaint and deny them on that basis. Defendants further state that decisions about allocation of provisional ballots to polling places are made by local officials and that the printing of those ballots is conducted by local officials, not Defendants.

128.

Defendants deny the allegations in this Paragraph of the Amended Complaint.

129.

Defendants deny the allegations in this Paragraph of the Amended Complaint.

130.

Defendants admit that some voters had to wait in line to vote in the 2018 general election. Defendants deny the remaining allegations in this Paragraph of the Amended Complaint.

131.

Defendants deny the allegations in this Paragraph of the Amended Complaint as pled.

132.

The statutes cited by Plaintiffs in this Paragraph of the Amended Complaint speak for themselves. Defendants deny the remaining allegations contained in this Paragraph.

133.

Defendants deny the allegations in this Paragraph of the Amended Complaint.

134.

The statute cited by Plaintiffs speaks for itself. Defendants are without
sufficient knowledge as to the remaining allegations contained in this Paragraph of
the Amended Complaint related to an unnamed precinct and deny them on that
basis.

135.

Defendants are without sufficient knowledge as to the allegations contained
in this Paragraph of the Amended Complaint and deny them on that basis. The case
cited by this Paragraph speaks for itself and does not require a response.

136.

The statute cited by Plaintiffs speaks for itself. Defendants are without
sufficient knowledge as to the remaining allegations contained in this Paragraph of
the Amended Complaint and deny them on that basis.

137.

Defendants are without sufficient knowledge as to the allegations contained
in this Paragraph of the Amended Complaint and deny them on that basis.

138.

Defendants deny the allegations in this Paragraph of the Amended
Complaint.

139.

Defendants deny the allegations in this Paragraph of the Amended Complaint.

140.

Paragraph 140 contains legal conclusions to which no response is required. The statute cited by Plaintiffs speaks for itself. Defendants deny the remaining allegations of this Paragraph of the Amended Complaint.

141.

Defendants admit that approximately 289,839 voters submitted absentee-ballot applications for the 2018 general election. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

142.

The case cited by Plaintiffs speaks for itself. Defendants admit that Dougherty County had challenges processing ballots due to a hurricane and admit that Dougherty County is majority-African-American, but deny the remaining allegations contained in this Paragraph of the Amended Complaint.

143.

The statute cited by Plaintiffs speaks for itself. Defendants are without

sufficient knowledge as to the remaining allegations contained in this Paragraph of

the Amended Complaint and deny them on that basis.

144.

Defendants are without sufficient knowledge as to the allegations contained

in this Paragraph of the Amended Complaint and deny them on that basis.

145.

Defendants admit that the Secretary of State issued an Election Bulletin

regarding the processing of absentee ballots during the 2018 general election and

that the bulletin referenced an opinion from the Attorney General. Defendants deny

the remaining allegations contained in this Paragraph of the Amended Complaint.

146.

The cases cited by Plaintiffs in this Paragraph speak for themselves.

Defendants deny the remaining allegations contained in this Paragraph.

147.

The statute cited by Plaintiffs in this Paragraph speaks for itself. Defendants

admit that voters can check the status of their absentee ballots on the My Voter

Page if local officials had inputted the status of that ballot. Defendants are without

sufficient knowledge as to the remaining allegations contained in this Paragraph of the Amended Complaint and deny them on that basis. Defendants further state that this statute has been amended by H.B. 316.

148.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

149.

The statute cited by Plaintiffs in this Paragraph speaks for itself. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

150.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis. Defendants further deny the allegations contained in this Paragraph of the Amended Complaint as pled.

151.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

Defendants further deny the allegations contained in this Paragraph of the Amended Complaint as pled.

152.

The court case cited by Plaintiffs in this Paragraph of the Amended Complaint speaks for itself related to the relief granted due to the impact of a hurricane. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Amended Complaint and deny them on that basis. Defendants further deny the allegations contained in this Amended Complaint as pled.

153.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis. Defendants further deny the allegations contained in this Amended Complaint as pled.

154.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

155.

Defendants admit that voters cast absentee ballots. Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.

