# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**FAIR FIGHT ACTION, INC.,** *et al.*,

  Plaintiffs,

v.

**BRAD RAFFENSPERGER,** *et al.*,

  Defendants.

CIVIL ACTION FILE

NO. 1:18-CV-5391-SCJ

## ORDER

Having read and considered Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. [159]) concerning an "anticipated purge of voter rolls today" (Doc. No. [159]) and held a hearing on the same, the Court **DECLINES** to grant an *emergency* temporary restraining order on the ground that Plaintiffs have not sufficiently established the requisite factor of irreparable injury, as it appears that any voter registration cancellations can be undone at a later date.[1]  The Court's ruling is based largely

---

[1] See Long v. Sec'y, Dep't of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019) ("A federal court

on Defense Counsel's statement (at today's hearing) that any voter registration that is canceled today can be restored within twenty-four to forty-eight hours.[2]

A hearing on Plaintiffs' Motion for Preliminary Injunction (Doc. No. [159]) will be held on **THURSDAY, DECEMBER 19, 2019 at 2:00 P.M.** The following expedited briefing schedule shall govern. Defendants shall file a response brief by **5 P.M., DECEMBER 17, 2019**.

**IT IS SO ORDERED** this 16th day of December, 2019.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

may grant a temporary restraining order . . . only if the movant establishes that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest."); see also Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (indicating that injunctive relief is an extraordinary and drastic remedy and should not be granted unless the movant clearly establishes the burden of persuasion as to each of these four factors) and Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies.").

[2] While not in affidavit form, the Court considered Defense Counsel's statements (for purposes of the pending emergency motion only) in light of counsel's role as an officer of the court, with a duty of candor. Cf. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1546 (11th Cir. 1993) ("All attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice.").