# LAWRENCE & BUNDY LLC

1180 West Peachtree Street, Suite 1650     8115 Maple Lawn Blvd., Suite 350
Atlanta, Georgia 30309     Fulton, Maryland 20759
(404) 400-3350     (240) 786-4998

**Leslie J. Bryan**
**Direct Line: (404) 400-3338**
leslie.bryan@lawrencebundy.com

December 17, 2019

**VIA EMAIL TO PAMELA_WRIGHT@GAND.USCOURTS.GOV**

The Honorable Steve C. Jones
United States District Judge
1967 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta. Georgia 30303-3309

    Re: *Fair Fight Action v. Raffensberger*, Civil Action No.: 1:18-CV-05391 SCJ
    United States District Court, Northern District of Georgia

Dear Judge Jones:

    We write to address Defendants' persistent failures to comply with their document discovery obligations—despite this Court's intervention. We raised these issues with the Court at the November 20, 2019 conference. We also wrote to Defendants' counsel on December 11, 2019, previewing our intention to raise these issues with the Court. To date, we have not received a substantive response.

1. **Failure to Identify and Search Custodians**

    At the conference, Plaintiffs raised Defendants' failure to conduct proper custodial searches for documents responsive to Plaintiffs' Requests for Production. That failure continues. While Defendants have now provided some documents for three additional custodians,[1] gaping omissions remain.

    Of course, it is not Plaintiffs' burden to identify every custodian whose documents should be searched. *See, e.g., Bad Moms, LLC v. STX Fin., LLC*, No. 17-cv-62510, 2018 WL 4184535, at *4-5 (S.D. Fla. Aug. 31, 2018); *see also* The Sedona Conference, *The Sedona Principles*, 3d ed. 19 Sedona Conf. J. 1, 124 (2018). Plaintiffs have—for months—been requesting that Defendants fulfill their obligation to conduct a diligent search for responsive documents from *all* custodians with such documents. Yet, Defendants have not, for example, conducted custodian searches for documents from the Secretary of State's training director, Deputy Secretaries of State, or designated personnel who act as liaisons with county election officials. During depositions, Secretary of State ("SOS") personnel

---

[1] Initially, Defendants conducted searches only of custodians Kemp, Raffensperger, and Harvey. They have now added, apparently, Ryan Germany, Kevin Rayburn, and Michael Barnes.

Letter to Honorable Steve C. Jones
December 17, 2019
Page 2

identified those individuals as likely to have had contact with and provided guidance to local election officials. *See, e.g.*, Rayburn, 12/6/2019 Dep. 30:5-10.

### 2. Failure to Produce Specific Documents Requested and Privilege Log

In addition to this fundamental failure, Defendants have failed to produce specifically identified documents requested by Plaintiffs. A particularly telling example is that despite the Court's November 21, 2019 Order requiring them to produce (by November 27) "voter complaints received for the years 2015, 2016, and 2017," Defendants have not produced complaints earlier than 2018. *See* Nov. 21, 2019 Order, ECF No. 146, at 3. This Request (No. 12 from Plaintiffs' First RFP) seeks documents concerning any election-related complaint received by the Secretary of State since 2012 and related investigations of such complaints. Defendants produced only certain complaints emailed in 2018 but have produced no investigatory documents related to the complaints.[2] The universe of unproduced complaints includes not only complaints that the SOS received prior to 2018, but also complaints the SOS received through its call center, complaints the SOS received through its voter fraud website, and complaints the SOS liaison personnel received directly from the counties. And, that is just one of many examples, all outlined in Plaintiffs' December 11, 2019 letter to defense counsel, that Plaintiffs can provide.

Additionally, the parties were to have exchanged privilege logs on November 12, 2019. Defendants, initially, claimed technical difficulties in producing their log—and Plaintiffs did not complain—but now, over a month later, Plaintiffs have not received a privilege log.

### 3. Expert Access to Curling Data

One of Plaintiffs' experts, Dr. Alex Halderman, is also an expert in the *Curling* case pending before Judge Totenberg. Plaintiffs have asked that Dr. Halderman simply be able to rely on the *Curling* data (which is subject to a Protective Order) for his opinions in this case. Defendants, unreasonably, have withheld agreement.

\* \* \* \* \*

Plaintiffs respectfully request that the Court order that (1) Defendants identify to Plaintiffs, and apply the parties' agreed-upon search terms (from Plaintiffs' August 30, 2019 letter) to documents held by, any and all of the custodians who are likely to possess documents responsive to any of Plaintiffs' requests; and (2) Defendants produce the specifically identified documents requested in Plaintiffs' December 11, 2019 letter. To avoid continued delays and allow for meaningful relief to be granted prior to the November 2020 elections, Defendants should be required to meet these obligations by a date no later than January 1, 2020.

---

[2] Defendants produced some investigation reports that were included in packages for the State Election Board members in advance of Board meetings but those reports typically relate to complaints made years ago.

Very truly yours,

*[signature]*

Leslie J. Bryan

cc: Ashley.heard@gand.uscourts.gov (via email)
Josh Belinfante, Esq. (via email)
Brian E. Lake, Esq. (via email)
Carey A. Miller, Esq. (via email)
Vincent R. Russo, Jr., Esq. (via email)
Bryan P. Tyson, Esq. (via email)
Bryan Jacoutot, Esq. (via email)
Allegra Lawrence-Hardy (via email)
Maia Cogen, Esq. (via email)
Suzanne Williams, Esq. (via email)
Dara Lindenbaum, Esq. (via email)
Elizabeth Tanis, Esq. (via email)
John Chandler, Esq. (via email)
Kurt G. Kastorf, Esq. (via email)
Matthew G. Kaiser, Esq. (via email)
Sarah Fink, Esq. (via email)
Scott S. Bernstein, Esq. (via email)
Norman Anderson, Esq. (via email)
Andrew D. Herman, Esq. (via email)
Nina Gupta, Esq. (via email)
Kali Bracey, Esq. (via email)
Jeremy H. Ershow, Esq. (via email)
Von DuBose, Esq. (via email)