IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FAIR FIGHT ACTION, INC.,** *et al.*, | |
|    Plaintiffs, | CIVIL ACTION FILE |
| v. | NO. 1:18-CV-5391-SCJ |
| **BRAD RAFFENSPERGER,** *et al.*, | |
|    Defendants. | |

## ORDER

This matter appears before the Court on the parties' discovery dispute as presented by their December 17 and 18, 2019 letters to the Court. Pursuant to the Court's informal discovery dispute resolution procedures (Doc. No. [34]), the Court held a telephone conference call on December 23, 2019.

During this conference call, the parties indicated that they had conferred and reached an agreement on a majority of the issues that were originally presented in their correspondence.

Also during the conference call, the Court provided a goal date of **January 17, 2020** as a date for completion of document production by

Defendants.  The parties may revisit this issue with the Court if there are any issues.

The only remaining issue is whether Plaintiffs' expert, Dr. Alex Halderman, may be permitted to rely on data produced in a different case (i.e., Curling v. Raffensperger, No. 1:17-CV-2989-AT (N.D. Ga. filed Aug. 8, 2017) to provide his opinions in the case *sub judice*.  The data is subject to a protective order issued by United States District Judge, Amy Totenberg.  Defendants raise a number of arguments in objection to Plaintiffs' request.  For instance, Defendants argue that the discovery at issue is "disputed" and concerns "outdated voting technology produced in another lawsuit." Defendants also argue that the delayed attempt to "rely on disputed discovery in another case prevents Defendants from making objections that they are entitled to under the Federal Rules of Civil Procedure."  The Court deferred ruling in the context of the conference call in order to review Dr. Halderman's opinions.  The parties thereafter submitted publicly-available documents from the Curling case for the Court's review.  Having conducted said review, the Court **DENIES** Plaintiffs' request on the ground of relevancy.  See generally Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is

relevant[1] to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.").[2]

In conclusion, the parties' discovery disputes are resolved in accordance with the rulings herein.

**IT IS SO ORDERED** this 27th day of December, 2019.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[1] Evidence is "relevant" only if it is "of consequence in determining the action." Fed. R. Evid. 401(b). After review of Defendants' arguments and the submitted materials, the Court is unable to conclude that Plaintiffs have sufficiently established that the data at issue will be of consequence in determining this case.

[2] The Court is also concerned that the information at issue is subject to a protective order issued by another judge; however, there is no indication that the other judge has modified her order to permit data sharing for the case *sub judice*.

3