IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official Capacity as Secretary of State of Georgia, *et al.*,<br><br>    Defendants. | Civil Action File<br><br>No. 1:18-cv-05391-SCJ |

**DEFENDANTS' RESPONSE TO**
**THE COURT'S JANUARY 9, 2020 ORDER ON DISCOVERY**

On January 9, 2020, the Court issued an Order asking the parties to respond to provide a "status update as to the following:

1. Whether the January 17, 2020 production goal will be met;

2. The status of the expert discovery efforts; and

3. Any additional information that needs to be brought to the Court's attention concerning a new scheduling order."

(Doc. 194.)  Defendants respond to the January Order below.

1. **The January 17, 2020 Production Goal**.

To date, Defendants have produced 1,560,675 pages of documents to Plaintiffs, including thousands of pages that were provided earlier this week in response to requests about training materials (including training materials that were not presented publicly until after the close of fact discovery in November 2019 and training documents which were located in an archives folder). In an effort to expedite discovery and comply with Plaintiffs' evolving requests, Defendants immediately produced to Plaintiffs all training materials located on this archive folder and additional materials created after the close of discovery.[1] Defendants will not, however, be able to complete the latest round of production before tomorrow.

Defendants received the new search terms (for the Fourth Requests to Produce) on January 6, 2020. After our December 23, 2019 Discovery Conference with the Court, the Secretary began gathering all documents from archive folders and email servers to execute search terms. Defense counsel received data from the Secretary's Office, and Defendants' third-party vendor uploaded and formatted the files to be searchable. Due to the large size of the data, and the intervening

---

[1] Defendants have recently discovered that there are documents outside of the scope of discovery (e.g., from before the time requested). Defendants can either claw back the documents and cull them down or leave them with Plaintiffs.

holidays, uploading these documents to Defendants' third-party vendor took several days to process.

An initial batch of data was provided shortly after the New Year. The total size of these files when published and available to execute search terms was 49.8 GB.[2] Plaintiffs' search terms were processed on these files beginning January 6, 2020 and applied to newly identified custodians. Additionally, in an effort to expedite production, Defense counsel also provisionally flagged documents for privilege (e.g. by identifying email addresses of inside and outside counsel in only the "to" and "from" fields). Thus, 36.1 GB of data remains—files containing search terms and not initially flagged as potentially privileged. Defendants have commenced reviewing those documents first and are providing them to the Plaintiffs on a rolling basis. Defendants anticipate producing a first batch of these documents to Plaintiffs tomorrow, January 17.

Defendants note that the production is quite large for several reasons. First, without rehashing the parties' disagreement as to why, the number of custodians has almost quadrupled. Second, the search terms are quite broad. For example, one search term, ((select* OR vot* OR elect* OR ballot) /10 (proper* OR qualif*

---

[2] Additionally, a second batch of data is currently being processed. This batch is approximately 32.2 GB in size and Defendants anticipate having search terms executed on those documents by tomorrow, January 17, 2020. Defense counsel will then begin reviewing and producing these documents with the same process outlined here for the first batch.

OR count* OR primar* OR elect* OR general), would pull documents that had the word "**vote**" within ten words of the word "**primary**."  Understandably, this produced a tremendous number of documents (here, 156,826 from the first batch of data when family documents are included), many of which are likely irrelevant to the issues in this lawsuit.  Similarly, a search for the Fourth Request for Production used the search term (active OR inactive OR cancel*).  Thus, any email from any custodian with the word "**active**" will be pulled, regardless of whether the email addressed voting or elections generally.  This search resulted in 31,076 hits, including family documents, on the first batch of data.

Defendants believe that, barring additional requests or limitations from Plaintiffs, the remaining production can be complete by February 28, 2020.

**2.**     **The Status of Expert Discovery Efforts**.

*Plaintiffs' Proffered Experts*:

Defendants have already taken the depositions of Dr. Brown-Dean, Dr. Minnitie, and Dr. Jones.  Defendants are planning to take the deposition of Mr. Kennedy in February, and Dr. Smith on January 28, 2020.  The parties are working on a date for Dr. Graves's deposition.

Defendants have not received reports from the following individuals identified by the Plaintiffs: Dr. Herron, Mr. Lenser, Dr. Mayer, Dr. McCrary, or

-4-

Dr. McDonald. And, Defendants do not know if the Plaintiffs plan to file rebuttal reports.

*Defendants' Experts*:

Defendants have filed the expert report of Mr. Trende. Dr. Brunell's report will be filed on or before the deadline of February 3 (30 days after receiving Dr. Smith's data). Defendants do not intend to have rebuttal experts for Drs. Brown-Dean, Minnitie, and Jones.

### 3. Any Additional Information Concerning A New Scheduling Order.

Defendants plan to file motions for summary judgment and motions under Federal Rule of Evidence 702 to exclude proffered experts' testimony. Defendants also note that Plaintiffs continue to produce previously unidentified individuals who allegedly had challenges voting during the 2018 election. Defendants would like the Court's guidance on any time limitation the Plaintiffs may have to identify such individuals to the Defendants.

*(Signatures on the following page)*

Respectfully submitted this 16th day of January, 2019.

**Robbin Ross Alloy Belinfante Littlefield LLC**

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Carey Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Brian Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250

**Taylor English Duma LLP**

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339

-7-

678-336-7249

**State Law Department**

Christopher M. Carr
Attorney General
GA Bar No. 112505
Annette M. Cowart
Deputy Attorney General
GA Bar No. 191199
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing **DEFENDANTS' RESPONSE TO THE COURT'S JANUARY 9, 2020 ORDER ON DISCOVERY** was prepared double-spaced in 14-point Times New Roman pursuant to Local Rule 5.1(C).

                                        */s/ Josh Belinfante*
                                        Josh Belinfante
                                        Georgia Bar No. 047399

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **DEFENDANTS' RESPONSE TO THE COURT'S JANUARY 9, 2020 ORDER ON DISCOVERY** by using the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

This 16th day of January, 2019.

*/s/ Josh Belinfante*
Josh Belinfante