IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, *et al.*,<br><br>    Defendants. | Civil Action File<br><br>No. 1:18-cv-05391-SCJ |

**DEFENDANTS' LIMITED RESPONSE TO
PLAINTIFFS' "SUPPLEMENTAL STATUS UPDATE" [Doc. 198]**

This Court asked for an update on the status of a document production. [Doc. 194]. Plaintiffs have misused the opportunity to re-argue their complaints about the discovery process. Plaintiffs' objections are not properly before this Court, and the Court should disregard them at this time. Defendants do not intend to belabor the point regarding Plaintiffs' newly identified custodians and search terms (provided by Plaintiffs *after* the first Rule 30(b)(6) deposition of the Secretary of State's office). But, when Plaintiffs filed their reply, [Doc. 198], without first consulting Defendants, this very limited response became necessary.

With the most recent filing, Plaintiffs make clear that their case has fallen quite short of their rhetoric.  Recognizing this, Plaintiffs have shifted their focus to obscure complaints about metadata, custodians, and, most recently, an over-inclusive production of documents related to training of local superintendents.  It is important to recall that Defendants objected to Plaintiffs' initial requests for the production of documents—in fact, many of Plaintiffs' requests encompassed the entirety of the Elections Division's operations.  As to the search terms and new custodians, Defendants made this Court aware of the vast amount of data those terms were applied to, [Doc. 196], and have now determined that the broad terms eliminated significantly less than half of all custodian emails from 2016 to present.[1]

Regarding Defendants' recent production of training materials, the Parties had several discussions about what exactly it was that Plaintiffs wanted, but unfortunately those discussions often provided very little clarity to Defendants.  With the benefit of the most recent conversations, Defendants provided an entire file set, and Plaintiffs now complain that *too many* documents were produced.  [Doc. 198].  The State Defendants provided that

---

[1] The search of "((select* OR vot*OR elect* OR ballot) w/10 (proper* OR qualif* OR count* OR primar* OR elect* OR general))" alone hit on over half of the total documents searched.

file set in a good faith attempt to produce information quickly. Yesterday, Defendants informed Plaintiffs that the most recent training document production contained a substantial number of documents located in an archive folder that is not accessed in the normal course of business.[2] Defendants also informed Plaintiffs that the State decided to forego an extensive review so that Plaintiffs would have the documents sooner, in an effort to move discovery forward. Recognizing Plaintiffs' concerns regarding the large production, Defendants consented to postponing the deposition of Plaintiffs' relevant expert and offered to claw back the production and limit the training documents for those within the relevant time period (2016 to present).[3] Yet, **instead of communicating with Defendants, Plaintiffs filed a pleading with the Court**. Worse yet, the Plaintiffs' filing [Doc. 198] does not inform the Court of the full nature of the production. Defendants felt compelled to provide this response to make sure that the context of the most recent production was in the record.

---

[2] A true and accurate copy of Defendants' email to counsel is attached as **Exhibit A**.

[3] Defendants also offered to otherwise identify these pre-2016 documents and leave them with Plaintiffs. Defendants have yet to receive a response from Plaintiffs' counsel.

Defendants do not intend to file another reply or response with the Court on this issue.

Respectfully submitted this 17th day of January, 2020.

**Robbin Ross Alloy Belinfante Littlefield LLC**

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Carey Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Brian Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250

**Taylor English Duma LLP**

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com

Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
678-336-7249

**State Law Department**

Christopher M. Carr
Attorney General
GA Bar No. 112505
Annette M. Cowart
Deputy Attorney General
GA Bar No. 191199
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*Attorneys for Defendants*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing **DEFENDANTS' LIMITED RESPONSE TO PLAINTIFFS' "SUPPLEMENTAL STATUS UPDATE" [Doc. 198]** was prepared double-spaced in 13-point Century Schoolbook font pursuant to Local Rule 5.1(C).

                                             */s/ Josh Belinfante*
                                             Josh Belinfante
                                             Georgia Bar No. 047399

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **DEFENDANTS' LIMITED RESPONSE TO PLAINTIFFS' "SUPPLEMENTAL STATUS UPDATE" [Doc. 198]** by using the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

This 17th day of January, 2020.

> */s/ Josh Belinfante*
> Josh Belinfante