## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al*., <br><br>      Plaintiffs <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official Capacity as Secretary of State of Georgia; *et al*., <br><br>      Defendants. | Civil Action File <br><br> No. 1:18-cv-05391-SCJ |

## DEFENDANTS' STATUS REPORT REGARDING DISCOVERY

Defendants Secretary Raffensperger, the State Election Board, and

State Election Board Members Seth Harp, Rebecca Sullivan, and David

Worley submit this report to the Court, in accordance with the Court's

January 30, 2020, Order requiring weekly status reports.

**I.**     **Defendants' ongoing document review and Plaintiffs' failure to identify declarants.**

Since the January 30, 2020, Discovery Hearing before the Court,

Defendants have continued their ongoing review of documents responsive to

Plaintiffs' discovery requests and search terms.  As the Court is aware,

Plaintiffs' search terms produced a large number of documents when applied

to the custodians identified by Plaintiffs, and Defendants have engaged

twenty-four additional attorneys to expedite this review.  Defendants believe

we are still on track to complete productions, on a rolling basis, by

February 28, 2020.

  A. <u>Defendants' recent productions.</u>

  Shortly before the January 30, 2020 Hearing, Defendants provided

Productions 25, 26, and 27 to Plaintiffs' counsel.  Additionally, Defendants

provided Production 28 to Plaintiffs' counsel on January 31, 2020.[1]

A description of these productions and corresponding Bates Numbers are

provided below.

- **Production 25 (Corrected):** This was a correction to
  Defendants' January 14, 2020 Production.  These documents
  were located on the internal servers of the Secretary's Office and
  identified as training materials.  This production replaces
  Defendants' original Production 25 in its entirety and contains

---

[1] Plaintiffs encountered difficulty downloading Productions 25 and 26 when
sent by electronic means. Presumably the sheer size of the documents was at
least partly to blame. Accordingly, those Productions were provided again via
a hard drive shipped through FedEx to Plaintiffs' Discovery Vendor.
Consistent with discussions with Plaintiffs' counsel, Defendants plan to
provide future productions in a similar manner.

documents Bates Numbered: STATE-DEFENDANTS-00095637–STATE-DEFENDANTS-00147037.

- **Production 26 (Correction):** This was a correction to Defendants' January 17, 2020 Production.  These documents are responsive to Plaintiffs' search terms and were re-produced to align Bates Numbers with Defendants' Production 25 (Corrected). This production replaced Defendants' original Production 26 and contains documents Bates Numbered STATE-DEFENDANTS-00147038–STATE-DEFENDANTS-00154045.

- **Production 27:** This production is a new production that contains certain voter lists first requested by Plaintiffs in a January 17, 2020 email. Specifically, these documents are spreadsheets of the Active and Pending Voter Lists in each of Georgia's 159 counties. These documents are Bates Numbered STATE-DEFENDANTS-00147038–STATE-DEFENDANTS-00154204.

- **Production 28:** This production is a new production of documents responsive to Plaintiffs' search terms and also contains an additional document responsive to Plaintiffs'

January 17, 2020 email request.[2]  These documents are Bates

Numbered STATE-DEFENDANTS-00154205–STATE-

DEFENDANTS-00234914.

B.    Defendants' forthcoming productions.

Defendants anticipate providing another production of documents

responsive to Plaintiffs' search terms as soon as this afternoon.  Consistent

with Defendants' representation to the Court at the January 30, 2020

Hearing, Defendants will continue making rolling productions until all

documents captured by Plaintiffs' search terms have been reviewed.

Defendants will also be providing additional "complaint account" documents

identified after resolving the previous indexing issue.  Finally, Defendants

have endeavored to resolve Plaintiffs' metadata issues in these and future

productions.

C.    Plaintiffs' failure to identify declarants.

Early in this case, Defendants requested—via interrogatories and

requests for production of documents—Plaintiffs identify all individuals

supporting their claims of voter disenfranchisement or suppression.

Defendants further informed Plaintiffs of their intent to depose any such

---

[2] This document is separately identified as Production 28 (Supplemental).

individuals.  In light of this intention, the parties agreed that Plaintiffs'

counsel would take the lead on contacting individuals and organizing/hosting

these depositions rather than Defendants issuing subpoenas.  Unfortunately,

Plaintiffs' list of declarants continues to expand and scheduling of depositions

has slowed as of late.

