IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FAIR FIGHT ACTION, INC.,** *et al.*,

  Plaintiffs,

v.

**BRAD RAFFENSPERGER,** *et al.*,

  Defendants.

CIVIL ACTION FILE

NO. 1:18-CV-5391-SCJ

## ORDER

On February 10, 2020, this Court entered an order directing Defendants to "define the group of persons (i.e., current and former employees since 2016) who are authorized to make privileged communications on behalf of the Elections Division of the Georgia Secretary of State's Office." Doc. No. [226], pp. 1–2. This was done in anticipation of Defendants' forthcoming privilege log. Defendants timely responded on February 14, 2020. See Doc. No. [235]. However, it appears the Court's order requires clarification.

Defendants stated that "any employee or agent of the Secretary's Office may have privileged conversations with counsel." Doc. No. [235], p. 3. The

1

Court recognizes that this is true, depending on the content of the communication. The Court's order, however, was intended to elicit a list of those *counselors* Defendants believe are entitled to make privileged communications. It is not the case that any employee with a juris doctor is an entity's counsel for purposes of attorney-client privilege. Otherwise, "[c]oncern has been expressed . . . that the privilege would afford organizations 'zones of silence' that would be free of evidentiary scrutiny." Restatement (Third) of the Law Governing Lawyers § 73 (2000).

Thus, as the Third Restatement notes, "[t]he first [pivotal question] is defining the group of persons who can make privileged communications on behalf of an organization." Id.

> Not privileged are communications with a person who is a lawyer but who performs a predominantly business function within an organization, for example as a director or nonlegal officer of a corporation. When a person in such a role performs legal services for the client organization, the privilege applies. Whether a purpose is significantly that of obtaining legal assistance or is for a nonlegal purpose depends upon the circumstances, including the extent to which the person performs legal and nonlegal work, the nature of the communication in question, and whether or not the person had previously provided legal assistance relating to the same matter.

Id. at § 72.

2

The Court appreciates Defendants' timely response to its order. Pursuant to this clarification, Defendants are **ORDERED** to provide a list of counselors they believe are entitled (or were entitled) to make privileged communications on behalf of the Elections Division of the Secretary of State's Office since 2016 by **5:00pm on Thursday, February 20, 2020**.

**IT IS SO ORDERED** this 18th day of February, 2020.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**
