IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FAIR FIGHT ACTION, *et al*.,
Plaintiffs,

Civil Action No.: 1:18-cv-05391-SCJ

vs.

BRAD RAFFENSPERGER, in his
official capacity as the Secretary of
State of Georgia; *et al*.,
Defendants.

## Supplemental Report #2 of Thomas L. Brunell, Ph.D.
## Professor of Political Science
## Program Head, Political Science
## Program Head, Public Policy and Political Economy
## University of Texas at Dallas

I was asked by defendant's counsel to read and respond to the supplemental report of Professor Daniel Smith.

Professor Smith's supplemental report is marked less by what he includes in the supplemental report than by what he leaves out.  First, he rather than taking the time to confirm that he made a mistake in his original report whereby he assumed that MAILED and ELECTRONIC ballot style meant how a vote was cast rather than how a ballot was delivered he redoes his analysis using my "assumption".  Rather than assuming what these categories meant, I spoke to the Secretary of State's office

1

about these files to better understand them – Prof. Smith could have sought additional clarity, but did not.

Second, he does not address my concern that mere months ago he was involved as an expert witness in a lawsuit against the state of Florida having to do with election administration in which he soundly criticized the state for sloppy record keeping and administration of records, and now holds up the state of Florida as one of his examples of far better record keeping that Georgia.  He provides no evidence whatsoever for this comparison to the court, just his endorsement.  Will Georgia be an example of excellent election administration and record keeping in the next lawsuit he is involved in? Perhaps.

**County Differences**

Prof. Smith examines the difference between the total number of votes cast in each county according to the voter history file and the Secretary of State's official results. He opines that these two numbers "are not even in the same ballpark".  Examining the differences, I would conclude that Prof. Smith's argument is rash at best, and hyperbolic at worst.   The two data sources for Appling County report 6,832 votes and 6,827 votes.  I would say these two numbers are definitely in the same ballpark. Atkinson County is also off by five votes.  Bacon County differs by a single vote. Baker County with only around 1,300 votes has a difference of 114, which is notable. While I am unsure of the underlying causes of these differences, the total number of mistakes is very small.  Out of nearly 4 million votes, Prof. Smith uncovers merely

5,016 differences. Proportionally that comes to 0.00127 of the vote reporting. While I would prefer to see perfect matches across these two datasets, given the ever-present fact of human fallibility, these small differences hardly seem worth writing home about (or writing an expert report).

**Other Data Issues**

Earlier in the report (page 5), in criticizing the "top-down" election administration in Georgia, Prof. Smith bemoans the fact that data entry errors prevent him from conducting other analyses had he had access to more reliable data. His example of these data entry problems consists of a couple dozen keystroke errors in the ballot return data. This is out of millions of votes cast in the state. Again, I too want the data to be perfect, however this is never possible and, objectively, I think we can agree that Prof. Smith's example indicates an acceptably low rate of error.

**Conclusion**

Prof. Smith's rebuttal report does not add anything of substance to his original report. The low error rate evident in the data does not lead to a conclusion of systemic problems with Georgia's voter databases or election reporting.

Under the penalty of perjury, I certify the above is true and correct to the best of my knowledge.

*[signature]*

Thomas Brunell

April 4, 2020