IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al,*<br><br>*Defendants.* | CIVIL ACTION<br><br>FILE NO. 1:18-cv-05391-SCJ |

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF
PEYTON MCCRARY AND SUPPORTING BRIEF**

Defendants Secretary Raffensperger, the State Election Board, and the State Election Board Members Rebecca Sullivan, David Worley, and Anh Le (collectively "Defendants"), pursuant to Federal Rule of Evidence 702, hereby submit this Motion and incorporated Brief to exclude the testimony of Peyton McCrary ("Dr. McCrary") both at trial and in consideration of Defendants' Motions for Summary Judgment. *See Chapman v. Proctor & Gamble Distrib., LLC*, 766 F.3d 1296, 1313 (11th Cir. 2014) (citation admitted) (only admissible evidence can be considered in analyzing motion for summary judgment).

**I.   Introduction.**

Dr. McCrary is one of Plaintiff's expert witnesses regarding the alleged deficiencies of Georgia's voter-registration system (Doc. 339). He believes that

Georgia's voter verification requirements have a discriminatory effect on minority voting (*id.* at pp. 98-99, ¶¶ 122-124). He focused primarily on the effects of the "exact match" requirement for verification (McCrary Deposition[1] at 121:21-122:04), and specifically did *not* opine that any Georgia election practice was adopted with discriminatory intent (*id.* at 121:05-121:08, 121:16-121:04, 170:02-09, 199:13-200:10, 210:09-210:18).

## II. Facts.

Dr. McCrary rendered an opinion about both Georgia's historic and current voter verification requirements (McCrary Dep. at 119:10-120:14). He is "an historian" (Doc. 339 at ¶ 2), well-versed in the history of intentionally discriminatory voting practices (*id.*). He has testified in numerous voting rights cases, consistently addressing discriminatory intent. *See, e.g.*, *Ala. State Conf. of the NAACP v. Alabama*, 2020 U.S. Dist. LEXIS 18938 at fn. 35 (M.D. Ala. Case No. 2:16-CV-731-WKW, Feb. 5, 2020); *Vereen v. Ben Hill County*, 743 F. Supp. 864, 868 (M.D. Ga. 1990); *Harris v. Siegelman*, 695 F. Supp. 517, 522 fn. 5 (M.D. Ala. 1988); *Irby v. Fitz-Hugh*, 692 F. Supp. 610, 613 fn. 1 (E.D. Va. 1988), *dismissed by* 693 F. Supp. 424 (E.D. Va. 1988); *Dillard v. Crenshaw County,* 640 F. Supp. 1347, 1356 (M.D. Ala. 1986); *Collins v. Norfolk*, 605 F.

---

[1] A copy of the deposition transcript of Dr. McCrary's deposition is attached as Ex. A.

Supp. 377, 382 (E.D. Va. 1984), *vacated*, 478 U.S. 1016 (1986); *U.S. v. Dallas County Comm.*, 548 F. Supp. 875, 911 (S.D. Alabama 1982).

In this litigation, Dr. McCrary breaks his historical pattern of focusing on intent by rendering an opinion only about the alleged discriminatory *effect* of Georgia's voter-verification requirements (Doc. 339 at ¶ 9). He also unfavorably compares Georgia's current system to the historic reprehensible election practices (Doc. 339 at ¶¶ 10-11). The vast majority of his report is a trek through Georgia's history (*id.* at ¶¶ 17-99) in support of the latter opinions. The remainder is a description of proceedings in another case pending before another judge in this district, *Ga. Coalition for the People's Agenda v. Kemp*, N.D. Ga. Case No 1:18-CV-94727-ELR, (*id.* at ¶¶ 100-112), and the opinion of another expert witness in the instant case, (*id.* at 113-121), apparently in support of his opinion about the effects of Georgia's current practices. In that section of his opinion, Dr. McCrary does not analyze data sets in his opinion or even claim sufficient expertise to do original statistical analysis of the relevant data. He simply relies on "expert testimony from political scientists" (*id.* at ¶ 13, fn. 6), specifically Dr. Michael McDonald and Dr. Kenneth Mayer (*id.* at ¶¶ 108, 113-121), and evidence in the *Ga. Coalition* case (*id.* at 100-112).

