IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia; *et al.*,<br><br>Defendants. | Civil Action No.: 1:18-cv-05391-SCJ |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE TESTIMONY OF DR. MICHAEL MCDONALD**

Defendants Secretary Raffensperger, the State Election Board, and State Election Board Members Rebecca Sullivan, David Worley, and Anh Le (collectively "Defendants"), submit this Reply in Support of Their Motion to Exclude the Testimony of Michael P. McDonald, Ph.D. ("Dr. McDonald").

## INTRODUCTION

In their opposition brief, Plaintiffs refer to Dr. McDonald's "painstakingly careful analysis in which he used two of the most respected voter data vendors" as the basis for his conclusions concerning the voter

1

maintenance list, Doc. No. [473], p. 5,[1] despite the fact that Dr. McDonald himself cannot confirm whether his vendors' match list is accurate. Doc. No. [240], p. 18. Dr. McDonald specifically limits his conclusions by stating:

> ***If the list vendors' NCOA match is accurate***, it is my opinion that Georgia Secretary of State's Office cancelled the registrations of, conservatively estimated, 59,866 No Contact voters who continue to reside at their voter registration address.

Id. (emphasis added).

The problem with Dr. McDonald's expert conclusions is not his qualifications. The problem with Dr. McDonald's conclusions is that he himself calls into question the reliability or accuracy of the data his own vendors generated. Plaintiffs go to great lengths to argue that Defendants did not challenge the accuracy of the NCOA list, the vendor analysis, or the phone survey, but it is not the job of the party challenging the admissibility of expert testimony. Rather, it is well-established law that it is the responsibility of the proponent of the testimony to establish that the expert's methodology is sound. By questioning the accuracy of the data sources that are necessary for his expert opinions, Dr. McDonald singlehandedly undermines the admissibility of his own testimony. These issues do not go

---

[1] All pinpoint citations to filed documents are to the blue ECF numbers at the top of each page.

merely to weight, but to the methodology underlying Dr. McDonald's conclusions.

## ARGUMENT AND CITATION OF AUTHORITY

**I.  Dr. McDonald's methodology is flawed because he relies on unproven data.**

"[T]he task of evaluating the reliability of expert testimony is uniquely entrusted to the district court under Daubert." Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005). Daubert tasks district courts to "ensure that speculative, unreliable expert testimony does not reach the jury." McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). Dr. McDonald's reliance on unproven data is the very "unscientific speculation" Daubert warns against. Expert-opinion evidence must be tied to reliable data and there must be "good grounds for each step of the analysis." McClain v. Metabolife Int'l, Inc., 401 F.3d 1233, 1245 (11th Cir. 2005). As Dr. McDonald points out, the first step of his analysis is his assumption that the match lists his vendors generated are accurate, a premise that is unproven.

*A. Defendants challenge Dr. McDonald's methodology, which goes to admissibility and not weight.*

Plaintiffs miss the point of Defendants' motion entirely. Defendants are not challenging the accuracy or validity of the application of Dr. McDonald's methodology. Rather, Defendants are contesting the foundation of his

3

methodology, which is dependent on the NCOA match lists prepared by two vendors. Doc. No. [240] at 18. As such, Defendants' challenge goes to the question of admissibility of the evidence and not simply its weight. "Challenging the underlying methodology in general is an admissibility issue; challenging the expert's application of that methodology is an accuracy issue." SEC v. Avent, No. 1:16-CV-2459-SCJ, 2018 U.S. Dist. LEXIS 233479, at *7 (N.D. Ga. Mar. 15, 2018) citing Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1344 n.11, 1345 (11th Cir. 2003). Unlike the expert in Avent, Dr. McDonald himself conditions the very foundation of his opinions on data he is unable to confirm.

Dr. McDonald's analysis of the reliability of the State's voter-maintenance list is based on whether registrants on that list still reside at the same address where they registered to vote. According to Plaintiffs, Dr. McDonald's conclusion that tens of thousands of voters fall into this category constitutes "detailed and irrefutable support" of Plaintiffs' claims that the State's list is arbitrary. Doc. No. [473], p. 5. While Defendants strongly oppose this assertion, Dr. McDonald's conclusion is based on the admittedly unproven assumption that the match list assembled by his vendors is accurate. This type of analysis is not sufficient to meet the standards of

4

admissibility of expert testimony in a court of law under Rule 702 or <u>Daubert</u> and its progeny.

