## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FAIR FIGHT ACTION, INC.; | ) | |
| CARE IN ACTION, INC.; | ) | |
| EBENEZER BAPTIST CHURCH OF | ) | |
| ATLANTA, GEORGIA, INC.; | ) | |
| BACONTON MISSIONARY | ) | |
| BAPTIST CHURCH, INC.; | ) | |
| VIRGINIA-HIGHLAND CHURCH, | ) | |
| INC.; and THE SIXTH EPISCOPAL | ) | CIVIL ACTION FILE |
| DISTRICT, INC. | ) | |
| | ) | NO. 1:18-CV-05391-SCJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD RAFFENSPERGER, in his | ) | |
| official capacity, as Secretary of State | ) | |
| of the State of Georgia and as Chair of | ) | |
| the State Election Board of Georgia; | ) | |
| REBECCA N. SULLIVAN, DAVID J. | ) | |
| WORLEY, MATTHEW MASHBURN | ) | |
| and ANH LEE, in their official | ) | |
| capacities as members of the STATE | ) | |
| ELECTION BOARD; and STATE | ) | |
| ELECTION BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

---

[1] Defendants file this Answer in accordance with Fed R. Civ. P 15(a)(3) to address the materially altered allegations contained in Plaintiffs' Second Amended Complaint, filed pursuant to the Court's November 17, 2020 Order (Doc No. [570]). In the interests of efficiency and clarity of the record, Defendants have revised the substance of this Answer only where necessary to address Plaintiffs' material alterations contained in the Second Amended Complaint.

Defendants Brad Raffensperger ("Defendant" or "Secretary"), in his official capacity as Secretary of the State of Georgia and as Chair of the State Election Board of Georgia; Rebecca N. Sullivan, David J. Worley, Matthew Mashburn, and Anh Lee, in their official capacities as members of the State Election Board (collectively, "State Election Board Members"); and the State Election Board (collectively, "Defendants") answer Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief [Doc. 582] as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Second Amended Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Defendants are barred by sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendants are barred as they raise political questions that should not be addressed by the Court.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines.

Defendants answer the specific paragraphs of Plaintiffs' Second Amended Complaint as follows:

## INTRODUCTION

### 1.

This Paragraph of Plaintiffs' Second Amended Complaint contains statements to which no response is required.

### 2.

Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.

### 3.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

4.

Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.

## PARTIES, JURISDICTION, AND VENUE

5.

Defendants admit that this Court possesses jurisdiction over this action.

6.

Defendants admit that this Court possesses jurisdiction over this action. Defendants deny all other allegations stated or implied in this Paragraph.

7.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

8.

Defendants admit that venue is proper in this Court.

9.

Defendants admit that venue is proper in this Court.  Defendants deny all other allegations stated or implied in this Paragraph.

10.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

11.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

12.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

13.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

14.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

15.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

16.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.

17.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.

18.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.

19.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.

20.

Plaintiffs set forth legal conclusions to which no response is required and,
therefore, Defendants deny the same.  The remaining allegations in this Paragraph
are outside the scope of Defendants' knowledge and are therefore denied on that
basis.

21.

The allegations in this Paragraph of Plaintiffs' Second Amended Complaint
are outside Defendants' knowledge and are therefore denied on that basis.

22.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.  The remaining allegations in this Paragraph are denied.

23.

The allegations in this Paragraph of the Second Amended Complaint related to Ebenezer Baptist Church of Atlanta, Georgia, Inc. ("Ebenezer") are outside the knowledge of Defendants and are therefore denied on that basis.  Defendants deny the remaining allegations of this Paragraph.

24.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.  The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

25.

The allegations in this Paragraph of the Second Amended Complaint related to Plaintiff Baconton Missionary Baptist Church, Inc. ("BMBC") are outside the knowledge of Defendants and are therefore denied on that basis.

26.

The allegations in this Paragraph of the Second Amended Complaint related to BMBC are outside the knowledge of Defendants and are therefore denied on that basis.  Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint.

