IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| FAIR FIGHT ACTION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official Capacity as Secretary of State of Georgia, *et al.*, <br><br> Defendants. | Civil Action File <br><br> No. 1:18-cv-05391-SCJ |

**MOTION FOR DISCOVERY SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37, NOTICE OF OBJECTION REGARDING PLAINTIFFS' THIRD SUPPLEMENTAL INITIAL DISCLOSURES, AND NOTICE OF RENEWED OBJECTION TO PLAINTIFFS' CORRECTED STATEMENT OF ADDITIONAL MATERIAL FACTS IN ITS ENTIRETY**

Defendants submit this Motion for Discovery Sanctions Under Federal Rule of Civil Procedure 37 and Notice of Objection regarding Plaintiffs' Third Supplemental Initial Disclosures ("Third Disclosures") (Doc No. [603]), respectfully requesting that the Court strike or decline to consider the declarations contained therein both for purposes of Defendants' Motion for Summary Judgment and at trial. Defendants further renew their objection to Plaintiffs' Corrected Statement of Additional Material Facts because their

latest filings did nothing to correct the multiple violations of the Local Rules and admissibility problems identified by the Court.

## Introduction

During the hearing on the motions for summary judgment, this Court advised the Plaintiffs to try to pare down their Corrected Statement of Additional Material Facts ("SAMF"), Doc. No. [506], and with good reason. The SAMF contained 1,162 numbered paragraphs and 366 pages of largely inadmissible evidence and argument.  One of the main and unrebutted problems with the SAMF is that it contains numerous declarants (71 in total) that were submitted **after** this Court ordered Plaintiffs to provide their final list of declarants to the Defendants on or before February 14, 2020. Doc. No. [225].  With their Third Disclosures, Plaintiffs double down on that practice without offering any reason for doing so.

The purpose, however, is plain: Plaintiffs filed the lawsuit in the wake of the 2018 election seeking prospective injunctive relief.  The law is clear that this case cannot be a rehash of the 2018 election, but the majority of Plaintiffs' evidence is about elections prior to 2020.  They cannot overcome summary judgment on the record they have established, and the latest filing seeks to overcome that deficiency by filing declarations containing more hearsay and speculation, often regarding irrelevant matters not at issue in

this case, all while depriving Defendants of the ability to examine the newly-identified witnesses and their claims. The tactic is an improper end-run around this Court's order, the Federal Rules of Civil Procedure, and the underlying principle that **all** litigation must end at some point. This Court has previously applied this principle, and it should do so again. See, e.g., Doc Nos. [225 and 228].

Discovery has long since closed. Summary judgment has been argued. Plaintiffs' untimely attempt to expand the record should be rejected so that there can be a ruling on summary judgment and, only if necessary, a final disposition based on the record that Plaintiffs had ample opportunity to build from November 2018 through February 2020.

## Argument and Citation to Authority

### I.     Legal Standard.

Under Federal Rule of Civil Procedure 37, parties who fail to follow the Court's discovery orders and rules are subject to sanctions including, but not limited to, the exclusion of untimely disclosed evidence. Specifically, Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R.

3

Civ. P. 37(c)(1); see also Fed. R. Civ. P 37(b) (regarding failure to follow discovery orders). In other words, "Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation." Mitchell v. Ford Motor Co., 318 Fed. App'x 821, 825 (11th Cir. 2009).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell, 318 F. App'x at 824. "In determining whether the failure to disclose was justified or harmless, [courts] consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." Lips v. City of Hollywood, 350 Fed. App'x 328, 340 (11th Cir. 2009). Plaintiffs have not, and cannot, meet that burden here.

