IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FAIR FIGHT ACTION, INC., et al.,**

　**Plaintiffs,**

v.

**BRAD RAFFENSPERGER, et al.,**

　**Defendants.**

**CIVIL ACTION FILE NO.**

**1:18-CV-5391-SCJ**

## ORDER

This matter appears before the Court on Defendants' Notice of Objection to Plaintiffs' Corrected Statement of Additional Material Facts in its Entirety. Doc. No. [534], as renewed at Doc. No. [610].

A review of the record shows that on August 5, 2020, Plaintiffs filed a Corrected Statement of Additional Material Facts ("CSAMF") that spanned 366 pages and included 1162 enumerated facts. Doc. No. [506].

Defendants subsequently filed a Notice of Objection to Plaintiffs' CSAMF, asserting that Plaintiffs' filing "is not a statement of facts," but essentially "disguised additional legal briefing." Doc. No. [534], p. 2. Defendants also assert that the document is "unwieldy" and "enormous." Id.

In response, Plaintiffs argue that Defendants' Notice of Objection is procedurally defective as the only procedural vehicle for parties to object to Statements of Additional Material Facts is to make objections in their responses to the Statement of Additional Material Fact, which Defendants did at Doc. No. [532].

Here, Plaintiffs are correct as neither the Federal Rules of Civil Procedure nor the Court's Local Rules provide for a global/stand-alone notice of objection. The Local Rules only provide for a response which may include objections, but not a stand-alone document, entitled "Notice of Objection." <u>See generally</u> LR 56.1(B)(3), NDGa ("If respondent provides a statement of additional material facts, then, within the time allowed for filing a reply, the movant shall file a response to each of the respondent's facts. The range of acceptable responses is limited to: (a) an objection to the admissibility of the evidence upon which the respondent relies, (b) an objection pointing out that the respondent's evidence does not support the respondent's fact; (c) an objection on the ground that the respondent's fact is not material or does not otherwise comply with the provisions set out in LR 56.1(B)(1), and (d) a concession that the Court can

properly consider the respondent's evidence for purposes of the summary judgment motion.").

Nevertheless, as the Court acknowledged at the January 12, 2021 hearing, Defendants may have been warranted in calling Plaintiffs' CSAMF unwieldy and lacking conciseness. Doc. No. [607]; cf. Frazier v. Doosan Infracore Int'l, Inc., No. 1:09-CV-187-TCB, 2011 WL 13162052, at *3 (N.D. Ga. Feb. 24, 2011), aff'd, 479 F. App'x 925 (11th Cir. 2012) ("[W]hile Local Rule 56.1 may not impose a limit on the number of facts, it does require that the statement of facts be concise and include only material facts. [Plaintiff's] original statement of facts [of 281 entries] does not comply with these requirements, as it is not concise and it is replete with immaterial facts."). However, Plaintiffs' filing of an abbreviated factual summary (at Doc. No. [604]) satisfied this Court's request to come up with a solution.

In the absence of a local rule, for purposes of this case, the Court sets forth the following best practice in hopes of preventing a future similar circumstance. More specifically, any party faced with what it deems an unwieldy or enormous filing should bring this matter to the Court's attention through a request for a status conference with the Court or the filing of an emergency motion pursuant

3

to Local Rule 7.2(B), NDGa. The Court encourages all attorneys of record to engage in good faith discussions before pursuing either practice.

With that said, the objection, as renewed (Doc. No. [534], [610]) is **OVERRULED**.

**IT IS SO ORDERED** this 31st day of March, 2021.

<u>s/Steve C. Jones</u>
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**