IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FAIR FIGHT ACTION, INC., et al.,**

  **Plaintiffs,**

v.

**BRAD RAFFENSPERGER, et al.,**

  **Defendants.**

CIVIL ACTION FILE NO.

1:18-CV-5391-SCJ

## ORDER

This matter appears before the Court on Plaintiffs' Motion to Clarify or Modify Interlocutory Orders. Doc. No. [631].

In their Motion, Plaintiffs seek to clarify, or otherwise modify, two of the Court's interlocutory orders to address Plaintiffs' (and Defendants') ability to introduce trial evidence regarding events in 2019, 2020, and 2021 ("post-2018 evidence"). Id. at 1. More specifically, Plaintiffs seek modification of the Court's February 2020 Order so that it permits "Plaintiffs to identify declarants/witnesses who would testify regarding their post-2018 election experiences; and the March 2021 Order so it permits Plaintiffs to proffer trial

witness testimony regarding witnesses' post-2018 election experiences." Id. at 31–32.

In response to Plaintiffs' motion, Defendants indicated that they "will entertain discussions with Plaintiffs about the scope of additional witnesses when the scope of trial is set and Plaintiffs have identified the potential witnesses." Doc. No. [632], 3.

After review, it appears that both Plaintiffs and Defendants will need to rely on post-2018 election evidence to meet their evidentiary burdens at trial. The Court will exercise its plenary power to **GRANT** the Motion for Clarification (Doc. No. [631]) to permit both parties to introduce post-2018 election evidence at trial.[1] However, the Court would prefer for the parties to meet and confer to discuss the scope of any additional witnesses—and make an attempt to present the Court with a proposed consent order on pretrial and trial logistics for the post-2018 evidence. Said meet and confer shall occur within **TEN DAYS** of the issuance of this Order. If the parties are unable to agree on a proposed consent

---

[1] See Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995) (discussing court's "plenary power" to "reconsider, revise, alter or amend" an interlocutory order at any time prior to final judgment) (citations and quotations omitted).

order, the parties shall each present their own individual proposals for how the post-2018 evidence should be addressed prior to (and at) trial. The proposed consent order (or individual proposals) shall be due by **9:00 A.M., NOVEMBER 29, 2021.**

    **IT IS SO ORDERED** this 15th day of November, 2021.

 

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**