# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FAIR FIGHT ACTION, INC; CARE IN ACTION, INC; EBENEZER BAPTIST CHURCH OF ATLANTA, GEORGIA, INC.; BACONTON MISSIONARY BAPTIST CHURCH, INC; VIRGINIA-HIGHLAND CHURCH, INC.; and THE SIXTH EPISCOPAL DISTRICT, INC.,

  *Plaintiffs,*

  v.

BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; REBECCA N. SULLIVAN, SARAH TINDALL GHAZAL, MATTHEW MASHBURN, and ANH LE, in their official capacities as members of the STATE ELECTION BOARD; and STATE ELECTION BOARD,

  *Defendants.*

Civil Action Number
1:18-cv-05391-SCJ

## PLAINTIFFS' PROPOSAL IN ACCORDANCE WITH COURT'S DIRECTION (ECF 635 at 3)

The Court directed the Parties to meet and confer and "make an attempt to present the Court with a proposed consent order on pretrial and trial logistics for the post-2018 evidence." Order, Pltfs.' Mot. to Clarify 2-3, ECF 635. The Parties met via Zoom conference on Tuesday, November 23, 2021, but were unable to

1

reach sufficient agreement to submit a proposed Consent Order for the Court's consideration. Plaintiffs therefore submit their proposal for addressing the post-2018 evidence.

In its Order granting Plaintiffs' Motion for Clarification, this Court recognized that "both parties will need to rely on post-2018 election evidence to meet their evidentiary burdens at trial." Order, Pltfs.' Mot. to Clarify 2, ECF 634. Plaintiffs have obtained post-2018 election evidence, including witnesses who will testify regarding their post-2018 election experience, and have set forth a proposal below for discovery related to that evidence.

Plaintiffs' proposal also addresses Defendants' documents and witnesses relating to post-2018 election matters. As Plaintiffs described in their Motion for Clarification, Defendants will argue at trial that Georgia elections are now handled differently and the Secretary of State's training modules have changed so that the requested relief is not warranted. Defendants' arguments necessitate further, but limited, discovery. At the time Defendants' document production in this case ended, the changes Defendants now claim were made to Defendants' election practices and training were not reflected in the documents Defendants produced. Further, depositions of Defendants' personnel occurred prior to the changes Defendants claim were made. Thus, Plaintiffs have been provided no documents about these alleged changes and have been afforded no opportunity to ask

Defendants' personnel about them through depositions. In addition, the Secretary of State's office has had significant turnover of personnel, including the departure of Chris Harvey, its director of the Elections Division. This turnover likely means Defendants will be proffering at trial witnesses whom Defendants have not previously disclosed as having information relevant to this case and whose depositions Plaintiffs did not have had reason, or opportunity, to take during the regular discovery period.

Due to the passage of time, the occurrence of intervening elections, and changes Defendants assert have occurred in Defendants' training and handling of elections, Plaintiffs will need to have additional discovery from Defendants. Plaintiffs, however, have every incentive—in particular, the incentive to get this case tried as soon as possible—to keep that discovery narrowly tailored to the remaining claims in this case: the Exact Match Policy, voter roll maintenance and inaccuracies, and the handling of absentee ballot cancellations.

Balancing the need for limited additional discovery and Plaintiffs' desire to try this case in the first quarter of 2022 (should this Court's schedule permit), Plaintiffs propose the following ambitious, but achievable, schedule:[1]

---

[1] If the Court's calendar does not permit a trial in the first quarter of 2021, Plaintiffs suggest the accelerated schedule proposed herein can be extended.

1. The Parties' Consolidated Pretrial Order is due on December 15, 2021, and that date should not be moved. At this point, the Parties know, or should know, which witnesses and documents they may proffer at trial. To the extent the additional discovery outlined in this proposal generates new evidence a Party wishes to proffer at trial, Plaintiffs propose the Court permit the Parties to submit amendments, including amended exhibit lists, witness lists, and deposition designations, to include that new evidence.

2. To give the Parties enough time to identify objections to the exhibits on the other side's exhibit list, Plaintiffs propose that the Parties exchange exhibit lists and the documents on their respective exhibit lists no later than December 6, 2021. The exhibit lists should be exchanged in a format that is both searchable and sortable and the documents should be provided via an ftp site or other downloadable method.

3. To facilitate the Parties' final trial preparation, Plaintiffs propose the following schedule:

    a. Between December 3, 2021, and December 15, 2021, Plaintiffs will provide Defendants with the names and contact information for an anticipated twenty-five to forty potential witnesses likely to have discoverable information to support Plaintiffs' claims and

defenses and whose testimony relates to post-2018 election events pertaining to Plaintiffs' remaining claims. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). At the time Plaintiffs identify the additional witnesses, Plaintiffs will provide Defendants with any Declarations Under Penalty of Perjury, witness statements, or summaries of the anticipated areas of testimony for each of the identified witnesses.

b. As soon as practicable after receiving the names of Plaintiffs' additional witnesses, but in any event no later than December 23, 2021, Defendants tell Plaintiffs which of the witnesses Defendants intend to depose. Plaintiffs will facilitate arrangements for any depositions (with Defendants arranging for transcription). Those depositions can be conducted, to the extent practicable, on multiple and simultaneous tracks, and may be conducted via video conference.

