## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FAIR FIGHT ACTION, *et al.*,           )
                                       )
    Plaintiffs,       )
                                       )
v.                                     )     Civil Action File
                                       )
BRAD RAFFENSPERGER, in his             )     No. 1:18-cv-05391-SCJ
official Capacity as Secretary of      )
State of Georgia, *et al.*,            )
                                       )
    Defendants.       )
_____       )

## DEFENDANTS' PROPOSED SCHEDULE FOR DISCOVERY OF POST-2018 EVIDENCE

Defendants submit this proposed schedule to address how "post-2018 evidence" should be addressed prior (and at) trial pursuant to the Court's October 15, 2021 Order on Plaintiffs' Motion to Clarify or Modify Interlocutory Orders (the "Order"). Doc. No. [635].

In short, Plaintiffs have identified extensive discovery that they seek to introduce or undergo, including 25-40 new Plaintiffs' witnesses; additional 30(b)(6) deposition(s) of the Secretary of State; additional deposition(s) of the State Election Board; and supplemental expert reports. This is effectively a new round of discovery, but Plaintiffs want to complete all of it before January. This is both unrealistic and inconsistent with the Court's Order.

Defendants submit that such extensive discovery can go forward, or a pretrial order can be prepared in December, not both.

## I.    Preliminary Matters.[1]

Plaintiffs' current proposed discovery appears inconsistent with what it sought just a few months ago.[2]  As described in the Order, Plaintiffs requested that the Court reopen discovery to "permit[] 'Plaintiffs to identify declarants/witnesses who would testify regarding their post-2018 election experiences; and the March 2021 Order so it permits Plaintiffs to proffer trial witness testimony regarding witnesses' post-2018 election experiences.'"  Doc. No. [635] at 1-2 (quoting Doc. No. [631] at 31-32).  As pled, Plaintiffs' request included neither discovery on the Defendants (deposition or written), nor supplemental expert reports.  Things have changed, and if the Court envisions a larger scope of new discovery, the deadlines stated herein may need to be adjusted accordingly.

---

[1] The Parties met and conferred regarding this issue, in accordance with the Court's order, on Tuesday, November 23, 2021.  Defendants responded to Plaintiffs' proposed new discovery the following day.  While the discussions were productive, the Parties could not agree on a path forward or a consent scheduling order.

[2] The previous deadlines for discovery and new declarants passed in March and February 2020, respectively. See Docs. No. [225] and [228].

First, Plaintiffs intend to identify, on December 3, 2021, "25-40" new witness that will testify regarding their voting experiences. It is unclear to Defendants why so many new witnesses are necessary given (a) Plaintiffs' stated purpose for the new witnesses is simply to establish support for injunctive relief and counter Defendants' anticipated mootness arguments; and (b) the massive scope of discovery already completed in this case. Nevertheless, Defendants' proposed deadlines herein are designed to accommodate these "25-40" new witnesses. The Parties have agreed to work collaboratively to take the depositions of the new witnesses, including agreements to do so virtually, running simultaneous "tracks," and with Plaintiffs coordinating with the witnesses.

Second, during the Parties' meeting and conferral, Plaintiffs provided the following non-exhaustive list of *additional* discovery they anticipated pursuing in addition to the identification of their post-2018 witnesses:

- A supplemental 30(b)(6) deposition of a representative from the Secretary State's Office;

- A supplemental 30(b)(6) deposition of a representative from the State Election Board;

- Additional document requests regarding changes to the remaining challenged practices;

- Supplemental expert reports of Drs. Jones and Minnite; and

- Unspecified additional depositions and document requests if Defendants name additional witnesses to testify regarding Georgia's election procedures.

Defendants do not believe that the above expansive discovery is authorized or contemplated by the Order, nor is it warranted at this late stage.[3] As importantly, it is difficult for Defendants to project how much time would be needed to respond to such discovery requests given the list of outstanding questions.  For example, would ESI be requested?  What are the number of custodians against whom additional discovery will be sought?  How many topics would the 30(b)(6) notice include?  What is the scope of documents sought from Defendants?

