IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FAIR FIGHT ACTION, INC., et al.,**

   **Plaintiffs,**

**v.**

**BRAD RAFFENSPERGER, et al.,**

   **Defendants.**

**CIVIL ACTION FILE NO.**

**1:18-CV-5391-SCJ**

## ORDER

This matter appears before the Court for the purpose of pretrial scheduling. After reviewing each parties' respective scheduling proposals (Doc. Nos. [637]; [638]) and holding a November 29, 2021 hearing, the Court rules as follows.

1. Pursuant to the Court's discretion to orderly manage the upcoming trial, the Court **ORDERS** that the cutoff date for the remaining discovery for all post-2018 election evidence is the **January 5, 2021 elections**.[1]

---

[1] The Court recognizes Plaintiffs' Counsel's argument that evidence will continue to mount until trial as well as Plaintiffs' proposed December 2021 cutoff date. However, in

2. The parties shall exchange exhibit lists and the documents on their respective exhibit lists no later than **DECEMBER 6, 2021**. The exhibit lists should be exchanged in a format that is both searchable and sortable and the documents should be provided via an FTP site or other downloadable method.

3. By **DECEMBER 7, 2021**, Plaintiffs shall provide Defendants with the names and contact information for the anticipated twenty-five to forty potential witnesses likely to have discoverable information to support Plaintiffs' claims and defenses and whose testimony relates to post-2018 election events pertaining to Plaintiffs' remaining claims. At the time Plaintiffs identify the additional witnesses, Plaintiffs shall provide Defendants with any declarations (under penalty of perjury), witness statements, or summaries of the anticipated areas of testimony for each of the identified witnesses.

---

light of the fact that there were significant changes to Georgia election's laws on March 25, 2021 due to the passage of Senate Bill 202 (which is not being litigated in the case *sub judice*), the Court deems it proper to limit the evidence to the elections occurring prior to the passage of SB 202. See Brown v. Plata, 563 U.S. 493, 523 (2011) (indicating that it was within the sound discretion of the court to impose a discovery cutoff date a few months before trial and that "[o]rderly trial management may require discovery deadlines . . . .").

    a.    Defendants shall produce the "eNet" history of each of Plaintiffs' potential witnesses/declarants by **DECEMBER 14, 2021**.

    b.    As soon as practicable after receiving the names of Plaintiffs' additional witnesses, but in any event no later than **DECEMBER 14, 2021**, Defendants shall tell Plaintiffs which of the witnesses Defendants intend to depose. Plaintiffs shall thereafter facilitate arrangements for any depositions (with Defendants arranging for transcription). Those depositions can be conducted, to the extent practicable, on multiple and simultaneous tracks, and may be conducted via video conference.

    c.    Defendants shall complete depositions of Plaintiffs' newly identified declarant witnesses by **JANUARY 7, 2022**.

4. Defendants shall produce all election bulletins that concern post-2018 elections by **DECEMBER 10, 2021.**

5. The Court declines to order search terms and an additional electronically stored information ("ESI") search.[2]

6. Defendants shall identify any additional witnesses they may call in support of their claims and defenses related to post-2018 election matters no later than **JANUARY 14, 2022**. Plaintiffs may depose Defendants' additional witnesses and obtain relevant documents

---

[2] The Court recognizes that in their scheduling proposal, Plaintiffs included requests for Rule 30(b)(6) depositions, electronically stored information searches, and document production; however, in reviewing Plaintiffs' Motion to Clarify or Modify Interlocutory Orders (Doc. No. [631]), the Court notes that such discovery was not specifically requested and the Court declines to reopen this case into full-blown discovery at this late (trial) stage of the case, especially considering the significant amount of discovery that has already been obtained and the limited amount of time remaining for proper trial preparation for all involved in this case. See United States v. Easement & Right-of-way Over 4.42 Acres of Land, 782 F. App'x 945, 951 n.3 (11th Cir. 2019) (indicating that reopening of discovery is "another decision that is left to the broad discretion of the district court" and accepting that there would be prejudice by having to take a large number of deposition at a late stage of the case); Artistic Ent., Inc. v. City of Warner Robins, 331 F.3d 1196, 1202 (11th Cir. 2003) ("Generally, a motion for additional discovery is properly denied where a significant amount of discovery has already been obtained and further discovery would not be helpful."); see also EarthCam, Inc. v. OxBlue Corp., 703 F. App'x 803, 814 (11th Cir. 2017) ("Because the impact on judicial proceedings of extending discovery varies from case to case, district courts have considerable leeway in handling discovery matters. The district court in this case struck a careful balance between unwieldy discovery costs and the search for truth.").

      from Defendants in the advance of the depositions [3] with the exception that no additional 30(b)(6) depositions of the Secretary of State or State Election Board shall occur.

7. Plaintiff shall provide the supplemental expert reports of Drs. Adrienne Jones and Lorraine Minnite to Defendants by **DECEMBER 3, 2021**. The supplements shall only focus on specific post-2018 election evidence. Defendants shall notify Plaintiffs no later than **DECEMBER 17, 2021** if they intend to conduct further depositions of Drs. Jones and Minnite. If Defendants conduct an additional deposition of either Dr. Jones or Dr. Minnite, those depositions shall be limited to the supplemental reports and shall be limited to no more than two hours in length.

8. Plaintiffs shall provide a supplemental expert report of Kevin Kennedy to Defendants by **DECEMBER 15, 2021**. The supplemental expert report shall be limited to: correction of the Bates ranges for voter complaints in his original report and

---

[3] Defendants shall attempt to provide responsive documents on an expedited basis pursuant to the statement in their proposed schedule. Doc. No. [638], 6 n.5.

accounting for additional voter complaints (reviewed since his March 31, 2020 deposition and pertaining to post-2018 elections). Defendants may depose Mr. Kennedy but the deposition shall be limited to the contents of his supplemental report and shall be no more than two hours in length.

9. Plaintiffs shall provide a supplemental expert report of Dr. Kenneth R. Mayer to Defendants by **DECEMBER 15, 2021**. Defendants may depose Dr. Mayer but the deposition shall be limited to the contents of his supplemental report and shall be no more than two hours in length.

10. Unless otherwise specified herein, depositions are to be completed not later than **JANUARY 21, 2022.**

11. The Parties shall continue their discussions about the scope and timing of any additional discovery that they voluntarily agree to amongst themselves.

12. To keep discovery moving efficiently in anticipation of trial, the Parties shall report to the Court weekly on their progress and any disputes that may arise. The Parties' status reports are due not later

than noon on each Friday, beginning with the first submission on **DECEMBER 10, 2021**.

13. The Proposed Consolidated Pretrial Order is due **DECEMBER 15, 2021**.

14. All amendments to the Consolidated Pretrial Order are due by **JANUARY 27, 2022**.[4]

15. A final pretrial conference will be held on **FEBRUARY 4, 2022 at 9 A.M.** (Courtroom 1907, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia).

16. The bench trial of this case shall occur: **FEBRUARY 7–18, 2022**.

**IT IS SO ORDERED** this ___30th___ day of November, 2021.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[4] Amendments *prior* to the Court's signing of the pretrial order shall be by Notice of Amendment filed on CM/ECF. After the Court signs the pretrial order, all proposed amendments shall be by motion.