IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, INC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, *et al.*,<br><br>*Defendants*. | Civil Action No.<br>1:18-cv-05391-SCJ |

**PLAINTIFFS' STATUS REPORT IN ACCORDANCE WITH
PARAGRAPH 12 OF THE COURT'S
NOVEMBER 30, 2021, ORDER, ECF 641**

Plaintiffs report to the Court on the Parties' progress on various matters addressed in the Court's November 30, 2021, Order, ECF 641:

**I.     Discovery from Plaintiffs' witnesses is nearing completion.**

Plaintiffs have provided dates for twenty of the twenty-five post-2018 witnesses Defendants said they wanted to depose. Plaintiffs have arranged dates for all twenty of those witnesses and have advised Defendants of their availability. Plaintiffs are working on dates for the remaining five, all of which are to be completed by Friday, January 7, 2022.

Plaintiffs hereby withdraw Payal Shah from their list of witnesses, obviating the need for guidance from the Court requested by Defendants in their December 30, 2021, Status Report.

1

## II. The Parties are cooperating on scheduling expert witnesses.

The two-hour depositions of Plaintiffs' witnesses Dr. Adrienne Jones and Dr. Lorraine Minnite are scheduled for January 4 and January 7 respectively and Plaintiffs hereby offer January 7 for Dr. Mayer.

## III. There are several outstanding issues.

While Defendants have responded substantively to some of the issues Plaintiffs raised in their December 24, 2021, Status Report, ECF 676, others remain outstanding.

1. Defendants identified J. Blake Evans on their Consolidated Pretrial Order witness list, ECF 658-4. Defendants had not previously disclosed Mr. Evans as a potential witness or person with knowledge relevant to this case. Although Defendants have agreed to make Mr. Evans available for a deposition, Defendants have not provided Plaintiffs any information, much less the basic information Fed. R. Civ. P. 26(a)(1)(A)(i) requires, about Mr. Evans' expected testimony, despite Plaintiffs' repeated requests. Instead, Defendants claim they identified Mr. Evans "early" and have exceeded any obligations they have regarding providing a preview of their witnesses. *See* Exhibit 1 (email exchange between Ms. Bryan and Mr. Belinfante). Defendants must have had a reason for including Mr.

Evans on their witness list and their hiding-the-ball tactic—they "reserve the right to provide [Plaintiffs] with additional information in the New Year"— is not justified.

2. Plaintiffs have offered limited depositions of Plaintiffs' witnesses Cianti Stewart-Reid and Bronson Woods. Ms. Stewart-Reid has replaced Lauren Groh-Wargo as Executive Director of Fair Fight Action, Inc. and Rev. Woods is a minister at Ebenezer Baptist Church. Plaintiffs identified both witnesses on their witness list that accompanied the Consolidated Pretrial Order. Defendants have agreed to take limited depositions and Plaintiffs are identifying available dates.

3. Defendants have yet to respond to Plaintiffs' suggestion that Plaintiffs use the previously conducted deposition of Governor Kemp at trial in lieu of securing Governor Kemp's attendance with a subpoena.

4. Senator Rev. Raphael Warnock, prior to his election to the United States Senate, sat for a deposition as the Federal Rule of Civil Procedure 30(b)(6) representative of Plaintiff Ebenezer Baptist Church. Plaintiffs have asked Defendants to agree that Plaintiffs may use his deposition instead of presenting him live at trial. Defendants have not responded (beyond saying—last week—they would respond early this past week).

5. Defendants also have yet to respond to Plaintiffs' proposal regarding deposition designations. Defendants' December 30, 2021, Status Report 5, ECF 679, says the "Parties are conferring," but the only substantive communication to date has come from Plaintiffs. Plaintiffs raised the issue of objections and counter-designations at the Parties' meet and confer session on November 23, 2021, and on December 20, 2021, proposed an orderly schedule for the exchange of objections and counter-designations to the portions of depositions designated pursuant to the Court's Pretrial Order. Plaintiffs' proposal is as follows:[1]

    a. For deposition designations that Plaintiffs provided with the Consolidated Pretrial Order, Defendants provide objections and counter-designations no later than January 14.

    b. Plaintiffs object and provide counter-counter-designations no later than January 21.

    c. The week of January 24, the parties meet in an effort to resolve objections – to both documents on the Parties' respective exhibit lists and to deposition designations and objections – in advance of the pretrial conference.

    d. The Parties notify the Court of the status of objections on January 31, in advance of the February 4 pretrial conference.

---

[1] Some of the post-2018 witnesses are outside the subpoena power of the Court. For that reason, Plaintiffs anticipate designating portions of the new depositions and will supply the designations to Defendants on a rolling basis. Plaintiffs may designate from other witnesses out of an abundance of caution should they become "unavailable" for currently unforeseen reasons and will similarly provide those designations on a rolling basis.

