IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, INC; CARE IN ACTION, INC; EBENEZER BAPTIST CHURCH OF ATLANTA, GEORGIA, INC.; BACONTON MISSIONARY BAPTIST CHURCH, INC; VIRGINIA-HIGHLAND CHURCH, INC.; and THE SIXTH EPISCOPAL DISTRICT, INC., <br>     *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; EDWARD LINDSEY, SARAH TINDALL GHAZAL, MATTHEW MASHBURN, and JANICE JOHNSTON, in their official capacities as members of the STATE ELECTION BOARD; and STATE ELECTION BOARD, <br><br>     *Defendants.* | Civil Action Number 1:18-cv-05391-SCJ <br><br> **A CONFERENCE IS SCHEDULED FOR APRIL 1, 2022** |

<u>**AMENDED-FINAL CONSOLIDATED PRETRIAL ORDER**</u>

1.

There are no motions or other matters pending for consideration by the court except as noted:

**By Plaintiffs:** In connection with Plaintiffs' addition of three may-call witnesses to their Trial Witness List, Benjamin Ansa, Michael Adaba, and Rosa Hamalainen,

Plaintiffs are filing a motion to disclose these three additional fact witnesses. Plaintiffs reserve the right to file Motions in Limine on or before the February 25, 2022, deadline established by the Court's the Court's November 30, 2021, Order, ECF 641. Plaintiffs also reserve the right to file motions for judicial notice as appropriate in advance of trial.

**By Defendants:** Defendants reserve the right to file Motions in Limine prior to trial. The Parties are also currently discussing the submission of short briefs regarding evidentiary objections in conjunction with the proposed consolidated submission of Plaintiffs' designated deposition testimony, and objections thereto, as addressed in paragraph 20.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**By Plaintiffs:** The parties are nearing completion of discovery related to post-2018 election events. Plaintiffs made a request for documents from Defendants that arose from the February 9, 2022, deposition of Gabriel Sterling and are awaiting that production. Plaintiffs reserve the right to seek additional discovery arising from that outstanding production by Defendants. Plaintiffs also reserve the right to pursue the deposition of Defendants' may-call witness David Perdue.

Concerning the three may-call witnesses added to Plaintiffs' Trial Witness List, Benjamin Ansa, Michael Adaba, and Rosa Hamalainen, Plaintiffs will coordinate for the depositions of these three witness should the Court allow their addition and Defendants request to depose them.

**By Defendants:** Pretrial discovery is largely completed in this case but small portions remain:

- By agreement, the reconvened deposition of Plaintiff's expert, Dr. Adrienne Jones is taking place the same day as the filing of this amended pretrial order.  Defendants reserve the right to seek relief from this Court

and/or amend this pretrial order as necessary with respect to this deposition.

- On February 15, 2022, Plaintiffs made informal requests to Defendants for additional documents pertaining to the February 9, 2022 deposition of Gabriel Sterling. Defendants will respond to Plaintiffs' informal requests in due course.

- Defendants have indicated to Plaintiffs that they will not object to Plaintiffs taking the deposition of Senator David Perdue prior to trial, provided such is completed sufficiently in advance, should Plaintiffs choose to do so.

In light of the outstanding discovery in this case, Defendants specifically reserve all rights to object, move, or otherwise seek relief from the Court as may be necessary before trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any party.

**Plaintiffs' Statements**: Since the filing of the parties' Consolidated Pretrial Order on December 15, 2021, Janice Johnston replaced Anh Le and Edward Lindsey replaced Rebecca Sullivan on the State Election Board. Dr. Johnston and Mr. Lindsey are now parties pursuant to Fed. R. Civ. P. 25(d) and the case caption is updated to reflect these changes.

**Defendants' Statements:** The Parties are properly named in the caption of this Order. To the extent that Plaintiffs continue to seek any equitable or injunctive relief regarding the action(s) of counties, Defendants maintain that such must be joined in this action.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

**Plaintiffs' Statement:**

There is no question about the Court's jurisdiction, which is based on the following statutes:

**Count I:** 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988(a), 28 U.S.C. § 2201, 28 U.S.C. § 2202.

**Count II:** 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988(a), 28 U.S.C. § 2201, 28 U.S.C. § 2202.

**Count III:** 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988(a), 28 U.S.C. § 2201, 28 U S C  § 2202.

**Count V:** 52 U.S.C. § 10301, 28 U.S.C. § 2201, 28 U.S.C. § 2202.

**Defendants' Statement:**

Plaintiffs' claims are brought under the following amendments to the United States Constitution and the Voting Rights Act of 1965. Defendants state that the Court lacks jurisdiction over Plaintiffs' claims, in whole or in part, because of mootness and/or because Plaintiffs lack standing to bring the claims that remain at issue after summary judgment. Defendants plan to raise these issues at trial.

