IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAIR FIGHT ACTION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official Capacity as Secretary of State of Georgia, *et al.*,<br><br>    Defendants. | Civil Action File<br><br>No. 1:18-cv-05391-SCJ |

**Defendants' Attachment D (Statement of the Case)**

I. **Defendants' Succinct Factual Statement and Affirmative Defenses:**

Plaintiffs filed this lawsuit immediately after the 2018 gubernatorial election wherein Plaintiff Fair Fight Action's ("Fair Fight") founder, Stacey Abrams, lost to then-Secretary of State of Georgia, Brian Kemp. The lawsuit was initially broad in scope, challenging virtually every aspect of Georgia's election administration. Most of Plaintiffs' claims, however, were dismissed at the summary judgment stage. What remains are three discrete issues, spread across four counts:[1] (1) alleged insufficient training by the Secretary of State of county election superintendents and registrars regarding in-person absentee ballot cancellation procedures; (2) alleged insufficient efforts by the Secretary of State to maintain accurate voter registration lists; and (3) a challenge to the State's implementation of the verification procedures set forth in the Help America Vote Act ("HAVA"), whereby information provided by individuals registering to vote is cross-referenced with information on file with the Georgia Department of Driver Services ("DDS") or United States Social Security Administration ("SSA"), as required by 52 U.S.C. § 21083(a)(5) ("HAVA Match" a/k/a "Exact Match").

---

[1] In the interests of clarity, Defendants address Plaintiffs' remaining claims by issue rather than by cause of action due to the overlapping factual and legal theories under which they are brought.

Plaintiffs' claims are not supported by the evidence.  Plaintiffs have identified a small set of individuals who allegedly experienced problems while voting, but the number, geographic scope, and severity of alleged problem(s) experienced by these voters do not rise to a level sufficient to demonstrate an unconstitutional burden on voting in Georgia and certainly not in a manner that is linked to Plaintiffs' alleged diversion of resources.  Moreover, any purported burdens are not caused by or traceable to Defendants.  In addition, as to Plaintiffs' Fifteenth Amendment and VRA claims regarding HAVA-Match, there is no evidence of discriminatory intent on behalf of the State in either its adoption of implementation of the process.  As to training, Plaintiffs' evidence does not establish a causal link between the training provided by the Secretary of State to county election officials and any alleged problem(s) experienced by voters.

In addition, Defendants assert the following affirmative defenses against Plaintiffs' claims:

Affirmative Defense: The allegations in Plaintiffs' Second Amended Complaint fail to state a claim upon which relief may be granted.  Plaintiffs' claims as to (a) training of county election officials on absentee ballot cancellations; and (b) voter list accuracy are generalized grievances regarding election administration and not cognizable claims under the U.S. Constitution.  They do not challenge any law, regulation, or rule enforced or maintained by Defendants.

Affirmative Defense: Plaintiffs' claims are barred for failure to name necessary and indispensable parties.  To the extent that Plaintiffs continue to seek relief from alleged harms caused by county action(s), rather than those of Defendants, the counties must be made parties to this action.

Affirmative Defense: This court lacks jurisdiction over Plaintiffs' claims because Plaintiffs lack standing to bring this action.  Plaintiffs have not suffered any particularized injuries because of any diversion of resources to address the alleged harms that remain at issue in this case.

Affirmative Defense: This court lacks jurisdiction over Plaintiffs' claim as to training of county election officials on absentee ballot cancellation procedures because this claim is moot.

Affirmative Defense: Plaintiffs' federal claims against Defendants are barred by the Eleventh Amendment to the United States Constitution.

Affirmative Defense: Plaintiffs' federal claims against Defendants are barred as they raise political questions that should not be addressed by the Court.

## II.  All Relevant Rules, Regulations, Statutes Ordinances, and Illustrative Case Law Relied Upon Creating a Defense in this Lawsuit

1. *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205 (11th Cir. 2019)
2. *Acosta v. Democratic City Comm.*, CV 17-1462, 2018 WL 4178522 (E.D. Pa. Aug. 30, 2018), *aff'd* 767 Fed. Appx. 392 (3d Cir. 2019)
3. *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)
4. *Anderson v. Celebrezze*, 460 U.S. 780 (1983)
5. *Arcia v. Sec'y of Fla.*, 772 F.3d 1335 (11th Cir. 2014)
6. *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997)
7. *Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021)
8. *Bognet v. Sec'y Commonwealth of Pennsylvania*, 980 F.3d 336 (3d Cir. 2020)
9. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc)
10. *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021)
11. *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990)
12. *Bush v. Gore*, 531 U.S. 98 (2000)
13. *Cigar Ass'n of Am. v. U.S.*, 323 F.R.D. 54 (D.C. Dist. 2017)
14. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)
15. *City of Mobile, Ala. v. Bolden*, 446 U.S. 55 (1980)
16. *Cole v. Nat'l Collegiate Athletic Ass'n*, 120 F. Supp. 2d 1060 (N.D. Ga. 2000)
17. *Common Cause of Ga. v. Billups*, 554 F.3d 1340 (11th Cir. 2009)
18. *Connick v. Thompson*, 563 U.S. 51 (2011)
19. *Curry v. Baker*, 802 F.2d 1302 (11th Cir. 1986)
20. *Democratic Executive Committee of Florida v. Lee*, 915 F.3d 1312 (11th Cir. 2019) (J. Tjoflat, dissenting)
21. *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331 (W.D. Pa. 2020)
22. *Eberhardinger v. City of York*, 341 F. Supp. 3d 420 (M.D. Pa. 2018), *aff'd* 782 F. App'x 180 (3d Cir. 2019)

