**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FAIR FIGHT ACTION, INC, *et al.*,

      *Plaintiffs*,

      v.

BRAD RAFFENSPERGER, *et al.*,

      *Defendants*.

Civil Action No.
1:18-cv-05391-SCJ

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Fair Fight Action, Inc. and Baconton Missionary Baptist Church, Inc., (collectively, "Moving Plaintiffs")[1] submit the following Statement of Undisputed Material Facts in support of Moving Plaintiffs' Motion for Partial Summary Judgment.

## I.   In 2018, two federal courts issued injunctions against the date-of-birth requirement.

1.     In *Martin v. Crittenden*, plaintiffs challenged the requirement that existed under Georgia law from 2007 to 2017 that a voter returning an absentee ballot write his or her date of birth on the absentee ballot envelope for the ballot to be counted. 347 F. Supp. 3d 1302, 1308–09 (N.D. Ga. 2018).

2.     The *Martin v. Crittenden* plaintiffs asserted the date-of-birth requirement for absentee ballots violated 52 U.S.C. § 10101(a)(2)(B), which "forbids the practice of disqualifying voters 'because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting.'" 347 F. Supp. 3d at 1308.

3.     On November 13, 2018, Judge May found the plaintiffs had established a substantial likelihood of success on their claim. 347 F. Supp. 3d at 1309.

---

[1] Care in Action, Inc., Ebenezer Baptist Church of Atlanta, Georgia, Inc., Virginia Highland Church, Inc., and Sixth Episcopal District, Inc. are Plaintiffs in this litigation but do not bring this motion.

4.      In so ruling, Judge May recited Georgia's qualifications for voting—the same criteria that exist today—and concluded date of birth was immaterial to demonstrating qualifications. *See Martin*, 347 F. Supp. 3d at 1308–09 (citing *Schwier v. Cox*, 340 F.3d 1284, 1294 (11th Cir. 2003) and *Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1173 (11th Cir. 2008); O.C.G.A. § 21-2-216 (2019)).

5.      Judge May further noted the "conclusion that year of birth information is immaterial is only strengthened by the Georgia Supreme Court's explicit recognition that Georgia law 'does not mandate the automatic rejection of any absentee ballot lacking the elector's place and/or date of birth.'" *Martin*, 347 F. Supp. 3d at 1309 (citing *Jones v. Jessup*, 279 Ga. 531, 533 n.5 (2005)).

6.      The Georgia Supreme Court held in *Jones v. Jessup* that the failure to furnish "required information" on an absentee ballot "does not mandate the automatic rejection of any absentee ballot lacking the elector's place and/or date of birth." *Jones v. Jessup*, 279 Ga. 531, 533 n.5 (2005).

7.      "The Georgia Supreme Court has not limited, overturned, or otherwise abrogated its holding in *Jones v. Jessup*." B. Tyson Letter to Hon. Steve C. Jones (April 25, 2022), Ex. C (hereinafter "April 25 Letter") at 3.[2]

---

[2] "Ex." refers to the exhibits attached to Plaintiffs' Motion for Partial Summary Judgment.

8.      Judge May therefore enjoined Gwinnett County from rejecting absentee ballots because of omitted or incorrect dates of birth. 347 F. Supp. 3d at 1311.

9.      One day after Judge May's decision, this Court agreed with the reasoning in Martin and issued a statewide injunction enjoining the Secretary of State from certifying election results without confirming that counties had accepted all absentee ballots with missing or incorrect dates of birth. *See Democratic Party of Ga.*, 347 F. Supp. 3d at 1340–41, 1347.

## II.     In 2019, Georgia's law changed so as not to require dates of birth on absentee ballot envelopes.

10.      In April 2019, the Georgia Legislature enacted HB 316, which implemented various reforms to Georgia's election processes, including revising the absentee ballot oath envelope to no longer request date or year of birth. *See* O.C.G.A. § 21-2-384 (2019).

11.      In discussing this change, Defendants recognized that removing the date-of-birth requirement "resulted in a significant decrease in the percentage of absentee ballots that were rejected at the outset" in the 2020 General Election as compared to the 2018 General Election, and that "[t]here were quite a number in 2018 that were rejected for that missing information." Oral Arg. Tr. at 51:12–15, *Wood v. Raffensperger*, No. 1:20-cv-4651 (N.D. Ga. Nov. 19, 2020) ("*Wood* Tr."), Ex. B.

**III.**   <u>**SB 202 re-imposed a date-of-birth requirement.**</u>

12.     SB 202—passed and signed into law on March 25, 2021—reinstated the date-of-birth requirement for absentee ballot envelopes. *See* 2021 Ga. Laws, Act 9, §§ 27, 29, eff. July 1, 2021; April 25 Letter at 2 ("Local election officials must provide voters with envelopes containing space to place . . . date of birth").

13.     SB 202 also imposed a new date-of-birth requirement on absentee ballot applications. *See* 2021 Ga. Laws, Act 9, § 25; April 25 Letter at 2 ("SB 202 . . . created a mandatory statewide application form that included . . . date of birth").

14.     Under SB 202, if the "identifying" information (which includes date of birth) on an absentee ballot application does not match the voter's information on record, the voter must be sent a provisional absentee ballot. *See* O.C.G.A. § 21-2-381(b)(3) (2021); April 25 Letter at 2 (where an absentee ballot application has "mismatched identifying information . . . registrars must send those individuals a provisional ballot").

