**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FAIR FIGHT ACTION, INC, *et al.*,

    *Plaintiffs*,

     v.

BRAD RAFFENSPERGER, *et al.*,

    *Defendants*.

Civil Action No.
1:18-cv-05391-SCJ

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

## TABLE OF CONTENTS

INTRODUCTION ................................................... 1

ARGUMENT AND CITATION TO AUTHORITY ........................... 2

I.    Rule 15 Supplies the Standard Governing Plaintiffs' Motion..................... 2

II.   Plaintiffs' Motion Satisfies the Standards in Rule 15. ................................ 6

      A.    Defendants Do Not Identify Any Prejudice. ...................................... 7

      B.    Plaintiffs' Motion Is Not Futile......................................................... 13

      C.    Defendants' Accusations of Bad Faith Are Meritless...................... 14

CONCLUSION .................................................... 15

CERTIFICATION ................................................. 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aguayo v. Morehouse Sch. of Med., Inc.*,
  No. 1:06-CV-1095-JOF, 2007 WL 9710273 (N.D. Ga. Dec. 10,
  2007) ...................................................................................................... 6

*Bowers v. Am. Heart Ass'n*,
  513 F. Supp. 2d 1364 (N.D. Ga. 2007) ................................................... 6

*Bryant v. Dupree*,
  252 F.3d 1161 (11th Cir. 2001) ............................................................ 12

*Democratic Party of Ga., Inc. v. Crittenden*,
  347 F. Supp. 3d 1324 (N.D. Ga. 2018) ................................ 9, 10, 13, 15

*Ga. Republican Party, Inc. v. Sec'y of State for Ga.*,
  No. 20-14741-RR, 2020 WL 7488181 (11th Cir. Dec. 21, 2020) ...................... 14

*Gallien v. Binkley*,
  No. CV408–037, 2008 WL 4916394 (S.D. Ga. Nov. 14, 2008) ........................ 6

*Jacobson v. Fla. Sec'y of State*,
  974 F.3d 1236 (11th Cir. 2020) ...................................................... 13, 14

*Martin v. Crittenden*,
  347 F. Supp. 3d 1302 (N.D. Ga. 2018) ................................................... 9

*Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp,
  LLC*,
  7 F.4th 989 (11th Cir. 2021) ................................................................. 7

*Ramjeawan v. Bank of Am. Corp.*,
  No. 09-20963-CIV, 2010 WL 1882262 (S.D. Fla. May 11, 2010) ...................... 4

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*,
  861 F.3d 1278 (11th Cir. 2017) ............................................................. 8

*Trump v. Kemp*,
  511 F. Supp. 3d 1325 (N.D. Ga. 2021) ................................................. 14

*United States v. Romeo*,
   122 F.3d 941 (11th Cir. 1997) ...............................................................9

*Wood v. Raffensperger*,
   No. 1:20-cv-5155-TCB, 2020 WL 7706833 (N.D. Ga. Dec. 28,
   2020) ......................................................................................................14

## Statutes and Rules

52 U.S.C. § 10101 ...........................................................................*passim*

Fed. R. Civ. P. 15 ...........................................................................*passim*

Fed. R. Civ. P. 16 ...........................................................................*passim*

## Other Authorities

Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1495 (3d ed.) ..................7

Plaintiffs Fair Fight Action, Inc. ("Fair Fight Action"), Care in Action, Inc., Ebenezer Baptist Church of Atlanta, Georgia, Inc., Baconton Missionary Baptist Church, Inc. ("Baconton"), Virginia-Highland Church, Inc., and The Sixth Episcopal Church, Inc. (collectively, "Plaintiffs"), submit this Reply Memorandum in Further Support of Plaintiffs' Motion for Leave to File Supplemental Complaint and show the Court as follows:

## INTRODUCTION

Plaintiffs' motion seeks to supplement the complaint with a claim raising a pure issue of law, which can be resolved on summary judgment without impacting the trial schedule. Notwithstanding their claims of prejudice, delay, and "trial by ambush," Defendants fail to specify a single concrete example of undue prejudice they would experience should the Court grant Plaintiffs' motion. Absent any cognizable prejudice, Fed. R. Civ. P. 15 plainly directs that leave to supplement should be freely granted.