156.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

157.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

## RESPONSE TO CLAIMS FOR RELIEF

### Count I

158.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

159.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

160.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

161.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

162.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

163.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

164.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

165.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

166.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

167.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

168.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

**Count II**

169.

Defendants incorporate by reference and reallege their responses to
Plaintiffs' preceding allegations as if fully restated herein.

170.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

171.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

172.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

173.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

174.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

175.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

176.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

177.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

178.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

179.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

180.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

181.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint

**Count III**

182.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

183.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

184.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

185.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

186.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

187.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

188.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

189.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

190.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

191.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

192.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

193.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

194.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

195.

This Paragraph of Plaintiffs' Amended Complaint contains a legal
conclusion that does not require a response. Defendants deny the remaining
allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

196.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

197.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

198.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

199.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

200.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

**Count IV**

201.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

202.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

203.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

204.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

205.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

206.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

207.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

208.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

## Count V

209.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

210.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

211.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

212.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

213.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

214.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

215.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

216.

Defendants admit the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint.

217.

The cases cited in this Paragraph of the Amended Complaint speak for
themselves. Defendants deny the remaining allegations in this Paragraph as pled.

218.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Amended Complaint as stated but further states that a variety of governmental
entities in Georgia received preclearance objection letters from 1965 to 2013.

219.

The document cited by Plaintiffs in this Paragraph of the Amended Complaint speaks for itself. Defendants deny the remaining allegations in this Paragraph.

220.

The cases cited in this Paragraph of the Amended Complaint speak for themselves. Defendants deny the remaining allegations in this Paragraph.

221.

The data cited in this Paragraph of the Amended Complaint speaks for itself. Defendants object to Plaintiffs' characterization of that data deny the remaining allegations of Paragraph 221 on that basis.

222.

Defendants admit that Georgia has a history of discrimination but deny the remaining allegations contained in this Paragraph of the Amended Complaint.

223.

Defendants admit that racial appeals have been used by some campaigns in the past, but deny the remaining allegations contained in this Paragraph of the Amended Complaint.

224.

Defendants admit that one county commissioner made the statements contained in Paragraph 224 but are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

225.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

226.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

227.

Defendants admit that Georgia has a history of discrimination. Defendants deny that that every statewide elected official in Georgia is white. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Amended Complaint and deny them on that basis.

228.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

229.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

230.

Defendants deny the allegations contained in this Paragraph of the Amended Complaint.

**Count VI**

231.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

232.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

233.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

234.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

235.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

236.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

237.

This Paragraph of Plaintiffs' Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

238.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

239.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

240.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief they seek.

Defendants deny every allegation not specifically admitted herein.

Respectfully submitted this 13th day of June, 2019.

STATE LAW DEPARTMENT

Christopher M. Carr
        Attorney General
        GA Bar No. 112505
Annette M. Cowart
        Deputy Attorney General
        GA Bar No. 191199
Russell D. Willard

Senior Assistant Attorney General
GA Bar No. 760280
40 Capitol Square, S.W.
Atlanta, Georgia 30334

ROBBINS ROSS ALLOY BELINFANTE
LITTLEFIELD LLC

Josh B. Belinfante
        GA Bar No. 047399
Vincent R. Russo
        GA Bar No. 242648
Brian E. Lake
        GA Bar No. 575966
Carey A. Miller
        GA Bar No. 976420
Kimberly K. Anderson
        GA Bar No. 602807
500 14th Street NW
Atlanta, GA 30318
Telephone:   (678) 701-9381
Facsimile:   (404) 856-3250
jbelinfante@robbinsfirm.com
vrusso@robbinsfirm.com
blake@robbinsfirm.com
cmiller@robbinsfirm.com

TAYLOR ENGLISH DUMA LLP

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
        GA Bar No. 515411
Bryan F. Jacoutot
        GA Bar No. 668272
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678.336.7249

btyson@taylorenglish.com
bjacoutot@taylorenglish.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This certifies that I have this date electronically filed the foregoing

**ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND**

**INJUNCTIVE RELIEF** with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the attorneys of record

listed on the case.

This 13th day of June, 2019.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
GA Bar No. 515411