On July 11, 2019, Plaintiffs represented that they possessed, and had

produced to Defendants, approximately 200 declarations (or affidavits)

claiming voter disenfranchisement.[3]  And Plaintiffs disclosed approximately

259 declarants in their initial disclosures and supplemental initial

disclosures.  Since that time, however, Plaintiffs have continued to produce

additional declarations, providing them on October 18, 2019, November 7,

2019, November 13, 2019, November 15, 2019, November 19, 2019, November

26, 2019, December 5, 2019, and, most recently, on January 21, 2020.

Defendants believe they have received approximately 316 declarations at this

point.  However, that number is difficult to quantify since there are multiple

instances of duplicate declarations and because of the ongoing identification

and production of those declarations.

---

[3] *See* Transcript of July 11, 2019, Motions Hearing, Tr. 32:16–21.

Nonetheless, in an effort to expedite discovery, on December 3, 2019,[4] Defendants identified 75 individuals (whose declarations Defendants had received and who had not yet been deposed) that Defendants wished to prioritize for deposition scheduling, without waiving the ability to depose others.  And, as of today, Defendants have conducted depositions of 103 declarants.  Scheduling of these depositions seems to have ground to a halt since Defendants' priority identification.[5]  A total of 32 declarants have been scheduled for depositions since Defendants' Letter was sent to Plaintiffs' counsel, 18 of whom were priority declarants.  However, only 24 of those 32 declarants were actually deposed, due in large part to declarants simply not appearing for their scheduled depositions, and of the 24 declarants whose depositions were taken 14 were identified as priorities.

Because of the continued expansion of Plaintiffs' identified declarants, it is apparent that Plaintiffs have either not yet located the declarations of individuals that ostensibly motivated this case or are continuing to elicit new declarations more than a year after the 2018 election.  Regardless, the continued production of new declarations must be brought to an end in order

---

[4] A true and accurate copy of this Letter is attached as **Exhibit 1**.

[5] Yesterday, February 6, 2020, Defendants received an email from Plaintiffs' counsel seeking to schedule two additional declarant depositions—one of whom was identified as a priority by Defendants.

for Defendants to be prepared for trial.  Accordingly, as this Court considers discovery issues, it should limit the voter testimony Plaintiffs may rely upon to those voters whose declarations have been produced as of today and further require the Plaintiffs to produce a final list identifying all such declarants.[6]

## II.   Status of Expert Discovery

Since the January 30, 2020 Hearing, Defendants have filed one expert report and the parties have agreed to deposition dates for several of Plaintiffs' experts.

### A.   Defendants' Experts

On February 3, 2020, Defendants filed the report of Dr. Brunell responding to Dr. Smith's report on the voter-registration database. [Doc. 211].  There are currently no other pending reports from Defendants. After Plaintiffs file additional expert reports, Defendants will notify the Court and Plaintiffs about any additional responsive reports.

---

[6] Plaintiffs produced a summary list of declarants on or about August 22, 2019, and subsequently produced updated versions of that document on September 15 and September 26, 2019. However, Defendants are aware of approximately 38 additional declarations produced since that time.

B.    Plaintiffs' Experts

Defendants have **not received reports** from the following experts
identified by Plaintiffs:

- Dr. Alex Halderman;

- Dr. Michael Herron;

- Mr. John Lesner;

- Dr. Kenneth Mayer;

- Dr. Peyton McCrary; and

- Dr. Michael McDonald.

As was represented to the Court on January 30, 2020, Defendants have now
deposed four of Plaintiffs' twelve identified experts: Drs. Brown-Dean, Jones,
Minnite, and Smith. *See* [Doc. 218-1].

With the understanding that relevant expert reports will be filed by
February 17, 2020, the parties have scheduled the following expert
depositions:

- Dr. Halderman in Michigan on February 25; and

- Dr. Graves in Boston, Massachusetts on February 25.

Plaintiffs have also proposed dates for the following experts and Defendants
are working to confirm counsel's availability and logistics:

- Dr. Herron in New York City, New York on February 26, 2020;

- Dr. McDonald in Atlanta on February 28, 2020; and

- Dr. Mayer in Madison Wisconsin on February 24, 26, or 28, 2020.

Respectfully submitted this 7th day of February, 2020.

*/s/Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
**Robbins Ross Alloy Belinfante Littlefield LLC**
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle - Suite 200

Atlanta, Georgia 30339
Telephone:          (678) 336-7249

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Annette M. Cowart
Deputy Attorney General
Georgia Bar No. 191199
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*Attorneys for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing

DEFENDANTS' STATUS REPORT REGARDING DISCOVERY was

prepared double-spaced in 13-point Century Schoolbook font, approved by the

Court in Local Rule 5.1(C).


*/s/Josh Belinfante*
Josh Belinfante