### III. Legal Analysis.

Dr. McCrary's testimony does not meet the requirements for expert testimony in this circuit. Defendants do not dispute his expertise as a historian, but Dr. McCrary's opinion on Georgia's history is neither reliable nor relevant to the issues in this litigation.

#### A. The *Daubert* Standard.

Trial courts have a critical responsibility under Rule 702 to ensure that expert testimony at trial is reliable. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993); *see also*, *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), Fed. R. Evid. 702. A federal trial court must review "the *foundations* of expert opinions to ensure they meet the standards for admissibility." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (emphasis in original). The proponent of the testimony has the burden of showing that the expert's opinion meets those standards. *McCorvey v Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002).

The first step in a Rule 702 *Daubert* analysis requires the Court to determine whether the expert is qualified to give an expert opinion. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). Defendants do not dispute Dr. McCrary's expertise as a historian. He evidences no expertise in actually analyzing data (Doc. 339-1), but to the extent that his

4

testimony involves history, he does have sufficient expertise to meet the first prong of *Daubert* and *City of Tuscaloosa*.

That determination, however, is not the end of this Court's inquiry. The expert's opinion also must be reliable. *City of Tuscaloosa,* 158 F.3d at 562. Even a qualified expert witness can offer unreliable testimony. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1342 (11th Cir. 2003). The reliability analysis considers "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *Id*. at 1341.

Furthermore, expert testimony also must meet "stringent standards" of relevance set forth in Federal Rules of Evidence 401, 402, and 403. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1309-10 (11th Cir. 1999). This relevance analysis requires that the expert opinion "logically advances a material aspect of the proposing party's case." *Id.* at 1312, *quoting*, *Daubert* 43 F.3d at 1314 (on remand). Dr. McCrary's testimony does not meet these latter two standards.

**B. Dr. McCrary's opinion is not reliable.**

Dr. McCrary's opinion is not sufficiently reliable for several reasons. First, his expertise is in historic *intent*, not statistical analysis of *effects*. All of the research that he conducted and original work that he cited (McCrary Dep. at 24:06-27:14) all involved analysis of historical intent of voting practices. Yet he specifically and repeatedly testified that his opinion in this case does not address discriminatory intent of Georgia's current election practices (*id.* at 121:05-121:08, 121:16-121:04, 170:02-09, 199:13-200:10, 210:09-210:18). He has an opinion only about the effects of those practices. His expertise does not support any part of his opinion about the effects of Georgia's current election practices.

Second, his methodology does not support his opinion. Dr. McCrary conducted no original analysis of Georgia's current election practices (McCrary Dep. at 151:07-20, 17:06-13, 131:02-133:05, 135:15-136:16, 147:03-09, 151:07-20, 158:15-20, 183:22-184:09, 184:23-185:02). Rather, he relied on the original work of other witnesses in this case. He mainly[2] relies Dr. Michael McDonald

---

[2] Dr. McCrary testified that he also relied on analysis by the Department of Justice (McCrary Dep. 123:01-10), an Inspector General's report (*id.* at 123:10-14), and an expert who testified in another voting rights case (*id.* at 123:14-18). These authorities are part of his historical analysis. (McCrary Rep. at ¶¶ 67, 72, 84). His opinion about the effect of current Georgia practices discusses only Dr. Mayer and Dr. McDonald.

6

(*id.* at ¶ 108) and Dr. Kenneth Mayer (*id.* at ¶¶ 113-121). Both of those experts are testifying in this case (Docs. 238, 240, and 293), and their analysis is directly available to this Court. Dr. McCrary's opinion is merely a repetition of the testimony of other witnesses about an issue in which Dr. McCrary has conducted no original analysis. In effect, Dr. McCrary's opinion simply repeats and thus vouches for the opinions of other witnesses in this case. *Daubert* does not allow an expert to use his or her credentials to bolster the credibility of other witnesses. *Snowden v. Singletary,* 135 F.3d 732, 738 (11th Cir. 1998) (habeas corpus case, expert vouching for credibility of witness improper and error was fundamental); *U.S. v. Norris*, 2007 U.S. Dist. LEXIS 104440 at *57 (N.D. Ga. Case No. 1:05-CR-617, May 7, 2007).