Plaintiffs' citation to <u>Benton v. Deli Mgmt,</u> 396 F. Supp. 3d 1261 (N.D. Ga. 2019), is unavailing. In <u>Benton</u>, the plaintiff's expert applied abductive reasoning, a valid methodology to base his opinions on incomplete evidence. The court allowed the expert's opinions, which were the outcome of a valid methodology, to be considered and weighed by the jury. <u>Id</u>. at 1282. In contrast, Dr. McDonald's unverified assumption that his vendors' match list is accurate is an integral part of his methodology, and is not merely its outcome as in <u>Benton</u>. Expert testimony based on unconfirmed facts is the definition of conjecture and is not admissible under <u>Daubert</u>. <u>Owens v. Stifel, Nicolaus & Co.</u>, Civil Action No. 7:12-CV-144 (HL), 2014 U.S. Dist. LEXIS 31565, at *12-13 (M.D. Ga. Mar. 11, 2014) (speculative expert opinion testimony is inadmissible under <u>Daubert</u>). Moreover, Dr. McDonald's conclusions that the State's matching procedure "may" identify too many registrants or "may be too aggressive" are not valid scientific conclusions, but rather, mere conjecture.

### B. Dr. McDonald's evidence lacks a proper foundation for admission into evidence.

Plaintiffs ask this court to ignore precedent requiring it to focus "solely on principles and methodology, not on the conclusions that they generate." Daubert v. Merrill, 509 U.S. 579, 595 (1993). By repeatedly blaming Defendants for the inadequacies of the reports of Plaintiffs' own expert, Plaintiffs gloss over the unconfirmed foundation on which Dr. McDonald's methodology is built. The burden of laying the proper foundation for the admission of expert testimony rests with Plaintiffs, not Defendants. Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).

As Defendants assert in their motion to exclude Dr. McDonald's expert evidence, "the trial court's gatekeeping function requires more than simply taking the expert's word for it" or in this case, taking Plaintiffs' word for it. McClain, 401 F.3d at 1244 quoting Fed. R. Evid. 702 advisory committee's note (internal quotations omitted). While Dr. McDonald's use of unverified data may be sufficient for a classroom or an intellectual inquiry, it is not sufficient to meet the standards of admissibility under Rule 702.

Similarly, Plaintiffs misstate Dr. McDonald's conclusions when they conclude that the State's matching procedures have no bearing on Dr. McDonald's conclusion that "over 59,000 registrants in the No Contact group

6

were placed on the Purge List despite still living at their registration addresses." Doc. No. [473] at 23. On the contrary, Dr. McDonald's report clearly states that his conclusion pertaining to the "59,866 No Contact registrants" is entirely dependent on whether the NCOA list is accurate. Doc. No. [240] at 18.

Inexplicably, Plaintiffs then claim that Dr. McDonald's analysis "does not depend" on Defendants' procedures, Doc. No. [473] at 23—the very procedures that established the State's voter-registration list and in turn, its voter-maintenance list. Again, without taking into account these procedures, Dr. McDonald's methodology to evaluate the reliability of the list itself is questionable at best.

## II. Dr. McDonald's unreliable expert opinions do not assist the fact finder.

Plaintiffs then argue that Dr. McDonald's opinions will assist the trier of fact. Courts have consistently held that speculative evidence does not assist the trier of fact or fulfill the third requirement of Daubert. Clarke v. Schofield, 632 F. Supp. 2d 1350, 1370 (M.D. Ga. 2009). Because Dr. McDonald predicated his opinions on the unproven accuracy of the match lists, and stating that Georgia "*may*" have been too aggressive in identifying NCOA registrants, "*may* incorrectly identify people who have not moved,"

7

Doc. No. [293] at 7, "*may* identify too many registrants as having filed an NCOA forms with the U.S. Post Office," Doc. No. [240] at 18, Dr. McDonald's conclusions are simply too speculative to be helpful to the trier of fact and fail under the third requirement of <u>Daubert</u>. This fatal flaw of his methodology is not altered by Plaintiffs' withdrawal of their jury trial demand.

## CONCLUSION

Dr. McDonald's opinions are premised the accuracy of data he is admittedly unable to confirm. His opinions, therefore, lack a proper foundation, are not helpful to the factfinder, and should be excluded.

Respectfully submitted this 11th day of August, 2020.

**STATE LAW DEPARTMENT**

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
40 Capitol Square, S.W.
Atlanta, Georgia 30334

**ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC**

Josh Belinfante

Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3250


**TAYLOR ENGLISH DUMA LLP**

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com

        1600 Parkwood Circle, Suite 200
        Atlanta, GA 30339
        Telephone: 678.336.7249

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE TESTIMONY OF DR. MICHAEL MCDONALD was prepared double-spaced in 13-point Century Schoolbook pursuant to Local Rule 5.1(C).

>                              */s/ Bryan P. Tyson*
>                              Bryan P. Tyson
>                              Georgia Bar No. 515411