27.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.  The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

28.

The allegations in this Paragraph of the Second Amended Complaint related to Plaintiff Virginia-Highland Church, Inc. ("Virginia-Highland") are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint.

29.

The allegations in this Paragraph of the Second Amended Complaint related to Virginia-Highland are outside the knowledge of Defendants and are therefore denied on that basis.  Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint.

30.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.  The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

31.

The allegations in this Paragraph of the Second Amended Complaint related to Plaintiff The Sixth Episcopal District, Inc. (d/b/a the "Sixth Episcopal District of the African Methodist Episcopal Church" or the "Sixth District A.M.E.") are outside the knowledge of Defendants and are therefore denied on that basis.

32.

The allegations in this Paragraph of the Second Amended Complaint related to Sixth District A.M.E. are outside the knowledge of Defendants and are therefore denied on that basis. Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint.

33.

The allegations in this Paragraph of the Second Amended Complaint related to Sixth District A.M.E. are outside the knowledge of Defendants and are therefore denied on that basis.  Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint

34.

The allegations in this Paragraph of the Second Amended Complaint related to Sixth District A.M.E. are outside the knowledge of Defendants and are therefore denied on that basis.  Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint.

35.

Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.  The remaining allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.

36.

Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia, having taken office and replacing Secretary Robyn A. Crittenden on January 14, 2019.  The remainder of Paragraph 36 of Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

37.

Paragraph 37 of Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  The law cited speaks for itself and

Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

38.

Defendants admit that the named individuals are members of the State Election Board.  The remainder of Paragraph 38 of Plaintiffs' Second Amended Complaint contains legal conclusions that do not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

## FACTUAL ALLEGATIONS

39.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

40.

Paragraph 40 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

41.

The allegations in this Paragraph are outside the scope of Defendants' knowledge and are therefore denied on that basis.  By way of further response,

Defendants state that the report cited by Plaintiffs speaks for itself, and Defendants deny any of Plaintiffs' characterizations of the report.

42.

Defendants admit that the Secretary of State is designated as the chief election official by statute.  Defendants deny the remaining allegations of Paragraph 42.

43.

Defendants admit that almost four million ballots were cast in the November 2018 general election, that this level of participation was historic, and that it included many first-time voters.  Defendants deny the remaining allegations in this Paragraph.

44.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

45.

Paragraph 45 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

46.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

47.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

48.

Defendants admit that voters can vote provisional ballots but deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

49.

Paragraph 49 contains legal conclusions to which no response is required. Defendants deny Plaintiffs' characterization of the law.  Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Amended Complaint.

50.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

51.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

52.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

53.

Plaintiffs state legal conclusions in this Paragraph to which no response is required.  Defendants deny Plaintiffs' characterization of the law.  Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Second Amended Complaint.

54.

Plaintiffs state a legal conclusion in this Paragraph to which no response is required.  The Secretary of State and State Election Board's legal duties are defined by statute, which speaks for itself.  Defendants deny the remaining allegations this Paragraph.

55.

Plaintiffs refer to a document that is not attached as an exhibit to the Second Amended Complaint.  The document speaks for itself.  Defendants deny the remaining allegations of this Paragraph.

56.

The laws cited in this Paragraph of Plaintiffs' Second Amended Complaint speak for themselves.  Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Second Amended Complaint.

57.

The laws cited in this Paragraph of Plaintiffs' Second Amended Complaint speak for themselves.  Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Second Amended Complaint.

58.

The laws cited in this Paragraph of Plaintiffs' Second Amended Complaint speak for themselves.  Defendants deny the remaining allegations of this Paragraph of Plaintiffs' Second Amended Complaint.

59.

The law and cases cited by Plaintiffs in this Paragraph speak for themselves. Defendants further respond that the duties of the Secretary of State are defined by statute, the requirements of which speak for themselves.  Defendants deny the remaining allegations in this Paragraph as pled.

60.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

61.