## II.     Plaintiffs' Third Disclosures Violate Discovery Rules and Prior Orders in This Case.

Fact discovery closed in this case on March 2, 2020, with a special allowance for Defendants to complete the depositions of Plaintiffs' declarants by April 27, 2020. Doc. No. [228]. To this end, the Court *specifically* ordered on February 10, 2020 that "Plaintiffs are **ORDERED** to identify and produce a final list of said declarants [supporting their claims of voter disenfranchisement or suppression] to Defendants by **5:00 p.m. on Friday,**

4

**February 14, 2020.**" Doc. No. [225] at 1.  While outstanding discovery disputes ultimately led to some later document productions, no extensions regarding additional fact witnesses were ever sought or given.  Plaintiffs' attempt to introduce a raft of new witnesses in their Third Disclosures well after the close of discovery—and, in fact, after summary judgment briefing and hearing—constitutes a clear and deliberate violation of the Court's prior discovery and scheduling orders in this case.  Plaintiffs have not, and cannot, offer any explanation as to how or why their Third Disclosures—which consist entirely of new voter declarations regarding an entirely new election—do not violate the express language of the Court's orders.

In addition, Local Rule LR 26.1(A) requires that Plaintiffs "make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) at or within thirty (30) days after the appearance of a defendant by answer or motion."  These initial disclosures must include the name of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" in its initial disclosures.  Fed. R. Civ. P. 26(a)(l)(A)(i).  Federal Rule of Civil Procedure 26(e)(1)(A) imposes an ongoing duty on the parties to supplement their Rule 26 disclosures in a timely manner.  See Fed. R. Civ. P. 26(e)(1)(A).

"The initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure are fundamental to the orderly, efficient, cost-effective and fair litigation of civil cases and the Rule 37(c)(1) remedies are directed at sanctioning a litigant for failing to provide or supplement the most basic information necessary to efficiently and fairly litigate a dispute." Davis v. Green, 2015 WL 3604891, at *2 (N.D. Ga. June 8, 2015). A party's obligation to supplement their disclosures, however, "does not extend discovery in perpetuity, rendering the Court's deadlines toothless." Stewart v. VMSB, LLC, 2020 WL 4501830, at *2 (S.D. Fla. July 27, 2020); see also Cook v. Royal Caribbean Cruises, Ltd., 2012 WL 2319089, at *1 (S.D. Fla. June 15, 2012) ("The mere fact that [p]laintiff believes she is or was under a duty to supplement her discovery disclosures does not mean that complying with the duty trumps deadlines in the case and permits trial use of post-deadline disclosures, prejudicial consequences notwithstanding."). Simply put, the "failure to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party from conducting discovery on the supplemental disclosures, constitutes a violation of Rule 26." Spire Denver, LLC v. Hypo Real Estate Capital Corp., 2008 WL 3833754, at *2 (D. Colo. 2008) (citations omitted).

Plaintiffs have neither moved to reopen discovery nor offered any excuse or reason for their failure to comply with the Court's discovery orders, which is their burden. Chemence Med. Prod., Inc. v. Quinn, 2014 WL 12538886, at *3 (N.D. Ga. Dec. 30, 2014) ("[T]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the plaintiffs."). Their unilateral and untimely attempt to submit new evidence, after the close of discovery and without notice or explanation, is wholly improper and a clear violation of this Court's and the Federal Rules. See Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) (expert affidavit disclosed after close of discovery properly excluded as it foreclosed defendant's ability to investigate and depose expert and plaintiff had not "filed a motion to extend the discovery period so as to permit a proper disclosure."); see also Ashman v. Solectron, Inc., 2010 WL 3069314, at *4 (N.D. Cal. Aug. 4, 2010) ("Discovery in this action closed on March 31, 2010. Any supplemental disclosure after such date would be untimely."); Clark v. Wilkin, 2008 WL 2388634 at *2 (D. Utah June 11, 2008) ("Plaintiffs' supplementation of the list of persons having discoverable information was untimely as the fact discovery deadline had already passed.").