c. Two of Plaintiffs' expert witnesses, Drs. Adrienne Jones and Lorraine Minnite, have prepared updated reports that focus on specific post-2018 election evidence. Plaintiffs will provide Defendants with those updated reports by December 3, 2021. Plaintiffs recognize Defendants may want to conduct brief depositions based on the updated reports so Plaintiffs propose that,

no later than December 17, 2021, Defendants notify Plaintiffs whether they intend to conduct further depositions of Drs. Jones or Minnite. If Defendants conduct an additional deposition of either Dr. Jones or Dr. Minnite, those depositions should be limited to the updated reports and should be conducted in no more than two hours. Plaintiffs will also produce an updated report of Kevin Kennedy that corrects the bates ranges for voter complaints in his original report and accounts for additional voter complaints he has since reviewed.  Because Defendants may produce additional documents or witness testimony (including pursuant to Fed. R. Civ. P. 30(b)(6)) as to which Mr. Kennedy's original report should be updated, Plaintiffs propose providing Mr. Kennedy's updated report after Defendants' additional production.  Defendants may depose Mr. Kennedy but the deposition will be limited to his updated report and shall be limited to no more than two hours. Similarly, Plaintiffs may update the report of Dr. Kenneth R. Mayer to address post-2018 evidence after Defendants' additional production.  Defendants may depose Dr. Mayer on any updated report but the deposition will be limited to any updated report and to no more than two hours.

   d. To expedite and streamline the additional discovery Plaintiffs need from Defendants, Plaintiffs may take a deposition of the Secretary of State pursuant to Fed. R. Civ. P. 30(b)(6). The topics for the deposition will be limited to post-2018 election matters relating to Plaintiffs' remaining claims. Plaintiffs can provide Defendants with a list of proposed deposition topics no later than December 1, 2021.

   e. Defendants will identify any additional witnesses they may call in support of their claims and defenses related to post-2018 election matters no later than December 10, 2021. Plaintiffs may depose Defendants' additional witnesses and obtain relevant documents from Defendants in the advance of the depositions.

   f. On December 3, 2021, Plaintiffs will provide Defendants with date parameters, a list of custodians (necessitating Defendants' input to ensure the list is accurate), and proposed search terms for documents Plaintiffs want Defendants to produce. As stated above, Plaintiffs will limit those documents to post-2018 election matters and training pertaining to the remaining claims in the case.

g. Document production is to be completed not later than January 7, 2022.  Depositions are to be completed not later than January 21, 2022.

h. The Parties will continue their discussions about the scope and timing of any additional discovery, including document discovery from Defendants. To keep discovery moving quickly and efficiently, the Parties will report to the Court weekly on their progress and any disputes that may arise. The Parties' Status Reports are due not later than noon on each Friday, beginning with the first submission on December 10, 2021.

Respectfully submitted this, the 29th day of November, 2021.

*Allegra J. Lawrence*
Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Celeste Coco-Ewing (admitted *pro hac vice*)
Michelle L. McClafferty (GA Bar No. 161970)
Maia Cogen (GA Bar No. 832438)
Suzanne Smith Williams (GA Bar No. 526105)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
celeste.coco-ewing@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com
maia.cogen@lawrencebundy.com
suzanne.williams@lawrencebundy.com

Thomas R. Bundy (Admitted *pro hac vice*)
**LAWRENCE & BUNDY LLC**
8115 Maple Lawn Boulevard
Suite 350
Fulton, MD 20789
Telephone: (240) 786-4998
Fax: (240) 786-4501
thomas.bundy@lawrencebundy.com

Dara Lindenbaum (Ga. Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW
Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: 202-479-1115
lindenbaum@sandlerreiff.com

Elizabeth Tanis (GA Bar No. 697415)
John Chandler (GA Bar No. 120600)
957 Springdale Road, NE
Atlanta, GA 30306
Telephone: (404) 771-2275
beth.tanis@gmail.com
jachandler@gmail.com

Kurt G. Kastorf (GA Bar No. 315315)
**KASTORF LAW, LLC**
1387 Iverson St., Suite 100
Atlanta, GA 30307
Telephone: (404) 900-0330
kurt@kastorflaw.com

Matthew G. Kaiser (Admitted *pro hac vice*)
Sarah R. Fink (Admitted *pro hac vice*)
**KAISERDILLON PLLC**
1099 Fourteenth Street, NW
Eighth Floor West
Washington, DC 20005
Telephone: (202) 640-2850
Fax: (202) 280-1034
mkaiser@kaiserdillon.com
sfink@kaiserdillon.com

Andrew D. Herman (Admitted *pro hac vice*)
**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
aherman@milchev.com

Kali Bracey (Admitted *pro hac vice*)
Ishan Bhabha (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Fax: (202) 639-6066
kbracey@jenner.com

Jeremy M. Creelan (Admitted *pro hac vice*)
Elizabeth Edmondson (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 891-1600
Fax: (212) 891-1699
jcreelan@jenner.com
eedmondson@jenner.com

Von A. DuBose
**DUBOSE MILLER LLC**
75 14th Street N.E., Suite 2110
Atlanta, GA 30309
Telephone: (404) 720-8111
Fax: (404) 921-9557
dubose@dubosemiller.com

Johnathan Diaz (Admitted *pro hac vice*)
Paul M. Smith (Admitted *pro hac vice*)
**CAMPAIGN LEGAL CENTER**
1101 14 St. NW Suite 400
Washington, DC 20005
Telephone: (202)736-2200
psmith@campaignlegal.org
jdiaz@campaignlegal.org

*Counsel for Fair Fight Action, Inc.; Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Baconton Missionary Baptist Church, Inc.; Virginia-Highland Church, Inc.; and The Sixth Episcopal District, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021, I electronically filed **PLAINTIFFS' PROPOSAL IN ACCORDANCE WITH COURT'S DIRECTION (ECF 635 at 3)** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

>*Allegra J. Lawrence*
>Allegra J. Lawrence
>Georgia Bar No. 439797
>Attorney for Plaintiffs