In the light of this uncertainty, Defendants have not accounted for Plaintiffs' proposed discovery on Defendants in Defendants' proposed deadlines.  If the Court were to allow such discovery, the deadlines would again need to be adjusted accordingly.  For example, in the event that the Court permits Plaintiffs' experts to submit supplemental reports, Defendants

---

[3] Buttressing this point is that the bulk of Defendants' post-2018 arguments center either around changes in the law, which do not present factual questions, or matters for which this Court can take judicial notice like the election of Senator Warnock and Congresswoman Williams.

would reserve the right to object and file *Daubert* motions to exclude those supplemental portions of these reports and/or re-depose said experts.[4]

While it is difficult to estimate a timeframe given the contingent and open-ended nature of these discovery efforts, Defendants would not expect the Parties to be ready to submit a consolidated pretrial order under this track until late spring 2020 at the earliest.

## II.    Proposed Schedule

Considering the issues addressed herein, Defendants respectfully propose the following pretrial deadlines to facilitate discovery of the Parties' respective post-2018 evidence:

- **December 3, 2021:** Plaintiffs to identify all new declarant witness they intend to introduce at trial with names, contact information, and

---

[4] A prime example is Dr. Jones's testimony.  This Court has said that she is qualified to testify "about the history of voter suppression in Georgia."  Doc. No. [577] at 11.  It is unclear what "history" has advanced since discovery previously closed, Dr. Jones completed her report, and sat through a deposition. This is highlighted by fact that this Court has already, without objection from Defendants, taken judicial notice of Georgia's "long sad history of racist policies in a number of areas including voting." Doc. No. [636] at 41 (citing Doc. No. [617], 70–71 (citing Doc. No. [450-1], 50 n.38)). And, Dr. Jones's report ends its inquiry well before the 2018 election (meaning, additional information could likely have been included previously).  Doc. No. [386] at 21-23.

declarations and/or scope of anticipated testimony for each such witness.

- **January 17, 2022:** Defendants to complete depositions of Plaintiffs' newly identified declarant witnesses.

- **January 31, 2022:** Defendants to identify any additional or responsive witnesses in response to the testimony provided by Plaintiffs' declarants.

- **February 21, 2022:** Plaintiffs to complete depositions and, if necessary, any supplemental document requests regarding Defendants' additional or responsive witnesses.[5]

- **March 7, 2022:** The Parties' consolidated pretrial order to be submitted to the Court.

## III.   Conclusion

Defendants respectfully request that the Court adopt the foregoing schedule and deadlines for the reasons stated herein.  A proposed order is attached hereto for the Court's convenience.

---

[5] Defendants do not anticipate identifying a large number of additional or responsive witnesses and would agree to provide responsive documents to any supplemental requests on an expedited basis, provided that such do not require extensive communication or ESI searches.

Respectfully submitted this 29th day of November by:

Christopher M. Carr
Attorney General
GA Bar No. 112505
Bryan K. Webb
Deputy Attorney General
GA Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
GA Bar No. 760280
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334


*/s/ Josh B. Belinfante*
Josh B. Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Carey A. Miller
Georgia Bar No. 976240
cmiller@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Alexander F. Denton
Georgia Bar No. 660632
adenton@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street N.W.

Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3255

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Attorneys for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing

**DEFENDANTS' PROPOSED SCHEDULE FOR DISCOVERY OF**

**POST-2018 EVIDENCE** was prepared double-spaced in 13-point Century

New Schoolbook font, approved by the Court in Local Rule 5.1(C).

<u>*/s/ Josh Belinfante*</u>
Josh Belinfante

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this date electronically filed the foregoing

**DEFENDANTS' PROPOSED SCHEDULE FOR DISCOVERY OF POST-**

**2018 EVIDENCE** with the Clerk of Court using the CM/ECF system which

will automatically send email notification of such filing to the attorneys of

record listed on the case.

This 29th day of November, 2021.

<u>*/s/ Josh Belinfante*</u>
Josh Belinfante