## IV. A conference is not needed to address Defendants' "other issues."

Defendants' "Trial Outline/Overview" section, ECF 679 at 5, is a belated and impermissible attempt to reargue this Court's rulings on summary judgment, ECF 612 (Standing) and ECF 617 (Merits). As the Court observed, "Defendants' Motion for Summary Judgment and accompanying brief do not address [Plaintiffs' list accuracy] claim." Order Def. Mot. for Summ. J'ment 45, ECF 617. The Court correctly determined, "absent notice and time to respond, the Court cannot grant summary judgment on a claim not moved upon." *Id*. 45-6. Now, faced with an imminent trial, Defendants regret their decision to not raise the issue on summary judgment so they are trying to correct their failure through a thinly veiled challenge to the scope of the trial. Their limited Status Report arguments, however, fall short of the burden that would have been required on summary judgment.

Defendants' arguments are also unfounded for reasons stated in this Court's summary judgment orders on jurisdiction,[2] the merits (*see* supra), and Plaintiffs' Voting Rights Act claim.[3] To the extent Defendants are raising new arguments in their status report, Plaintiffs cannot fully address them in a status report due less than 24 hours after Defendants' filing. Given the imminence of trial, the press of trial preparation, and this Court's prior rulings, Plaintiffs ask the Court to reject

---

[2] Order, Defs.' Mot. Summ. J'ment (Standing) 42, ECF 612.
[3] Order, Defs.' Mot. Summ. J'ment (VRA) 29, n.24, ECF 636.

Defendants' belated attempt to curtail Plaintiffs' voter roll inaccuracy claims.

Respectfully submitted this, the 31st day of December, 2021.

/s/ *Allegra J. Lawrence*
Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Lovita T. Tandy (GA Bar No. 697242
Celeste Coco-Ewing (Admitted *pro hac vice*)
Michelle L. McClafferty (GA Bar No. 161970)
Monica R. Owens (GA Bar No. 557502)
Rodney J. Ganske (GA Bar No. 283819)
Maia Cogen (GA Bar No. 832438)
Suzanne Smith Williams (GA Bar No. 526105)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
lovita.tandy@lawrencebundy.com
celeste.coco-ewing@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com
monica.owens@lawrencebundy.com
maia.cogen@lawrencebundy.com
suzanne.williams@lawrencebundy.com

Thomas R. Bundy (Admitted *pro hac vice*)
**LAWRENCE & BUNDY LLC**
8115 Maple Lawn Boulevard
Suite 350
Fulton, MD 20789
Telephone: (240) 786-4998
Fax: (240) 786-4501
thomas.bundy@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW
Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: 202-479-1115
lindenbaum@sandlerreiff.com

Elizabeth Tanis (GA Bar No. 697415)
John Chandler (GA Bar No. 120600)
957 Springdale Road, NE
Atlanta, GA 30306
Telephone: (404) 771-2275
beth.tanis@gmail.com
jachandler@gmail.com

Kurt G. Kastorf (GA Bar No. 315315)
**KASTORF LAW, LLC**
1387 Iverson St, Suite 100
Atlanta, GA 30307
Telephone: (404) 900-0330
kurt@kastorflaw.com

Matthew G. Kaiser (Admitted *pro hac vice*)
Sarah R. Fink (Admitted *pro hac vice*)
**KAISERDILLON PLLC**
1099 Fourteenth Street, NW
Eighth Floor West
Washington, DC 20005
Telephone: (202) 640-2850
Fax: (202) 280-1034
mkaiser@kaiserdillon.com
sfink@kaiserdillon.com

Kali Bracey (Admitted *pro hac vice*)
Ishan Bhabha (Admitted *pro hac vice*)
Victoria Hall-Palerm (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Fax: (202) 639-6066
kbracey@jenner.com
ibhabha@jenner.com
vhall-palerm@jenner.com

Jeremy M. Creelan (Admitted *pro hac vice*)
Elizabeth A. Edmondson (Admitted *pro hac vice*)
Allison N. Douglis (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 891-1600
Fax: (212) 891-1699
jcreelan@jenner.com
eedmondson@jenner.com

Kelsey Stimple (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
312-222-9350
kstimple@jenner.com

Von A. DuBose
**DUBOSE MILLER LLC**
75 14th Street N.E., Suite 2110
Atlanta, GA 30309
Telephone: (404) 720-8111
Fax: (404) 921-9557
dubose@dubosemiller.com

Johnathan Diaz (Admitted *pro hac vice*)
Paul M. Smith (Admitted *pro hac vice*)
**CAMPAIGN LEGAL CENTER**
1101 14th St. NW Suite 400
Washington, DC 20005
Telephone: (202)736-2200
jdiaz@campaignlegal.org
psmith@campaignlegal.org

Andrew D. Herman (Admitted *pro hac vice*)
**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Fair Fight Action, Inc.; Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Baconton Missionary Baptist Church, Inc.; Virginia-Highland Church, Inc.; and The Sixth Episcopal District, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 31st, 2021, the foregoing **Plaintiffs' Status Report in Compliance with Paragraph 12 of the Court's November 30, 2021, Order, ECF 641** was filed with the Court using the ECF system, which will serve all counsel of record.

This, the 31st day of December, 2021.

                              */s/ Allegra J. Lawrence*
                              Allegra J. Lawrence