- Count I – Fundamental Right to Vote under the First and Fourteenth Amendments of the U.S. Constitution.

- Count II – Ban on Racial Discrimination in Voting under the Fifteenth Amendment of the U.S. Constitution.

- Count III – Equal Protection under the Fourteenth Amendment of the U.S. Constitution.

3

- Count V – Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301.

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs**:

Allegra J. Lawrence
Georgia Bar No. 439797
LAWRENCE & BUNDY LLC
1180 West Peachtree Street
Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
Email: allegra.lawrence-hardy@lawrencebundy.com

**Defendants**:

Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Vincent Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
**Robbins Alloy Belinfante Littlefield LLC**
500 14th Street NW
Atlanta, GA 30318
Telephone:  (678) 701-9381
Facsimile:   (404) 856-3250

Bryan P. Tyson
Georgia Bar No. 515411
btyson@taylorenglish.com

4

**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Plaintiffs' and Defendants' Statement**: This case will not be tried before a jury. Plaintiffs request the opportunity to present opening and closing arguments to the court.

7.

The captioned case shall be tried (_____) to a jury or (__**X**___) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiffs' and Defendants' Statement**: This case will be tried to the court.

9.

Because this case will be tried to the court, the parties do not request any *voir dire* questions.

10.

Because this case will be tried to the court, the parties do not request any *voir dire* questions.

5

11.

Because this case will be tried to the court, the parties do not request any *voir dire* questions.

12.

Because this case will be tried to the court, the parties are not requesting any strikes.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**Plaintiffs' and Defendants' Statement**: This case is not related to any other pending matter.

14.

Attached hereto as Attachment "C" is plaintiffs' outline of the case which includes a succinct factual summary of plaintiffs' cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiffs shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiffs shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied

upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendants shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

No stipulations were received by the Court prior to March 25, 2022. In the event of a trial stipulation, no further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiffs:**

The legal issues to be tried are as follows:
- Count I: Whether the verification of voter registration identity pursuant to the Exact Match policy or its application violates the fundamental right to vote guaranteed by the First and Fourteenth Amendments?

- Count I: Whether the verification of registrants' citizenship status pursuant to the Exact Match policy or its application violates the fundamental right to vote guaranteed by the First and Fourteenth Amendments?

- Count I: Whether the Defendants' mismanagement of the voter database violates the fundamental right to vote guaranteed by the First and Fourteenth Amendments?

- Count I: Whether the Defendants' Secretary of State or the State Election Board members' failures to ensure or obtain uniform and proper practices for absentee ballot cancellations at the polls violate the fundamental right to vote guaranteed by the First and Fourteenth Amendments?

- Count II: Whether the Exact Match policy or its application violates the ban on racial discrimination in voting guaranteed by the Fifteenth Amendment?

- Count III: Whether the Exact Match policy or its application violates the right to vote on an equal basis regardless of race or color as guaranteed by the Equal Protection Clause of the Fourteenth Amendment?

- Count III: Whether the Exact Match policy or its application violates the right of naturalized citizens to vote on an equal basis as native-born citizens as guaranteed by the Equal Protection Clause of the Fourteenth Amendment?

- Count III: Whether the lack of statewide uniformity in the application of the Exact Match policy violates the Equal Protection Clause of the Fourteenth Amendment?

- Count III: Whether the lack of statewide uniformity in the treatment of absentee ballot cancellations violates the Equal Protection Clause of the Fourteenth Amendment?

- Count V: Whether the Exact Match policy or its application violates Section 2 of the Voting Rights Act?

**By Defendants:**

The legal issues to be tried are as follows:

1. Whether Plaintiffs have suffered any particularized injuries so as to confer standing to bring their claims against Defendants, and if so, whether those particularized injuries are traceable to and redressable by the Defendants.

2. Whether Plaintiffs' allegations constitute generalized grievances regarding

8

election administration and not actionable burden(s) on the right to vote.

3. Whether Plaintiffs' allegation that Defendants do not maintain accurate voter rolls identifies an act or policy of the State that imposes systemic or otherwise widespread burden(s), or burdens that are of a material character and magnitude on Georgians' right to vote as established by the First and Fourteenth Amendments to the Constitution of the United States.

4. Whether the State has a sufficiently important interest in its current method(s) of maintaining voter lists to overcome any purported burdens imposed on Georgia voters due to purported inaccurate data.