23. *Fed. Trade Comm'n v. U.S. Work All., Inc.*, No. 1:08-CV-2053-WSD, 2010 WL 11509130 (N.D. Ga. Jan. 28, 2010)
24. *Fla. State Conf. of N.A.A.C.P. v. Browning,* 522 F.3d 1153 *(11th Cir. 2008)*
25. *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263 (11th Cir. 2003)
26. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905 (D.C. Cir. 2015)
27. *Frank v. Walker*, 768 F.3d 744 (7th Cir. 2014)
28. *Franklin v. Massachusetts*, 505 U.S. 788 (1992)
29. *Friedman v. Snipes*, 345 F. Supp. 2d 1356 (S.D. Fla. 2004)
30. *Ga. Latino Alliance for Human Rights v. Deal*, 691 F.3d 1250 (11th Cir. 2012)
31. *Ga. Republican Party v. SEC*, 888 F.3d 1198 (11th Cir. 2018)
32. *Gamza v. Aguirre*, 619 F.2d 449 (5th Cir. 1980)
33. *Gardner v. Mutz,* 962 F.3d 1329 (11th Cir. 2020)
34. *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299 (11th Cir. 2021)
35. *Gwinnett Cty. NAACP v. Gwinnett Cty. Bd. of Registration & Elections,* 446 F. Supp. 3d 1111 (N.D. Ga. 2020)
36. *Hennings v. Grafton*, 523 F.2d 861 (7th Cir. 1975)
37. *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013)
38. *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325 (11th Cir. 2005)
39. *Hubbard v. Ammerman*, 465 F.2d 1169 (5th Cir. 1972)
40. *Hunter v. Hamilton Cty. Bd. of Elections*, 850 F. Supp. 2d 795 (S.D. Ohio 2012)
41. *Jacobson v. Fla. Sec'y of State,* 974 F.3d 1236 (11th Cir. 2020)
42. *Jews for Jesus, Inc. v. Hillsborough Cty. Aviation Auth.*, 162 F.3d 627 (11th Cir. 1998)
43. *Kerr v. City of W. Palm Beach*, 875 F.2d 1546 (11th Cir. 1989)
44. *Lewis v. Governor of Ala.*, 944 F.3d 1287 (11th Cir. 2019)
45. *Lewis, Grizzle v. Kemp,* 634 F.3d 1314 *(11th Cir. 2011)*
46. *Lucas v. Townsend*, 967 F.2d 549 (11th Cir. 1992)
47. *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)
48. *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999)
49. *Minnesota Majority v. Mansky*, 708 F.3d 1051 (8th Cir. 2013)
50. *Nat'l Treasury Emps. Union v. United States,* 101 F.3d 1423 (D.C. Cir. 1996)
51. *New Georgia Project v. Raffensperger*, 976 F.3d 1278 (11th Cir. 2020)
52. *Owaki v. City of Miami*, 491 F. Supp.2d 1140 (S.D. Fla. 2007)
53. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)

54. *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 189 F. Supp. 3d 1327 (S.D. Fla. 2016)
55. *Riley v. Univ. of Alabama Health Servs. Found., P.C.*, 990 F. Supp. 2d 1177 (N.D. Ala. 2014)
56. *Saxon v. Fielding*, 614 F.2d 78 (5th Cir. 1980)
57. *SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012)
58. *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056 (7th Cir. 2020)
59. *Sierra Club v. Morton*, 405 U.S. 727 (1972)
60. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016)
61. *Staub v. Proctor Hosp.*, 562 U.S. 411 (2011)
62. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)
63. *Steffel v. Thompson*, 415 U.S. 452 (1974)
64. *Thornburg v. Gingles*, 478 U.S. 30 (1986)
65. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997)
66. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017)
67. *Trump v. Hawaii*, 138 S.Ct. 2392 (2018)
68. *U.S. v. Amodeo*, 916 F.3d 967 (11th Cir. 2019)
69. *United States v. Jayyousi*, 657 F.3d 1085 (11th Cir. 2011)
70. *United States v. Sanchez-Gomez, 138 S. Ct. 1532 (2018)*
71. *Veasey v. Abbott*, 13 F.4th 362 (5th Cir. 2021)
72. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977)
73. *Washington v. Trump*, 858 F.3d 1168 (9th Cir. 2017)
74. *Whole Woman's Health v. Jackson*, No. 21-463, 2021 U.S. LEXIS 6144 (Dec. 10, 2021)
75. *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020), cert. denied, 141 S. Ct. 1379 (2021)
76. Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933 (2018)
77. U.S. Const. art. III, § 2
78. U.S. Const., 11th Amendment
79. 42 U.S.C. § 1983
80. 52 U.S.C. § 21083
81. O.C.G.A. § 21-2-50
82. O.C.G.A. § 21-2-99
83. O.C.G.A. § 21-2-215
84. O.C.G.A. § 21-2-216
85. O.C.G.A. § 21-2-220.1
86. O.C.G.A. § 21-2-226

87. O.C.G.A. § 21-2-381
88. O.C.G.A. § 21-2-384
89. O.C.G.A. § 21-2-385
90. O.C.G.A. § 21-2-386
91. O.C.G.A. § 21-2-388
92. O.C.G.A. § 21-2-417
93. Fed. R. Evid. 401
94. Fed. R. Evid. 403
95. Fed. R. Evid. 602
96. Fed. R. Evid. 801
97. Fed. R. Evid. 803
98. Fed. R. Evid. 807
99. SEB Rule 183-1-6-.06