15.     The provisional ballot will not be counted unless the voter provides an affidavit and identification, either in person or through providing a photocopy of the identification when returning the provisional ballot. *See* O.C.G.A. § 21-2-381(b)(3) (2021).

16.     A voter who applies for an absentee ballot with his or her date of birth but then neglects to include the date of birth on the absentee ballot oath envelope

will not have their vote counted. *See* O.C.G.A. § 21-2-381(b)(3) (2021); April 25 Letter at 2 (the registrar "rejects the [voted absentee] ballots if the 'identifying information entered' on the envelope does not match").

17. Voters whose absentee ballots are rejected will be mailed a "cure affidavit form" in which the voter must affirm that they are registered and qualified to vote in the election and submit one of a number of forms of acceptable ID within three days of the election. *See* O.C.G.A. § 21-2-386(a)(1)(C) (2021); April 25 Letter at 2 (for voters with rejected absentee ballots, "the registrar is further required to 'promptly notify' the elector and the elector is then permitted to cure the issue").

## **CERTIFICATION**

I hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.), which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

Respectfully submitted this, the 26th day of April, 2022.

> */s/ Allegra J. Lawrence*
> Allegra J. Lawrence (GA Bar No. 439797)
> Leslie J. Bryan (GA Bar No. 091175)
> Lovita T. Tandy (GA Bar No. 697242)
> Celeste Coco-Ewing (Admitted *pro hac vice*)
> Michelle L. McClafferty (GA Bar No. 161970)
> Monica R. Owens (GA Bar No. 557502)
> Rodney J. Ganske (GA Bar No. 283819)
> Maia Cogen (GA Bar No. 832438)
> Suzanne Smith Williams (GA Bar No. 526105)

Bria Stephens (GA Bar No. 925038)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
lovita.tandy@lawrencebundy.com
celeste.coco-ewing@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com
monica.owens@lawrencebundy.com
rod.ganske@lawrencebundy.com
maia.cogen@lawrencebundy.com
suzanne.williams@lawrencebundy.com
bria.stephens@lawrencebundy.com

Thomas R. Bundy (Admitted *pro hac vice*)
**LAWRENCE & BUNDY LLC**
8115 Maple Lawn Boulevard
Suite 350
Fulton, MD 20789
Telephone: (240) 786-4998
Fax: (240) 786-4501
thomas.bundy@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN &
BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW
Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: (202) 479-1115
lindenbaum@sandlerreiff.com

Elizabeth Tanis (GA Bar No. 697415)
John Chandler (GA Bar No. 120600)
957 Springdale Road, NE
Atlanta, GA 30306
Telephone: (404) 771-2275
beth.tanis@gmail.com
jachandler@gmail.com

Kurt G. Kastorf (GA Bar No. 315315)
**KASTORF LAW, LLC**
1387 Iverson St, Suite 100
Atlanta, GA 30307
Telephone: (404) 900-0330
kurt@kastorflaw.com

Matthew G. Kaiser (Admitted *pro hac vice*)
Sarah R. Fink (Admitted *pro hac vice*)
**KAISERDILLON PLLC**
1099 Fourteenth Street, NW
Eighth Floor West
Washington, DC 20005
Telephone: (202) 640-2850
Fax: (202) 280-1034
mkaiser@kaiserdillon.com
sfink@kaiserdillon.com

Kali Bracey (Admitted *pro hac vice*)
Ishan Bhabha (Admitted *pro hac vice*)
Victoria Hall-Palerm (Admitted *pro hac vice*)
Kathryn L. Wynbrandt (Admitted *pro hac vice)*
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Fax: (202) 639-6066
kbracey@jenner.com
ibhabha@jenner.com
vhall-palerm@jenner.com
kwynbrandt@jenner.com

Jeremy M. Creelan (Admitted *pro hac vice*)
Elizabeth A. Edmondson (Admitted *pro hac vice*)
Allison N. Douglis (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Fax: (212) 891-1699
jcreelan@jenner.com
eedmondson@jenner.com
adouglis@jenner.com

Keri L. Holleb Hotaling (Admitted *pro hac vice*)
Kelsey Stimple (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
khotaling@jenner.com
kstimple@jenner.com

Von A. DuBose
**DUBOSE MILLER LLC**
75 14th Street N.E., Suite 2110
Atlanta, GA 30309
Telephone: (404) 720-8111
Fax: (404) 921-9557
dubose@dubosemiller.com

Johnathan Diaz (Admitted *pro hac vice*)
Paul M. Smith (Admitted *pro hac vice*)
**CAMPAIGN LEGAL CENTER**
1101 14th St. NW, Suite 400
Washington, DC 20005
Telephone: (202)736-2200
jdiaz@campaignlegal.org
psmith@campaignlegal.org

8

Andrew D. Herman (Admitted *pro hac vice*)
**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Fair Fight Action, Inc.; Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Baconton Missionary Baptist Church, Inc.; Virginia-Highland Church, Inc.; and The Sixth Episcopal District, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 26, 2022, the foregoing **PLAINTIFFS'**
**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT** was filed with the Court
using the ECF system, which will serve all counsel of record.

This, the 26th day of April, 2022.

*/s/ Allegra J. Lawrence*
Allegra J. Lawrence