Perhaps aware they cannot prevail under the governing standard, Defendants attempt to recharacterize Plaintiffs' motion as seeking to modify the pretrial order, invoking Rule 16. But caselaw directly refutes Defendants' attempt to recharacterize Plaintiffs' motion and in any event their recharacterization does not reflect reality: Precisely because this is a purely legal issue, Plaintiffs have filed a motion for partial summary judgment to have the matter resolved *without* trial and,

beyond testimony needed to establish standing,[1] are not seeking to modify the course of the trial currently underway. Moreover, the Court has made clear that, should it permit addition of the date-of-birth claim, it would provide Defendants the opportunity to identify what discovery they believe necessary (an identification conspicuously absent from their brief). The Court would presumably also schedule additional proceedings (governed by a new pretrial order) if factual disputes need to be resolved. Under Rule 15's liberal standards, the Court should grant Plaintiffs' motion.

## ARGUMENT AND CITATION TO AUTHORITY

### I.    Rule 15 Supplies the Standard Governing Plaintiffs' Motion.

Fed. R. Civ. P. 15(d) sets forth the liberal standard for supplementing a complaint based on events—like the passage of SB 202—that occur after a lawsuit is initiated. *See* Mem. in Supp. of Pls.' Mot. for Leave to File Suppl. Compl. 6–7, ECF 804-1 (hereinafter "Br."). Seeking to evade that permissive standard, Defendants argue that Plaintiffs' motion should not be construed as seeking leave to supplement their complaint at all, but instead as modifying the Court's pretrial order. *See* Defs.' Resp. in Opp'n to Pls.' Mot. for Leave to File Suppl. Compl. 10–

---

[1] The Court has recognized that Plaintiffs' witnesses may need to be recalled on this issue. *See* Trial Tr. 2593:23 –2594:5.

17, ECF No. 818 (hereinafter "Opp."). Defendants' argument is unsupported by any case law and inconsistent with the Federal Rules of Civil Procedure.

To begin, it is simply inaccurate that Plaintiffs are seeking to modify the pretrial order. Plaintiffs are not seeking to have new witnesses testify, to introduce exhibits not included on their exhibit list, to modify their deposition designations, or to extend the length of the trial. Rather, Plaintiffs are seeking to include their date-of-birth claim. Plainly, the vehicle for doing so is the complaint, not the pretrial order; indeed, Defendants cite no case in which an additional cause of action has been asserted through a modification of a pretrial order. That is all the truer here because, as further discussed below, Plaintiffs' date-of-birth claim turns on a purely legal issue and thus has no effect on the trial at all.

Defendants' argument to the contrary rests entirely on their assertion that the complaint "became legally inoperative the moment the Court filed the pretrial order." Opp. 2. The assertion is wrong for numerous reasons:

*First*, caselaw in this Circuit refutes Defendants' mischaracterization of the relationship between the pleadings and the pretrial order. In *In re Holmes*, the plaintiffs sought to amend their pleadings after the close of the evidence, relying on Rule 15(b). 344 B.R. 704, 705 (Bankr. M.D. Ga. 2006). In opposition, the defendant made precisely the argument Defendants advance here—namely, "that Rule 16(e) 'trumps'" Rule 15, and "that the final pretrial order super[s]edes

Plaintiffs' pleadings." *Id.* at 706. The court disagreed, holding "pleadings may be amended under Rule 15(b) even though a final pretrial order has been entered," *id.* at 707, and ultimately granted the motion to amend, *id.* at 708. *See also Ramjeawan v. Bank of Am. Corp.*, No. 09-20963-CIV, 2010 WL 1882262, at *3 (S.D. Fla. May 11, 2010) (granting motion to amend complaint during trial under Rule 15(b), with no mention of Rule 16).