Furthermore, allowing Dr. McCrary to repeat and vouch for the work of other witnesses would be unduly prejudicial. An expert's testimony can be "both powerful and quite misleading." *Daubert*, 509 U.S. at 595. Stricter standards of reliability and relevance "are necessary because of the potential impact on the jury of expert testimony." *Allison*, 184 F.3d at 1310.

Dr. McCrary's methodology of examining the historic record might well be reliable if he were testifying about the intent of Georgia's voting practices. *See, e.g. Thornburg v. Gingles,* 478 U.S. 30, 48 (1986) (outlining proof required for claim of discriminatory effect); (Doc. 339 at ¶ 12 ("standard methodology

7

used by historians and political scientists in my fields of expertise when investigating the intent underlying the adoption or maintenance of election laws") and ¶ 99 ("this voting change would have been adopted with a racially discriminatory purpose")), McCrary Dep. at 38:02-39:06 (relevance of history to intent question). Given that his opinion relates only to the effect of Georgia's database-matching requirements, Dr. McCrary's methodology is not sufficiently reliable to be admissible, and this Court should exclude his testimony.

### C. Dr. McCrary's opinion is not relevant.

The final question is whether an expert's opinion is helpful to the inquiry at hand. Even if Dr. McCrary's opinion were reliable, it is not relevant to the issues in this case, *Daubert*, 509 U.S. at 591, and thus is not admissible.

First, the vast majority of Dr. McCrary's opinion describes his views about the discriminatory effect of election practices that Georgia no longer uses (McCrary Rep. at ¶¶ 17-99). He simply compares past practices to current ones with no causal connection *(e.g.,* McCrary Dep. at 125:05-126:01). Two of the main reports upon which he relies, that of Dr. McDonald and Mr. Bartlett, analyze a system that Dr. McCrary agrees Georgia no longer uses (McCrary Dep. at 192:18-192:23, 205:05-08, 205:14-18).

Perhaps that lack of connection is because a decades-long history of Georgia's election practices is relevant to intent rather than effect, as explained above. But whatever the reason, Dr. McCrary's exposition on Georgia's history of indefensible voting practices is not relevant to the *current* effect of *current* voting practices.

Second, Dr. McCrary allowed his policy preferences to influence his analysis. He has testified only for plaintiffs challenging voting practices (McCrary Dep. at 64:10-15), and personally believes that Georgia still should be under the preclearance requirements of the Voting Rights Act (*id.* at 71:15-21). His opinion is simply a repetition of the Plaintiff's legal arguments about what policy choice Defendants should have made in administering elections. "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1261.

Finally, and most important, Dr. McCrary's opinion is not scientific analysis, but simply an approval of the opinions of other experts. His opinion, as a historian, of the validity of the work of political or social scientists simply does not concern "matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262. Indeed, the jury must determine for themselves how much to rely on Dr. McDonald's and Dr. Mayer's opinions.

9

They do not need Dr. McCrary to make that determination for them. The same reasons explained above that make his opinion not reliable also make it not relevant. This Court should exclude his testimony from consideration.

## IV. Conclusion.

For all of the foregoing reasons, this Court should exclude Dr. McCrary's testimony from consideration on any issues in this litigation.

Respectfully submitted this 28th day of June, 2020.

**STATE LAW DEPARTMENT**

Christopher M. Carr
Attorney General
GA Bar No. 112505
Brian K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
40 Capitol Square, S.W.
Atlanta, Georgia 30334

**ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC**

Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com

Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3250

**TAYLOR ENGLISH DUMA LLP**

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
GA Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
GA Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: 678.336.7249

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PEYTON MCCRARY and SUPPORTING BRIEF was prepared double-spaced in 13-point Century Schoolbook pursuant to Local Rule 5.1(C).

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411