The duties of the State Election Board and the Secretary of State are defined by statute, which speaks for itself.  Defendants deny the remaining allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint.

62.

The duties of the State Election Board are defined by statute, which speaks for itself.  Defendants deny the remaining allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint.

63.

The duties of the State Election Board are defined by statute, which speaks for itself.  Defendants deny the remaining allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint.

64.

The law cited by Plaintiffs in this Paragraph of the Second Amended Complaint speaks for itself.  Mr. Richard Barron's testimony speaks for itself, and Defendants deny Plaintiffs' characterization of that testimony.  Defendants deny the remaining allegations in this Paragraph.

65.

The responsibilities of the Secretary of State and the State Election Board are defined by statute, which speaks for itself.  Defendants deny Plaintiffs'

characterization of the responsibilities of, and the law related to, the Georgia counties with respect to elections.  Defendants deny the remaining allegations in this Paragraph.

66.

Plaintiffs refer to a document that is not attached as exhibit.  The document referenced speaks for itself and Defendants deny the Plaintiffs' characterization of the document.  Defendants deny the remaining allegations contained in this Paragraph.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint.  The duties and responsibilities of Defendants are defined by statute, which speaks for itself.

68.

Defendants deny the allegations contained this Paragraph of Plaintiffs' Second Amended Complaint.

69.

Paragraph 69 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph.

70.

Paragraph 70 contains legal conclusions to which no response is required. Defendants deny the remaining allegations contained in this Paragraph but admit that they contract with a vendor in order to obtain for change-of-address information as part of the required voter-list-maintenance process.

71.

The law cited by Plaintiffs in this Paragraph speaks for itself. Defendants deny any remaining allegations contained in this Paragraph of the Second Amended Complaint.

72.

Paragraph 72 contains legal conclusions to which no response is required. Defendants admit that the statutory voter-list-maintenance process has been implemented. Defendants deny any remaining allegations contained in this Paragraph of the Second Amended Complaint.

73.

Defendants are without knowledge of the allegations contained in this Paragraph of the Second Amended Complaint and they are denied on that basis.

74.

Defendants admit that Georgia does not provide same-day registration for voters.  Defendants deny the remaining allegations contained in this Paragraph of the Second Amended Complaint.

75.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

76.

Defendants admit that African-American turnout was lower in 2014 and 2016 than it was in 2008 and 2012.  Defendants further admit that African-American voter turnout surged in 2018.  Defendants are without knowledge of the remaining allegations contained in this Paragraph of the Second Amended Complaint and they are denied on that basis.

77.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

78.

Paragraph 78 contains legal conclusions to which no response is required. Defendants admit that the statutory voter-list-maintenance process has been

implemented. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

79.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

80.

Defendants admit they will continue to implement all laws related to elections, including the statutory voter-list-maintenance process. Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

81.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

82.

Defendants admit that a high number of new voter registrations were submitted in 2018. Defendants deny the remaining allegations contained in this Paragraph.

83.

The laws and the case cited by Plaintiffs in this Paragraph of the Second
Amended Complaint speak for themselves and are for a process no longer used in
Georgia.  Defendants deny the remaining allegations contained in this Paragraph.

84.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.

85.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.  Defendants further state that, under the system no
longer used in Georgia and referenced by this Paragraph, voter registrations that
did not complete required database matching were not "rejected," but were placed
into "pending" status and voters were still allowed to vote with proper
identification.

86.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'
Second Amended Complaint.  Defendants further state that, under the process no
longer used in Georgia and referenced by this Paragraph, voter registrations that
did not complete required database matching were not "rejected," but were placed

-21-

into "pending" status and voters were still allowed to vote with proper identification.

87.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint and deny them on that basis.

88.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint and deny them on that basis.

89.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

90.

The laws and the case cited by Plaintiffs in this Paragraph of the Second Amended Complaint speak for themselves.  Defendants deny that state employees enter names into any voter registration database.  Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint and deny them on that basis.

91.