In short, Plaintiffs' Third Disclosures are untimely, violate Rule 26, undermine the purpose of the Court's discovery rules, and impermissibly seek

to drag this case on "in perpetuity." Stewart, 2020 WL 4501830, at *2. The prejudice to Defendants in allowing additional declarant testimony at this stage in the litigation is self-evident: discovery is closed; Daubert and summary judgment briefing (and even hearings) have already concluded; and Defendants have no ability to depose these new declarants or otherwise investigate or rebut their claims. Cf. Debose v. Broward Health, 2009 WL 1410348, at *6 (S.D. Fla. May 20, 2009) (allowing untimely disclosed evidence would be prejudicial "if [d]efendant had to spend the brief time remaining before trial to conduct discovery on these new witnesses."). The prejudice to Defendants is particularly acute with regard to their pending Motions for Summary Judgment, which have been fully briefed, argued by both sides and now stand ripe for review by the Court. Accordingly, the Third Disclosures must be struck or disregarded. Fed. R. Civ. P. 37(b)(2)(ii) & (c)(1).

### III. Plaintiffs Cannot Show The Third Disclosures Are Substantially Justified Or Harmless.

Despite bearing the burden to show cause for inclusion of their Third Disclosures, Plaintiffs have made no attempt to meet this burden. Instead, just as Plaintiffs did with their Statement of Additional Material Facts (in which Plaintiffs purported to rely on previously undisclosed declarants regarding the June 2020 primary election without notice or explanation),

8

they introduced "new evidence" unilaterally without explanation, notice, or opportunity to test through the discovery process.

Because Plaintiffs have not specified how they plan to use the information, it is plainly prejudicial as to summary judgment. Without the opportunity for more discovery, it is equally prejudicial to use the new information at trial, if any.

Even if Plaintiffs had attempted to show cause for the inclusion of this new evidence, however, any such effort would necessarily fail. When a party fails to comply with the disclosure requirements of Rule 26, as is the case here, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, <u>unless the failure was substantially justified or is harmless</u>." F.T.C. v. Nat'l Urological Grp., Inc., 645 F. Supp. 2d 1167, 1179 (N.D. Ga. 2008) (emphasis added). Courts in this District have identified five factors to consider in determining whether a failure to disclose evidence meets this standard:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

<u>Cambridge Univ. Press v. Becker</u>, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010). Each factor weighs against Plaintiffs here.

9

As previously discussed, the first two factors clearly weigh against admission of the Third Disclosures. Plaintiffs' Third Disclosures contain new statements for previously undisclosed declarants about alleged voting issues previously unknown to Defendants. As has been evident from the course of this case, many of the earlier declarations filed by Plaintiffs cannot withstand the scrutiny of cross examination. But for this new group of declarants, discovery is closed, and Defendants have no ability to depose these declarants or investigate their claims. Allowing these new declarants' testimony to be considered in any regard at this stage in the litigation will cause unequivocal and severe prejudice to Defendants.

As to the third factor, admission of the Third Disclosures would cause substantial disruption to a potential trial in this case. Despite their repeated insistence that they seek a trial on the merits in expeditious fashion, Plaintiffs are certainly aware that admission of their Third Disclosures would effectively force this Court to reopen discovery and allow Defendants to depose these new declarants, causing significant delay. Plaintiffs' unilateral attempt to shoehorn their Third Disclosures into this case without properly moving to reopen discovery is nothing but a disingenuous attempt to "have their cake and eat it too." Plaintiffs lack the necessary evidence to prove their case at summary judgment, much less trial, so they hope to keep the

clock ticking in hopes that the harms they so publicly describe actually materialize.[1]

Factor four, the importance of the evidence at issue, also weighs against admission of the Third Disclosures. Again, Plaintiffs have not indicated for what purpose they intend to use these new declarations and Defendants have been unable to examine their contents in detail at this point. The Third Disclosures appear to contain over 100 new declarations across 479 pages. Nevertheless, an initial review of these declarations suggests they are of limited probative value and/or, in many instances, are wholly irrelevant to the claims and defenses in this case.