5. Whether Plaintiffs' allegation that Defendants fail to train local election superintendents regarding absentee ballot cancellations constitutes an act or policy of the state that imposes systemic or otherwise widespread burden(s), or burdens that are of a material character and magnitude on Georgians' right to vote as established by the First and Fourteenth Amendments to the Constitution of the United States.

6. Whether the State has a sufficiently important interest in its current training model(s) to overcome any purported burdens imposed on Georgia voters due to training on addressing the situation where a voter requests an absentee ballot but appears to vote in person (either early or on Election Day).

7. Whether the State of Georgia has violated the First, Fourteenth, and/or Fifteenth Amendments of the United States Constitution, and or Section 2 of the Voting Rights Act of 1965, by virtue of its implementation of verification procedures required by the Help America Vote Act ("HAVA").

18.

Attached hereto as Attachment "F-1" for the plaintiffs and Attachment "F-2" for the defendants is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment, and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party

shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given fourteen (14) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.

Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**By Plaintiffs:** Plaintiffs look forward to exploring with the Court and Defendants ways to streamline the presentation of voter evidence.

**By Defendants:** Defendants similarly agree and look forward to exploring with the Court and Plaintiffs how the presentation of evidence may be streamlined at trial.

19.

Attached hereto as Attachment "G-1" for the plaintiffs and Attachment "G-2" for the defendants are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular

plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**By Plaintiffs:** Plaintiffs identify and exchanged with Defendants Plaintiffs' Exhibit Nos. 2000 – 2005 on February 18, 2022. Plaintiffs do not object to Defendants submitting objections to these additional exhibits, if necessary, by amendment after the submission of this Amended Pretrial Order. Also on February 18, 2022, Defendants identified and exchanged with Plaintiffs Defendants' Exhibit Nos. 334 - 711. Plaintiffs reserve the right to assert objections to Defendants' Exhibit Nos. 334 – 711 by subsequent amendment to this Amended Pretrial Order. Plaintiffs further reserve the right to supplement or amend their exhibit list as necessary in light of the outstanding discovery in this case and upon reasonable notice to Defendants.

**By Defendants:** Defendants provided an amended exhibit list to Plaintiffs on February 18, 2022, along with a sharefile link containing the additional exhibits identified.  Defendants do not object to Plaintiffs submitting objections to these additional exhibits, if necessary, by amendment after the entry of this pretrial order.  Defendants further reserve the right to supplement or amend their exhibit list as necessary in light of the outstanding discovery in this case.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**By Plaintiffs:** Due to the length of Plaintiffs' designations, Plaintiffs have attached hereto as Attachment "I" the designated portions of testimony that may be introduced by deposition. The parties continue to confer on a proposal to streamline their presentation to the Court concerning objections to designated portions of testimony to be introduced by deposition.

**By Defendants:** The Parties are currently discussing a proposed consolidated submission of deposition testimony and objections thereto for Plaintiffs' designated witnesses.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachment "H-2" for the defendants are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

**By Plaintiffs:** Plaintiffs are not submitting a trial brief at this time because they believe the Court is well-familiar with the issues in this extensively briefed case. Plaintiffs reserve the right to submit briefing on issues that may arise as the Parties approach and conduct the trial of this case.

**By Defendants:** Defendants reserve the right to supplement or amend their trial brief as necessary in light of the outstanding discovery in this case.

22.

Because this case will not be tried to a jury, the parties do not intend to submit requests for charge.

23.

Because this case will not be tried to a jury, the parties are not proposing a special verdict form.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiffs' Statements**: Given the complexity of the issues involved in this case, Plaintiffs request that opening and closing arguments be limited to one hour for each side.

**Defendants' Statements:** Defendants agree that the complexity of the issues involved in this case, combined with the novel legal theories at issue, warrant extending the typical time for opening and closing argument from thirty (30) minutes per side to sixty (60) minutes per side.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law no later than five (5) days after the completion of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, 20\_\_\_\_\_, to discuss in good faith the possibility of settlement of this case. The court (\_\_\_\_\_) has or (_____) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.
(_____) Some possibility of settlement.
(_____) Little possibility of settlement.
(_____) No possibility of settlement.

27.

This case has been set for trial to begin the week of April 11, 2022.

28.

The plaintiffs estimate that they will require fifteen (15) days to present their evidence. The defendants estimate that they will be able to present their case in the time allotted by the Court for this trial, provided that Plaintiffs do not exceed their stated estimate. It is estimated that the total trial time is ___ days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this 25th day of March, 2022.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

14

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

*/s/ Allegra J. Lawrence*  /s/ *Josh Belinfante*
Counsel for Plaintiff   Counsel for Defendant