*Second*, Defendants' assertion cannot be squared with Fed. R. Civ. P. 15(b), which expressly permits pleadings to be amended "*during and after trial*." Rule 15(b) thus confirms that pleadings, far from being rendered nullities by the issuance of a pretrial order, continue to be operative throughout and after trial. Further, Rule 15(b)(1) provides that courts "should freely permit" amendments of the pleadings during trial—even if another party objects—"when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." If Defendants' theory were correct, Rule 15(b)(1)'s liberal "freely permit" standard would be rendered a nullity, because any amendment of the pleadings during trial would in fact be a modification of a pretrial order and thus governed by Rule 16(e)'s much more restrictive "manifest injustice" standard. The Federal Rules are squarely to the contrary.

4

*Third*, Defendants' position is inconsistent with the language of the pretrial order itself, which states that the pretrial order "supersedes the pleadings *which are hereby amended to conform hereto*." Am.-Final Consol. Pretrial Order ¶ 29, ECF 753 (emphasis added). This language expressly indicates that the pleadings continue to be operative even after the issuance of the pretrial order; if the pleadings had become inoperative, there would be no need to "amend[]" them. Thus, the pretrial order only "supersedes" the pleadings to the extent that they are inconsistent with the pretrial order itself.

Notably, Defendants do not cite a single case to the contrary. Crucially, Defendants do not identify a single case in which a motion to amend or supplement a complaint after the issuance of a pretrial order is governed by Rule 16(e). Defendants' lack of authority, alone, is fatal to their argument. And Defendants' cases applying Rule 16(e) are inapposite because, as explained above, Plaintiffs are not seeking to modify the pretrial order.[2] Equally irrelevant are Defendants'

---

[2] In *In re Georgia Steel, Inc.*, the defendants sought *after* trial to add a new factual allegation in the pretrial order that was "substantially contrary" to the existing order. 71 B.R. 903, 906 (Bankr. M.D. Ga. 1987). The court denied the request in part because the evidence at trial did not support the new allegation in any event. *Id.* Similarly, in *United States v. First National Bank*, the defendant sought summary judgment on the first day of trial based on a contention that was "plainly contrary to the terms of the [pretrial] order." 652 F.2d 882, 887 (9th Cir. 1981). And in *United States v. Varner*, the court affirmed the district court's *grant* of the plaintiff's motion to add new exhibits to the pretrial order. 13 F.3d 1503, 1507–08 (11th Cir. 1994).

citations to cases discussing Rule 16(b)(4),[3] which governs the modification of a case schedule and has no bearing on Plaintiffs' motion at all.[4]

In sum, Defendants' argument that Rule 16 applies to a motion to supplement a complaint is simply wrong and the Court should reject it as such.

## II.    Plaintiffs' Motion Satisfies the Standards in Rule 15.

As explained in Plaintiffs' opening brief, supplementation under Rule 15(d) is "favored" as an efficient means for parties to resolve their entire dispute in a single proceeding, and accordingly "ought to be allowed as of course." Br. 7 (quoting *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988) and *W. Ala. Women's Ctr. v. Miller,* 318 F.R.D. 143, 148 (M.D. Ala. 2016)). To the extent Rule 15(b)(1)

---

[3] Although Defendants inexplicably claim that Plaintiffs "cite to Rule 16(b)'s more permissive standard," *see* Opp. 11, Rule 16(b) is not cited anywhere in Plaintiffs' opening brief, nor are Plaintiffs relying on that provision here.