Defendants admit that "approximately" 70% of the population of individuals with registration in pending status prior to the 2018 general election were black voters and that Georgia's population is "approximately" one-third black. Defendants deny that these individuals were prevented from voting and deny the remaining allegations contained in this Paragraph of the Plaintiffs' Second Amended Complaint.

92.

Defendants admit that the number of provisional ballots cast in the 2018 general election was over 21,000.  The case cited by Plaintiffs' speaks for itself. Defendants deny the remaining allegations contained in this Paragraph of the Second Amended Complaint.

93.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

94.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

95.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

96.

Defendants are without sufficient knowledge as to what "many voters were

told" and therefore deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.  Defendants deny the remaining allegations

contained in this Paragraph of Plaintiffs' Second Amended Complaint.

97.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

98.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

99.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

100.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

101.

The document cited by Plaintiffs in this Paragraph of the Second Amended

Complaint speaks for itself and Defendants deny any of Plaintiffs'

characterizations of that document.  Defendants deny the remaining allegations

contained in this Paragraph of the Second Amended Complaint.

102.

Defendants are without sufficient knowledge of the allegations contained in

this Paragraph of the Second Amended Complaint and deny them on that basis.

Defendants further state that decisions about polling places are made by local

officials, not Defendants.

103.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

104.

Defendants admit that the Secretary of State maintains the voter-registration

database based on data that is entered by county election officials. Defendants deny

the remaining allegations contained in this Paragraph of the Second Amended

Complaint.

105.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

106.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

107.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

108.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

109.

Defendants deny the allegations contained in this Paragraph of the Second Amended Complaint.

110.

Upon information and belief, Tyra Bates submitted her voter registration online on October 22, 2018 at 9:25 PM, 13 days after the October 9, 2018 registration deadline.  Defendants are without sufficient knowledge as to the

remaining allegations contained in this Paragraph of the Second Amended
Complaint and deny them on that basis.

## 111.

Defendants are without sufficient knowledge as to the allegations contained
in this Paragraph of the Second Amended Complaint and deny them on that basis.

## 112.

Defendants are without sufficient knowledge as to the allegations contained
in this Paragraph of the Second Amended Complaint and deny them on that basis.

## 113.

Paragraph 113 contains legal conclusions to which no response is required.
Defendants are without sufficient knowledge as to the remaining allegations
contained in this Paragraph of the Second Amended Complaint and deny them on
that basis.

## 114.

Defendants deny the allegations contained in this Paragraph of the Second
Amended Complaint.

## 115.

Defendants deny the allegations contained in this Paragraph of the Second
Amended Complaint as pled.

116.

Defendants admit that a polling place in Snellville had no power cords at the start of Election Day for the 2018 general election.  Defendants are without sufficient knowledge as to the remaining allegations in this Paragraph of the Second Amended Complaint and deny them on that basis.

117.

Defendants admit that Fulton County initially brought the wrong number of DREs to Pittman Recreational Center.  Defendants are without sufficient knowledge as to the allegations in this Paragraph of the Second Amended Complaint and deny them on that basis.

118.

Defendants are without sufficient knowledge as to the allegations in this Paragraph of the Second Amended Complaint related to an unidentified polling place and deny them on that basis.

119.

Defendants deny the allegations contained in this Paragraph of the Second Amended Complaint.

120.

Defendants admit that provisional ballots are used when elections officials cannot determine whether a voter is eligible to vote.  Defendants are without

sufficient knowledge as to the remaining allegations in this Paragraph of the Second Amended Complaint and deny them on that basis.

121.

Defendants deny the allegations in this Paragraph of the Second Amended Complaint.  Defendants further state that decisions about allocation of provisional ballots to polling places are made by local officials and that the printing of those ballots is conducted by local officials, not Defendants.

122.

Defendants deny the allegations in this Paragraph of the Second Amended Complaint.

123.

Defendants admit that some voters had to wait in line to vote in the 2018 general election.  Defendants deny the remaining allegations in this Paragraph of the Second Amended Complaint.