The majority of these new declarants appear to complain about delays in receiving their absentee ballots, which is (a) not at issue in this case; (b) largely due to the well-publicized strain the COVID-19 pandemic has placed on the U.S. Postal Service; (c) not traceable to Defendants; and (d)

---

[1] To be clear, Defendants do not seek to reopen discovery in this case. The State has dedicated more than enough resources in the massive discovery endeavor that has been this lawsuit. Reopening that process due to Plaintiffs' willful disregard for the federal rules and this Court's orders would cause needless delay as well as an unwarranted expenditure of the Court's (and the parties') finite time and resources. Defendants would, reluctantly, be obligated to request that the discovery be reopened only in the event that (a) this case is not resolved at summary judgment—which it should be; and (b) the Court admits Plaintiffs' Third Disclosures—which it should not.

already considered by the Eleventh Circuit in New Georgia Project v. Raffensperger.  See 976 F.3d 1278 (11th Cir. 2020).  Further, many of these declarants also admit that they were able to vote successfully in the 2020 general election.  For example, "Walker H." avers only that he was "concerned about having enough time to receive my ballot" for the November 2020 election after not receiving it within 10 days of his initial request, so he contacted the Secretary of State who encouraged him to "take advantage of early voting."  Doc No. [603-1] at 188.  "Walker H." voted at State Farm Arena in 15 minutes, noting that he "appreciated how straightforward, clear and helpful the team at the Secretary of State's Office was."  Id.; see also, e.g., id. at 65 ("Tashiana C." requested an absentee ballot on October 7, 2020, received confirmation it was mailed on October 8, 2020, but due to mail delays eventually requested a replacement be sent via FedEx overnight on October 26, 2020.  She returned her absentee ballot and received confirmation of its acceptance on October 31, 2020); 275 ("Winfred M.'s" absentee ballot took "about a month" to arrive on October 22, 2020, after which he returned it by dropbox and received confirmation it was accepted); and 329 ("Paige P." decided to vote early in person after ballot mailed October 9, 2020 was received October 26, 2020).

Other declarations simply address matters wholly outside the scope of this case, such as that of "Tina P.," who alleges to have encountered a locked dropbox in Clayton County at the beginning of the early voting period. Id. at 323. "Toby K." asserts confusion and concern about his BMD-printed paper ballot, despite the fact Plaintiffs have already dismissed their claims relating to the State's voting machines. Id. at 217. Worse yet, at least one declarant seems to openly admit to potentially violating Georgia election law. "Dawn P." testified that she received her absentee ballot at her temporary residence in Vermont and then "sent the ballots overnight for $50 from Vermont to a close family friend in Atlanta" to be returned via dropbox. Id. at 333-34. This approach to absentee ballots may be a violation of O.C.G.A. § 21-2-385(a), which requires that absentee ballots be "personally mail[ed] or personally deliver[ed] . . . to the board of registrars or absentee ballot clerk" or by certain family members. Regardless, none of these declarations—and the others like them—are sufficiently "important" to weigh in favor of their admittance.[2]

---

[2] It is likely that Plaintiffs' new declarations also suffer from the same hearsay and other admissibility issues that plague their original declarations identified before the Court's February 14, 2020 deadline and those that Plaintiffs improperly attempted to cite thereafter in their Statement of Additional Material Facts. Defendants reserve the right to challenge the admissibility of

The fifth factor also weighs against Plaintiffs as, again, they have offered no explanation whatsoever for their actions.

In short, Plaintiffs have made no attempt to meet their burden of demonstrating that admission of the Third Disclosures would be "substantially justified or harmless." Chemence Med. Prod., Inc. v. Quinn, 2014 WL 12538886, at *3 (N.D. Ga. Dec. 30, 2014) ("burden of establishing that a failure to disclose was substantially justified or harmless rests on the plaintiffs."). This ends the inquiry. Id. But even if Plaintiffs had attempted to carry their burden, they would have failed. Every factor that the Court would have considered in evaluating the Third Disclosures weighs against their admittance.

### IV. Plaintiffs' Response to the Court's Invitation to Address Problems With Their Corrected Statement of Additional Material Facts was Nonresponsive.

On August 31, 2020, Defendants filed their Notice of Objection to Plaintiffs' Corrected Statement of Additional Material Facts in its Entirety (Doc. No. [534]) (Defendants' "Objection"), explaining in detail that the Court, pursuant to LR 56.1, should exclude or decline to consider Plaintiffs'

---

all such declarations on substantive grounds should the Court decline to strike or exclude the Third Disclosures in the entirety for the reasons stated herein.