[4] All but one of Defendants' Rule 16(b) cases involved motions to amend that were untimely under the terms of an operative scheduling order. *See Gallien v. Binkley*, No. CV408–037, 2008 WL 4916394, at *2 (S.D. Ga. Nov. 14, 2008) (plaintiffs moved to amend their complaint "over three months after the scheduling order's deadline"); *Bowers v. Am. Heart Ass'n*, 513 F. Supp. 2d 1364, 1366, 1371 (N.D. Ga. 2007) (*granting* motion to amend even though it was filed "two months after the scheduling order's deadline"); *Aguayo v. Morehouse Sch. of Med., Inc.*, No. 1:06-CV-1095-JOF, 2007 WL 9710273, at *4 (N.D. Ga. Dec. 10, 2007) (plaintiff sought to amend his complaint "nearly 8 months after the deadline" in operative scheduling order). Here, however, the pretrial order does not set a deadline for amending pleadings, and Defendants do not argue that Plaintiffs' motion is untimely under any operative scheduling order. Defendants' last Rule 16(b) case, *Pushko v. Klebener*, is even further from the mark because it involved a motion to reopen discovery, not a motion to amend. No. 3:05-cv-211-J-25HTS, 2007 WL 2671263, at *1 (M.D. Fla. Sept. 7, 2007).

governs because Plaintiffs are moving during trial, the standard is substantially identical. Under Rule 15(b)(1), "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Plaintiffs' motion easily satisfies these standards.

### A. Defendants Do Not Identify Any Prejudice.

Rule 15 "contemplates that the objecting party must be put to some serious disadvantage" before a motion for leave to supplement a complaint should be denied. Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1495 (3d ed.); *see also Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp, LLC*, 7 F.4th 989, 1000–01 (11th Cir. 2021) (affirming grant of motion to amend 10 days before trial where opposing party "could not articulate . . . what it would have done differently in preparing for trial if the amendment was made earlier"). Rhetoric aside, Defendants cannot plausibly identify *any* actual prejudice—let alone a "serious disadvantage"—that would arise from the Court granting Plaintiffs' motion.

***Need for Additional Discovery.*** Defendants' primary argument is that they will be prejudiced if they are not given the opportunity to take additional discovery on the proposed 52 U.S.C. § 10101 claim. Even assuming that the Court would deny Defendants discovery if they identified a factual issue in dispute (an

7

assumption Defendants provide no basis for whatsoever), Defendants cannot plausibly identify any discovery they actually would need on the purely legal § 10101 claim.

On standing, Defendants concede that Fair Fight Action has already devoted significant resources to addressing SB 202's date-of-birth requirement; indeed, Defendants detail those efforts at length. *See* Opp. 7–8. And they offer no basis to believe—against all logic—that Fair Fight Action will suddenly stop those efforts as the election approaches. *See* Opp. 15 n.12. Further, the Court has ruled in this case that, to establish standing based on a diversion-of-resources theory, Plaintiffs "must make only a minimal showing of a concrete injury" and "do not need to quantify their diversions of resources." Order on Defs.' Mot. for Summ. J. (Juris.) 12, ECF 612. Defendants are thus wrong to assert that they need discovery to explore in detail "how and when" Plaintiffs plan to continue addressing the date-of-birth requirement, in order to evaluate whether those efforts "rise to a level sufficient to accord Plaintiffs standing." *See* Opp. 15.[5]

---

[5] Because only one plaintiff need have standing for claim to proceed, Defendants' acknowledgment of the substantial resources Fair Fight Action has diverted to this issue resolves the standing question in any event. *See, e.g.*, *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1290 (11th Cir. 2017). But Plaintiffs' allegations regarding Baconton are sufficient to establish standing, and Baconton is prepared to provide trial testimony corroborating those allegations.