124.

Defendants deny the allegations in this Paragraph of the Second Amended Complaint as pled.

125.

The statutes cited by Plaintiffs in this Paragraph of the Second Amended Complaint speak for themselves.  Defendants deny the remaining allegations contained in this Paragraph.

126.

Defendants deny the allegations in this Paragraph of the Second Amended Complaint.

127.

The statute cited by Plaintiffs speaks for itself.  Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint related to an unnamed precinct and deny them on that basis.

128.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis. The case cited by this Paragraph speaks for itself and does not require a response.

129.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

130.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

131.

Defendants deny the allegations in this Paragraph of the Second Amended Complaint.

132.

Defendants deny the allegations in this Paragraph of the Second Amended Complaint.

133.

Paragraph 133 contains legal conclusions to which no response is required. The statute cited by Plaintiffs speaks for itself.  Defendants deny the remaining allegations of this Paragraph of the Second Amended Complaint.

134.

Defendants admit that approximately 289,839 voters submitted absentee-ballot applications for the 2018 general election.  Defendants deny the remaining allegations contained in this Paragraph of the Second Amended Complaint.

135.

The case cited by Plaintiffs speaks for itself. Defendants admit that Dougherty County had challenges processing ballots due to a hurricane in 2018

and admit that Dougherty County is majority-African-American, but deny the remaining allegations contained in this Paragraph of the Second Amended Complaint.

### 136.

The statute cited by Plaintiffs speaks for itself. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

### 137.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis. Defendants further state that absentee ballots no longer request Georgia voters' birthdates.

### 138.

Defendants admit that the Secretary of State issued an Election Bulletin regarding the processing of absentee ballots during the 2018 general election and that the bulletin referenced an opinion from the Attorney General. Defendants deny the remaining allegations contained in this Paragraph of the Second Amended Complaint.

139.

The cases cited by Plaintiffs in this Paragraph speak for themselves. Defendants deny the remaining allegations contained in this Paragraph.

140.

The statute cited by Plaintiffs in this Paragraph speaks for itself.  Defendants admit that voters can check the status of their absentee ballots on the My Voter Page if local officials had inputted the status of that ballot.  Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.  Defendants further state that this statute has been amended by H.B. 316 and that the State Election Board has defined the requirement of "promptly notify" by regulation.

141.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

142.

The statute cited by Plaintiffs in this Paragraph speaks for itself.  Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

143.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis. Defendants further deny the allegations contained in this Paragraph of the Second Amended Complaint as pled.

144.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis. Defendants further deny the allegations contained in this Paragraph of the Second Amended Complaint as pled.

145.

The court case cited by Plaintiffs in this Paragraph of the Second Amended Complaint speaks for itself related to the relief granted due to the impact of a hurricane. Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis. Defendants further deny the allegations contained in this Second Amended Complaint as pled.

146.

Defendants deny the allegations contained in this Paragraph of the Second Amended Complaint.

147.

Defendants admit that voters cast absentee ballots.  Defendants deny the

remaining allegations contained in this Paragraph of the Second Amended

Complaint.

148.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

149.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

## CLAIMS FOR RELIEF

### Count I

### Violation of the Fundamental Right to Vote (First and Fourteenth Amendments to the U.S. Constitution, as enforced by 42 U.S.C. § 1983)

150.

Defendants incorporate by reference and reallege their responses to

Plaintiffs' preceding allegations as if fully restated herein.

151.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal

conclusion that does not require a response.  Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

152.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

153.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

154.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

155.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

156.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

157.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

158.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

159.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

160.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

**Count II**

**Violation of the Ban on Racial Discrimination in Voting (Fifteenth Amendment to the U.S. Constitution, as enforced by 42 U.S.C. § 1983)**

161.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

162.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

163.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

164.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response. Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

165.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

166.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

167.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

168.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

169.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

170.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

171.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

172.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

173.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint

## Count III

### Violation of Equal Protection (Fourteenth Amendment to the U.S. Constitution, as enforced by 42 U.S.C. § 1983)

174.