14

Corrected Statement of Additional Material Facts (Doc. No. [506]) (Plaintiffs' "SAMF").[3]

During the January 12, 2021 hearing on Defendants' motions for summary judgment, the Court, before ruling on Defendants' Objection, offered Plaintiffs an opportunity to make changes to their SAMF. Instead, nearly two weeks later, Plaintiffs filed a Notice of Filing Regarding the Court's January 12, 2021, Request (Doc. No. [604]) (Plaintiffs' "Notice"). The Notice does nothing to address the well-founded concerns with the SAMF suggested in the Court's invitation or the substance of Defendants' objections to the SAMF and, in fact, doubles down on that problematic filing. Indeed, Plaintiffs' new "summary of key facts" adds additional argumentative gloss to their SAMF in further violation of LR 56.1. Further telling of Plaintiffs' disinclination to undertake real work on this issue, in refiling their SAMF without substantive revision, Plaintiffs apparently intend to continue to rely on "facts" for which the only cited authority is the report of a proffered expert witness the Court has excluded. See, e.g., Doc. No. [506] at ¶¶ 226, 725, and

---

[3] Defendants filed separately specific responses and objections to each individual paragraph of Plaintiffs' SAMF. Doc. No. [532].

806 (citing Expert Report of K. Brown-Dean); Doc. No. [589] (Order excluding Dr. Brown-Dean).

In sum, Defendants' objections to the SAMF stated in Defendants' Objections remain applicable, and Defendants hereby renew and restate them as if fully set forth herein.[4] See Doc. No. [534].

## Conclusion

Plaintiffs' Third Disclosures represent yet another attempt by Plaintiffs to obfuscate their lack of evidence by abusing the discovery process and impeding this litigation with improper and bloated filings of little to no discernable substance, all for the simple purpose of causing delay and unduly burdening Defendants and the Court. Plaintiffs' actions clearly violate Federal Rules of Civil Procedure 37, and the Court should strike or disregard the Third Disclosures in their entirety.

Additionally, and again for the reasons stated in Defendants' Objection to Plaintiffs' Corrected Statement of Additional Material Facts in its Entirety, the Court should exclude or decline to consider Plaintiffs' SAMF as a whole.

---

[4] The exception to this reassertion of the Objection is the portion of objections based on Defendants' then-pending Daubert motions, none of which comprises the sole basis for Defendants' objection to any portion of the SAMF.

Respectfully submitted this 26th day of January, 2021.

    Christopher M. Carr
    Attorney General
    GA Bar No. 112505
    Bryan K. Webb
    Deputy Attorney General
    GA Bar No. 743580
    Russell D. Willard
    Senior Assistant Attorney General
    GA Bar No. 760280
    State Law Department
    40 Capitol Square, S.W.
    Atlanta, Georgia 30334

    */s/ Josh B. Belinfante*
    Josh B. Belinfante
    Georgia Bar No. 047399
    jbelinfante@robbinsfirm.com
    Vincent R. Russo
    Georgia Bar No. 242628
    vrusso@robbinsfirm.com
    Carey A. Miller
    Georgia Bar No. 976240
    cmiller@robbinsfirm.com
    Brian E. Lake
    Georgia Bar No. 575966
    blake@robbinsfirm.com
    Alexander F. Denton
    Georgia Bar No. 660632
    adenton@robbinsfirm.com
    Melanie L. Johnson
    Georgia Bar No. 466756
    mjohnson@robbinsfirm.com
    Robbins Ross Alloy Belinfante Littlefield LLC
    500 14th Street N.W.

Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing MOTION FOR DISCOVERY SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37, NOTICE OF OBJECTION REGARDING PLAINTIFFS' THIRD SUPPLEMENTAL INITIAL DISCLOSURES, AND NOTICE OF RENEWED OBJECTION TO PLAINTIFFS' CORRECTED STATEMENT OF ADDITIONAL MATERIAL FACTS IN ITS ENTIRETY was prepared double-spaced in 13-point Century New Schoolbook font, approved by the Court in Local Rule 5.1(C).

/s/ *Josh Belinfante*
Josh Belinfante