Tellingly, Defendants relegate to a footnote their suggestion that they might need discovery on the merits of the 52 U.S.C. § 10101 claim, *see id.* at n.12, but Judge May and this Court already decided that question as a matter of law. *See Democratic Party of Ga., Inc. v. Crittenden,* 347 F. Supp. 3d 1324, 1340–41 (N.D. Ga. 2018); *Martin v. Crittenden,* 347 F. Supp. 3d 1302, 1308–09 (N.D. Ga. 2018). Defendants argue that those decisions do not control because they involved different "records," "parties," and "procedural postures," but do not explain how any of this impacts whether date-of-birth information on an absentee ballot application or envelope is material to determining an individual's qualification to vote under Georgia law. Similarly, Defendants argue that *Democratic Party of Georgia* and *Martin* involved "different legislation," but do not identify any relevant difference between that legislation and SB 202's date-of-birth requirements.[6]

**Delaying Resolution of the Case.** Defendants likewise cannot show how granting Plaintiffs' motion will delay resolution of this case. Plaintiffs' proposed 52 U.S.C. § 10101 claim can be efficiently resolved on summary judgment; if Defendants instead wish to file motions to dismiss, for summary judgment, and for

---

[6] This distinguishes *United States v. Romeo*, 122 F.3d 941 (11th Cir. 1997). In *Romeo*, the issue was precisely whether new legislation divested district courts of the authority to order deportation as a condition of supervised release. *See id.* at 942. Here, it is undisputed that both the law as construed in *Democratic Party of Georgia* and *Martin* and SB 202 contain date-of-birth requirements.

a directed verdict, as they threaten to, *see* Opp. 19—all without ever identifying a single factual dispute germane to this claim—any ensuing delay will be *their* doing, not Plaintiffs'. Similarly, Defendants cannot complain that Fair Fight Action's and Baconton's witnesses will have to be recalled to testify regarding the 52 U.S.C. § 10101 claim, given that Plaintiffs already attempted to elicit such testimony while Reverend Scott was on the stand, and *Defendants* chose to object rather than allow it to go forward. Trial Tr. 2593:7–22. Nor are delays that have already occurred of any relevance to the question whether the assertion of a 52 U.S.C. § 10101 claim will cause future delays. *See* Opp. 18–19 (complaining that trial "is taking longer than anyone expected" and that "[a]fter 13 days of trial, Plaintiffs still have about half of their case to present").[7]

 ***Other Prejudice Arguments.*** Defendants then fall back on rhetoric about "trial by ambush" and "expand[ing] costs, efforts, and burdens." Opp. 14, 16. This, too, misses the mark. Defendants—who knew even before the passage of SB 202 that it violated this Court's order in *Democratic Party of Georgia*—cannot complain that they were "ambushed" by Plaintiffs adding this purely legal claim to the case, particularly in light of the testimony from the Secretary of State's General Counsel Ryan Germany. Similarly, it is not sufficient for Defendants to gesture

---

[7] This last complaint is, in any event, incorrect.  Plaintiffs anticipate that they can conclude their case-in-chief with respect to the three currently challenged practices by May 11, 2022.

vaguely at "costs, efforts, and burdens" without identifying what those costs, efforts, and burdens are. Again, Defendants have not offered any persuasive reason why Plaintiffs' 52 U.S.C. § 10101 claim cannot be efficiently resolved on summary judgment as a matter of law.

Moreover, there is nothing "new" about Plaintiffs' proposed claim. As explained in Plaintiffs' opening brief, *see* Br. 2–5, a challenge to absentee ballot date-of-birth requirements has been part of this case from the outset. Plaintiffs' original Complaint *specifically pled* that it was illegal for election officials to reject absentee ballots based on missing or inaccurate dates of birth. Complaint ¶¶ 103–05, ECF 1. Claims regarding date-of-birth requirements have already been litigated through summary judgment in this case. *See* Order on Defs.' Mot. for Summ. J. (Juris.) 63–64, ECF 612 (denying those claims as moot). Defendants do not even attempt to distinguish the cases cited in Plaintiff's brief holding that under these circumstances, Defendants cannot claim prejudice or unfair surprise. *See* Br. 16.[8]