Defendants incorporate by reference and reallege their responses to

Plaintiffs' preceding allegations as if fully restated herein.

175.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

176.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

177.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

178.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

179.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

180.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

181.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

182.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

183.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

184.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

185.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

186.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

187.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny the remaining allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

188.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

189.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

190.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

191.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

192.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

**Count IV**

**Violation of Procedural Due Process (Fourteenth Amendment to the U.S. Constitution, as enforced by 42 U.S.C. § 1983)**

193.

Defendants incorporate by reference and reallege their responses to

Plaintiffs' preceding allegations as if fully restated herein.

194.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal

conclusion that does not require a response.  Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this

Paragraph are denied.

195.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal

conclusion that does not require a response.  Defendants deny any of Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 196.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

### 197.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

### 198.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

### 199.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

### 200.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

## COUNT V

### Violation of Section 2 of the Voting Rights Act of 1965

201.

Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

202.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

203.

This Paragraph of Plaintiffs' Second Amended Complaint contains a legal conclusion that does not require a response.  Defendants deny any of Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph are denied.

204.

Defendants deny the allegations contained in this Paragraph of Plaintiffs' Second Amended Complaint.

205.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

206.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

207.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

208.

Defendants admit the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint.

209.

The cases cited in this Paragraph of the Second Amended Complaint speak

for themselves.  Defendants deny the remaining allegations in this Paragraph as

pled.

210.

Defendants deny the allegations contained in this Paragraph of Plaintiffs'

Second Amended Complaint as stated but further state that a variety of

governmental entities in Georgia received preclearance objection letters from 1965 to 2013.

211.

The document cited by Plaintiffs in this Paragraph of the Second Amended Complaint speaks for itself.  Defendants deny the remaining allegations in this Paragraph.

212.

The cases cited in this Paragraph of the Second Amended Complaint speak for themselves.  Defendants deny the remaining allegations in this Paragraph.

213.

The data cited in this Paragraph of the Second Amended Complaint speaks for itself.  Defendants object to Plaintiffs' characterization of that data and deny the remaining allegations of Paragraph 213 on that basis.

214.

Defendants admit that Georgia has a history of discrimination but deny the remaining allegations contained in this Paragraph of the Second Amended Complaint.

215.

Defendants admit that racial appeals have been used by some campaigns in the past, but denies the remaining allegations contained in this Paragraph of the Second Amended Complaint.

216.

Defendants admit that one county commissioner made the statements contained in Paragraph 216 but are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

217.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

218.

Defendants are without sufficient knowledge as to the allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

219.

Defendants admit that Georgia has a history of discrimination.  Defendants deny that that every statewide elected official in Georgia is white.  Defendants are without sufficient knowledge as to the remaining allegations contained in this Paragraph of the Second Amended Complaint and deny them on that basis.

220.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

221.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

222.

Defendants deny the allegations contained in this Paragraph of the Second

Amended Complaint.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any relief they seek.

Defendants deny every allegation not specifically admitted herein.

Respectfully submitted this 17th day of December, 2020.

**Robbin Ross Alloy Belinfante Littlefield LLC**

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Carey Miller
Georgia Bar No. 976240

cmiller@robbinsfirm.com
Brian Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Alexander Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
500 14th Street NW
Atlanta, GA 30318
Telephone:(678) 701-9381

**Taylor English Duma LLP**

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
678-336-7249

**State Law Department**

Christopher M. Carr
Attorney General
GA Bar No. 112505
Bryan K. Webb

Deputy Attorney General
GA Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*Attorneys for State Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this date electronically filed the foregoing

**ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY**

**AND INJUNCTIVE RELIEF** with the Clerk of Court using the CM/ECF system

which will automatically send email notification of such filing to the attorneys of

record listed on the case.

This 17th day of December, 2020.

*/s/ Josh Belinfante*
Josh Belinfante