---

[8] The cases cited by Defendants are inapposite. In *Nance v. Ricoh Elecs., Inc.*, the plaintiff alleged that he was not promoted "on the basis of his Caucasian race." No. 1:06-CV-2396-RWS, 2008 WL 926662, at *1 (N.D. Ga. Apr. 4, 2008). The court granted the defendant summary judgment on that claim, holding that the plaintiff had failed to establish a prima facie case of discrimination. *Id.* at *6. The court then denied the plaintiff's motion to supplement his complaint with an additional claim that he was terminated in retaliation for filing the lawsuit, reasoning that supplementation "would require discovery into an entirely new set of facts after [the plaintiff's] only claim in this action has been dismissed." *Id.* at *7. Here, by

Finally, Defendants take the last-resort position that the mere passage of time between the enactment of SB 202 and Plaintiffs' motion is sufficient to establish prejudice. Opp. 21. They are wrong. "[T]he mere passage of time," "without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint." *Bryant v. Dupree*, 252 F.3d 1161, 1164–65 (11th Cir. 2001) (reversing district court's denial of motion to amend). As explained, Defendants have failed to show any specific prejudice from the timing of Plaintiffs' motion.[9]

---

contrast, Plaintiffs' other claims remain in the case, and Plaintiffs' proposed claim relates to facts that were already alleged in their original Complaint.

*Castilla v. National Union Fire Insurance Co. of Pennsylvania* is also distinguishable because it was another Rule 16(b) case involving a failure to comply with a scheduling order. *See* No. 11-62086-CIV, 2012 WL 2344518, at *2 (S.D. Fla. June 20, 2012). To the extent Defendants seek to rely on *Castilla* for the proposition that adding claims shortly before trial is impermissible, that proposition is inconsistent with Rule 15(b), which permits amendments to pleadings during and even after trial.

[9] Going even further, Defendants suggest that Plaintiffs' proposed claim may be barred by laches. *See* Opp. 15 n.12. *Democratic Executive Committee of Florida v. Lee*, in which the court rejected the assertion that a challenge to Florida's signature-matching requirement for vote-by-mail ballots was barred by laches because it was brought "about a year" after the relevant legislation was enacted, forecloses that argument. 915 F.3d 1312, 1326 (11th Cir. 2019). That makes good sense. Plaintiffs "did not need to relentlessly 'search and destroy every conceivable potential unconstitutional deprivation,' but could catch [their] breath [and] take stock of [their] resources" before bringing their proposed claim. *Id.* (quoting *Democratic Exec. Comm. of Fla. v. Detzner*, 347 F. Supp. 3d 1017, 1031 (N.D. Fla. 2018)). Moreover, under Defendants' laches theory, statutes that violate civil rights on an ongoing basis would nevertheless become immune from challenge if their validity is not immediately litigated—an untenable position.

### B.     Plaintiffs' Motion Is Not Futile.

Significantly, Defendants do not dispute that, on the merits, the date-of-birth requirements in SB 202 violate 52 U.S.C. § 10101. Instead, their futility argument focuses entirely on Plaintiffs' standing, which Defendants claim is barred by *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020).

The argument is wrong. As an initial matter, unlike in *Jacobson* and the subsequent cases Defendants cite, Plaintiffs here seek relief directly from the Secretary of State: an order "[e]njoining the Secretary of State from certifying election results until county officials have confirmed that they have not rejected any absentee ballots solely for missing or inaccurate dates of birth." Proposed First Suppl. Compl. 109, ECF 804-2. Indeed, this is the very same order directed to the Secretary of State that was issued by this Court in *Democratic Party of Georgia*. *See* 347 F. Supp. 3d at 1347. At a minimum, Plaintiffs have standing to request that relief, which is distinguishable from the "county-level relief" discussed by Defendants. Opp. 22.

In any event, *Jacobson* is inapposite because its conclusion "rest[ed] on the reality" that the non-party county officials responsible for printing ballots "are independent officials under Florida law who are not subject to the Secretary [of State]'s control." 974 F.3d at 1253. Here, by contrast, Plaintiffs allege at length— and Defendants do not dispute—that Defendants have broad powers to control

county election officials, including the power to investigate, fine, and remove and replace them without court involvement, and that those powers increased with the passage of SB 202.[10] Proposed First Suppl. Compl. ¶¶ 41–43, 45, 62–64, 70, 76, ECF 804-2; *cf. Jacobson*, 974 F.3d at 1253 (holding that Florida Secretary of State lacks authority over county officials in part because she "must resort to judicial process" to enforce performance of their duties).[11]

## C.    Defendants' Accusations of Bad Faith Are Meritless.

Finally, Defendants resort to accusing Plaintiffs of bad faith. The Court should give no credence to baseless name-calling. Plaintiffs' motion does not "subvert the very purpose of pretrial orders and the Federal Rules," as Defendants claim, *see* Opp. 19. To the contrary, as explained above, Rule 15(b) permits the

---

[10] At trial, the Secretary of State's General Counsel agreed that "if a Court directs the Secretary of State to do something, the Secretary of State, in turn, directs the counties and the boards of elections across the state to comply with the Court's order." Trial Tr. 1527:22–1528:6.

[11] Similarly, Defendants' post-*Jacobson* Georgia cases are distinguishable because they were decided before SB 202, enacted on March 25, 2021, dramatically increased the State Election Board's powers over county officials. *See Ga. Republican Party, Inc. v. Sec'y of State for Ga.*, No. 20-14741-RR, 2020 WL 7488181 (11th Cir. Dec. 21, 2020); *Trump v. Kemp*, 511 F. Supp. 3d 1325 (N.D. Ga. 2021) (decided Jan. 5, 2021); *Wood v. Raffensperger*, No. 1:20-cv-5155-TCB, 2020 WL 7706833 (N.D. Ga. Dec. 28, 2020).

amendment of a pleading at trial—or even after trial—under precisely the conditions present here.[12]

Defendants' accusations of bad faith ring particularly hollow in light of the history of the statute challenged in Plaintiffs' proposed claim. In *Democratic Party of Georgia*, this Court expressly enjoined the use of date-of-birth requirements in connection with absentee ballots, under the very statute invoked by Plaintiffs' proposed claim. When the Court stated in this case that "there is no reasonable expectation" that those requirements would be reenacted, Defendants remained mute. Yet the testimony at trial has revealed that at the same time, the Secretary of State was "work[ing] with the Legislature" to do exactly that. Trial Tr. at 1560:25–1561:9. Far from evincing bad faith, Plaintiffs' motion is simply an attempt to remedy the glaring inconsistency between SB 202 and this Court's prior rulings.

## **CONCLUSION**

For the foregoing reasons and those stated in its opening brief, Plaintiffs respectfully request that the Court grant their motion for leave to file their First Supplemental Complaint.

---

[12] The fact that Fair Fight Action has made public statements about this litigation is irrelevant to bad faith. *See* Opp. 20 n.16. Defendant Secretary of State Raffensperger should recognize as much, given his own Twitter posts about this lawsuit. *See* https://www.twitter.com/gasecofstate/status/1513604896339243009 (trumpeting that Secretary "will fight [this lawsuit] . . . all the way to the Supreme Court if I have to").

## **CERTIFICATION**

I hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.), which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

Respectfully submitted this, the 9th day of May, 2022.

*/s/ Allegra J. Lawrence*
Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Lovita T. Tandy (GA Bar No. 697242)
Celeste Coco-Ewing (Admitted *pro hac vice*)
Michelle L. McClafferty (GA Bar No. 161970)
Monica R. Owens (GA Bar No. 557502)
Rodney J. Ganske (GA Bar No. 283819)
Maia Cogen (GA Bar No. 832438)
Suzanne Smith Williams (GA Bar No. 526105)
Bria Stephens (GA Bar No. 925038)
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
lovita.tandy@lawrencebundy.com
celeste.coco-ewing@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com
monica.owens@lawrencebundy.com
rod.ganske@lawrencebundy.com
maia.cogen@lawrencebundy.com
suzanne.williams@lawrencebundy.com
bria.stephens@lawrencebundy.com

16

Thomas R. Bundy (Admitted *pro hac vice*)
**LAWRENCE & BUNDY LLC**
8115 Maple Lawn Boulevard
Suite 350
Fulton, MD 20789
Telephone: (240) 786-4998
Fax: (240) 786-4501
thomas.bundy@lawrencebundy.com

Dara Lindenbaum (GA Bar No. 980780)
**SANDLER REIFF LAMB ROSENSTEIN &
BIRKENSTOCK, P.C.**
1090 Vermont Avenue, NW
Suite 750
Washington, DC 20005
Telephone: (202) 479-1111
Fax: (202) 479-1115
lindenbaum@sandlerreiff.com

Elizabeth Tanis (GA Bar No. 697415)
John Chandler (GA Bar No. 120600)
957 Springdale Road, NE
Atlanta, GA 30306
Telephone: (404) 771-2275
beth.tanis@gmail.com
jachandler@gmail.com

Kurt G. Kastorf (GA Bar No. 315315)
**KASTORF LAW, LLC**
1387 Iverson St, Suite 100
Atlanta, GA 30307
Telephone: (404) 900-0330
kurt@kastorflaw.com

17

Matthew G. Kaiser (Admitted *pro hac vice*)
Sarah R. Fink (Admitted *pro hac vice*)
**KAISERDILLON PLLC**
1099 Fourteenth Street, NW
Eighth Floor West
Washington, DC 20005
Telephone: (202) 640-2850
Fax: (202) 280-1034
mkaiser@kaiserdillon.com
sfink@kaiserdillon.com

Kali Bracey (Admitted *pro hac vice*)
Ishan Bhabha (Admitted *pro hac vice*)
Victoria Hall-Palerm (Admitted *pro hac vice*)
Kathryn L. Wynbrandt (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Fax: (202) 639-6066
kbracey@jenner.com
ibhabha@jenner.com
vhall-palerm@jenner.com
kwynbrandt@jenner.com

Jeremy M. Creelan (Admitted *pro hac vice*)
Elizabeth A. Edmondson (Admitted *pro hac vice*)
Allison N. Douglis (Admitted *pro hac vice*)
**JENNER & BLOCK LLP**
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Fax: (212) 891-1699
jcreelan@jenner.com
eedmondson@jenner.com
adouglis@jenner.com

Keri L. Holleb Hotaling (Admitted *pro hac vice*)
Kelsey Stimple (Admitted *pro hac vice*)

**JENNER & BLOCK LLP**
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
khotaling@jenner.com
kstimple@jenner.com

Von A. DuBose
**DUBOSE MILLER LLC**
75 14th Street N.E., Suite 2110
Atlanta, GA 30309
Telephone: (404) 720-8111
Fax: (404) 921-9557
dubose@dubosemiller.com

Johnathan Diaz (Admitted *pro hac vice*)
Paul M. Smith (Admitted *pro hac vice*)
**CAMPAIGN LEGAL CENTER**
1101 14th St. NW, Suite 400
Washington, DC 20005
Telephone: (202)736-2200
jdiaz@campaignlegal.org
psmith@campaignlegal.org

Andrew D. Herman (Admitted *pro hac vice*)
**MILLER & CHEVALIER CHARTERED**
900 Sixteenth Street, NW
Washington, DC 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Fair Fight Action, Inc.; Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Baconton Missionary Baptist Church, Inc.; Virginia-Highland Church, Inc.; and The Sixth Episcopal District, Inc.*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 9, 2022, the foregoing **REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** was filed with the Court using the ECF system, which will serve all counsel of record.

This, the 9th day of May, 2022.

*/s/ Allegra J. Lawrence*
Allegra J. Lawrence