IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FAIR FIGHT ACTION, INC. et al.,** | |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | **No. 1:18-CV-5391-SCJ** |
| **BRAD RAFFENSPERGER, et al.,** | |
| Defendants. | |

## <u>ORDER</u>

This matter appears before the Court on Plaintiffs' Motion for Leave to File a Supplemental Complaint. Doc. No. [804].[1] Defendants responded in opposition (Doc. No. [818]), Plaintiffs replied in support (Doc. No. [824]), and Defendants filed a sur-response (Doc. No. [825]). On May 11, 2022, the Court heard argument on the motion. The Court now rules as follows.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I. BACKGROUND

Plaintiffs Fair Fight Action, Inc. ("Fair Fight"); Care in Action, Inc.; Ebenezer Baptist Church of Atlanta, Georgia, Inc.; Baconton Missionary Baptist Church, Inc.; Virginia-Highland Church, Inc.; and The Sixth Episcopal District, Inc. (collectively, "Plaintiffs") first filed this lawsuit on November 27, 2018, alleging various constitutional and statutory voting rights violations and challenges to the State of Georgia's election code. Doc. No. [1]. Since then, the State of Georgia has passed two bills that substantively affect the State's election laws in HB 316 and SB 202. See Doc. No. [612], 62–64. The State Election Board has also amended its administrative rules. Id. Plaintiffs have also twice amended their Complaint. Doc. Nos. [41]; [582].

Following an extensive discovery period, the Parties engaged in three rounds of motions practice at the summary judgment stage of the case to address jurisdiction, merits, and Plaintiffs' § 2, Voting Rights Act claim. Doc. Nos. [612]; [617]; [636].

Of particular note, in the context of the jurisdictional summary judgment briefing, Defendants asserted that "Plaintiffs [sic] claims about voter birthdates resulting in rejection of absentee ballots [were] moot because the [voter's] date of

birth is no longer required and thus ballots cannot be rejected for that reason." Doc. No. [612], 62 (citing Doc. No. [44-1], 28). Defendants' arguments were based upon HB 316's amendments to O.C.G.A. § 21-2-384 and State Election Board Rule, Ga. Comp. R. & Regs. R. 183-1-14-.13. On February 16, 2021, the Court accepted Defendants' arguments and concluded that Plaintiffs' claims about ballot rejections resulting from inaccurate voter birthdates were moot. Doc. No. [612], 64. The Court stated: "the totality of the circumstances persuades this Court that there is no reasonable expectation that the State of Georgia will reenact the challenged legislation or otherwise return to its old law." Id. at 64. As correctly noted by Plaintiffs in their briefing, in 2021 through the Georgia General Assembly's passage of SB 202 and signature by the Governor on March 25, 2021, absentee ballot envelopes are required to have a space for the voter's date of birth. Doc. No. [804-1], 5.

The Court signed the initial pretrial order for the case *sub judice* on December 17, 2021 (Doc. No. [662]) and the Amended-Final Consolidated Pretrial Order on March 25, 2022 (Doc. No. [753]). The claim based on date of birth is not a part of the Pretrial Orders. The non-jury, bench trial of this case began April 11, 2022. Doc. No. [789]. Plaintiffs rested their trial case-in-chief on May 11, 2022.

Prior to resting their case, Plaintiffs filed the pending Motion for Leave to File their Supplemental Complaint. In their Motion, Plaintiffs "request leave to supplement the currently operative Second Amended Complaint to assert a claim under 52 U.S.C. § 10101 regarding SB 202's date-of-birth requirement for absentee ballot applications and absentee ballot envelopes." Doc. No. [804-1], 6–7. After full briefing, the motion for leave is now ripe for review.

## II.    LEGAL STANDARD

Rule 15(d) of the Federal Rules of Civil Procedure governs a request to supplement a complaint with claims that arose after the filing of the initial complaint. It provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Leave to supplement should be freely given as justice so requires, but courts should not grant motions to supplement when there is "undue delay, bad

4

faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Amick v. BM & KM, Inc., 275 F.Supp.2d 1378, 1381 (N.D. Ga. 2003). Moreover, leave may be denied when the case has progressed to an advanced stage, and extensive discovery is nearly complete, particularly where the amendment would require additional extensive discovery. E. g., Nance v. Ricoh Elecs., Inc., 381 F. App'x 919, 923–24 (11th Cir. 2010); Nolin v. Douglas Cnty., 903 F.2d 1546, 1550-51 (11th Cir. 1990), overruled on other grounds by, McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994)); Ferguson v. Roberts, 11 F.3d 696 (7th Cir. 1993) (denying leave to amend complaint where plaintiffs waited until near close of discovery and trial date to file motion which district court described as "seemingly dilatory," and where proposed complaint contained complex and serious new charges which would have required additional discovery, thereby significantly prejudicing defendants in their preparations for trial).

"[T]he standards for a Rule 15(a) motion to amend and a Rule 15(d) motion to supplement are nearly identical." Blue Ridge Mountain Elec. Membership Corp. v. Americas Ctr. Corp., No. 2:18-CV-178-RWS, 2020 WL 10619179, at *2

5

(N.D. Ga. Nov. 18, 2020). Thus, the Court may use Rule 15(a) precedent and terminology by analogy in the course of this Order.

"[T]he decision whether to grant leave is within the discretion of the district court." Goodin v. Harvey, No. 1:06-CV-00646 (BBM), 2007 WL 9747434, at *2 (N.D. Ga. July 20, 2007); see also Cason v. Seckinger, 231 F.3d 777, 786–87 (11th Cir. 2000) (internal quotation marks omitted) ("[T]he district court has a range of choice . . . so long as that choice does not constitute a clear error of judgment."); Jones v. Bernanke, 685 F. Supp. 2d 31, 35 (D.D.C. 2010) ("The court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience.").

### III.  ANALYSIS

The Court finds that Plaintiffs' Motion for Leave to Supplement their Complaint is due to be denied.

#### A.  Undue Delay and Dilatory Motive

The Court finds that Plaintiffs did not have a dilatory motive when supplementing their Complaint. "A dilatory motive is one to delay the future proceedings." Powers v. Auto. Comput. Servs., 09-0556-WS-C, 2010 WL 761311, at *2 (S.D. Ala. Mar. 4, 2010). The Court does not find that Plaintiffs are asking

6

the Court to supplement their Complaint to delay the proceedings. Plaintiffs, specifically, argue that the supplementation will result in minimal delay. See Doc. No. [804-1], 18–19 (The proposed new claim under 52 U.S.C. § 10101 hinges on the purely legal question of whether date-of-birth information is 'immaterial'"). to a voter's qualifications . . . it does not require the submission of any additional evidence and thus will not impact the trial schedule at all." The Court disagrees that the Proposed Supplemental Complaint will not impact the trial schedule. If the Court were to grant Plaintiffs' request, Defendants would be entitled to file motions to dismiss, conduct discovery, and file a motion for summary judgment. See Trial Tr. 3272: 18–20. Because this action is more than one month into the trial, this would cause a significant delay in the proceedings. Despite the delay that the Proposed Supplemental Complaint will cause, the Court finds that Plaintiffs did not seek leave to file their Proposed Supplemental Complaint to delay these proceedings.

The Court, however, is concerned with the length of time that it took Plaintiffs to seek supplementation. As Plaintiffs noted in their argument before the Court, the Georgia legislature passed SB 202 thirty-seven days after the Court issued its Summary Judgment Order (Doc. No. [612]), dismissing the date-of-

birth claim as moot. Trial Tr. 3266: 7–14. However, as Defendants point out, Plaintiffs waited thirteen months after SB 202 was passed to move to supplement their Complaint. Doc. No. [806], 8. When asked why the Plaintiffs waited until the middle of their presentation of evidence to add this claim, Plaintiffs explained that Mr. Ryan Germany's testimony highlighted the Secretary of State's involvement in the passage of SB 202. Trial Tr. 3269: 4–3270:5. [2] After hearing this response, the Court noted:

> [M]y question is that you're telling me – I asked Ryan Germany the question, but I knew the answer to the question when I asked him, Did the Secretary of State know about this? I knew the answer was going to have to be yes.
> And when I asked him the question, was the Secretary of State involved? Once again, I knew his answer was going to be yes. . . .
> Through all of this, I can't understand what is not obvious to the plaintiffs that the Secretary of State was involved back in April 2021.

Trial Tr. 3270: 6–13. 17–19. The Court finds that although Mr. Germany's trial testimony may have given Plaintiffs concrete evidence that the Secretary of State knew that before its passage, SB 202 would include a date-of-birth provision

---

[2] Mr. Germany is the General Counsel for the Secretary of State. Trial Tr. 1515.

(SB 202, 21:1460), the Court finds that Plaintiffs knew about the date of birth issue in April of 2021 and its implications for the Secretary of State. See Trial Tr. 3266:23–25; 3267:4–7. ("[W]e, shortly after the passage of SB 202, we were concerned . . . [w]e were aware of that."). This is evidenced by the Sixth District AME's filing a lawsuit against the Secretary of State challenging the SB 202's inclusion of the date of birth on absentee ballot envelopes on May 24, 2021. Doc. No. [806], 8; Sixth District AME v. Kemp, 1:21-cv-01284-JPB.[3] Thus, the Court finds that Plaintiffs, as the Parties bringing the challenge, unduly delayed raising that their claim was no longer moot. Accordingly, Plaintiffs' thirteen-month delay in supplementing their Complaint weighs against granting the motion.

### B. Futility

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "In other words, denial on grounds of futility is essentially a holding that

---

[3] The Court notes that The Sixth Episcopal District, Inc. is "d/b/a the 'Sixth Episcopal District of the African Methodist Episcopal Church' or the 'Sixth District A.M.E.'" Doc. No. [804-2], ¶ 33. Thus, the Court finds that the Sixth District AME is the same party as the Sixth District Episcopal District, Inc.

9

the proposed amended complaint fails to state a claim upon which relief can be granted." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 764 F.3d 1327, 1344 (11th Cir. 2014).

In light of the fact that Plaintiffs' undue delay in bringing the claim, prejudice to the Defendants, and judicial economy prongs of the Court's analysis are determinative—and the potential for inconsistent rulings among other cases pending in this district raising the same issues presented in the proposed supplemental complaint—the Court declines to issue a merits ruling on the futility of amendment.

### C. Bad Faith

For purposes of bad faith considerations, it has been held that "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 599 (5th Cir. 1981); cf. In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006) ("A party . . . demonstrates bad faith by delaying or disrupting the litigation . . . ."). After considering this authority, this Court cannot necessarily conclude that the present circumstances (for which there has been no ruling on

10

the remaining merits claims) warrant a finding of bad faith on the part of Plaintiffs. Thus, the Court finds that the bad faith prong does not weigh against Plaintiffs' Motion.

### D. Prejudice to the Defendant

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . . ." Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011) (citations omitted).

The Court finds that Defendants will be prejudiced if Plaintiffs are allowed to supplement their Complaint. Defendants argue that they will be prejudiced because Plaintiffs' Proposed Supplemental Complaint will cause a delay in the proceedings and could result in inconsistent rulings on this issue. Doc. No. [818], 23. Plaintiffs responded by arguing that Defendants are not prejudiced for three reasons. First, these claims were already before the Court and were dismissed at summary judgment on mootness grounds; second, there is no need for additional discovery because this issue can be decided as a matter of law; third, it is not

11

certain that deciding this issue will require delaying this case. Doc. No. [824], 11–15.

As stated above, the Court does find that the proceedings will be delayed if the Court were to grant the leave for supplementation. And this delay will inevitably prejudice to the Defendants. See Nance v. Ricoh Elecs., Inc., 1:06-CV-2396-RWS, 2008 WL 926662, at *7 (N.D. Ga. Apr. 4, 2008), aff'd, 381 F. App'x at 923–24 (denying leave to supplement at the end of the discovery period because "[d]efendant would not only be put to the expense of this additional discovery . . . [defendant] likely [would] be put to the expense of filing another motion for summary judgment."); Webb v. Phoebe Putney Mem'l Hosp., No. 1:05CV124 (WLS), 2007 WL 215081, at *1 (M.D. Ga. Jan. 26, 2007) (denying motion to amend or correct the complaint because "[p]ermitting [p]laintiff to amend her [c]omplaint to include such a claim after the discovery period has closed and while a [m]otion for [s]ummary [j]udgment is presently pending would grossly prejudice [d]efendant."). At this stage of proceedings, the Court finds that Defendants will be prejudiced if Plaintiffs are permitted to supplement their Complaint. A supplementation four weeks into trial and after Plaintiffs have rested their case-in-chief will cause Defendants to incur the expense of potentially

briefing a motion to dismiss, conducting discovery, and briefing motions for summary judgment.

The Court also finds that allowing this supplementation could result in inconsistent rulings (which Defendants noted was a "real danger for the State" and of particular concern as state officials navigate the different pieces of the ongoing election year). Trial Tr. 3293–94. Inconsistent rulings would both prejudice Defendants and not favor judicial economy. See Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981)[4] (holding that in the amendment context that "it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation"). Currently, three cases that challenge SB 202's date-of-birth provision are pending before Judge Jean-Paul Boulee: (1) New Georgia Project v. Raffensperger, 1:21-cv-1229-JPB; (2) Ga State Conf. of the NAACP v. Raffensperger, 1:21-cv-01259-JPB; (3) Sixth District AME v. Kemp, 1:21-cv-01284-JPB.[5] The Court finds that reasonable

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.

[5] After a review of the Complaint in Sixth District AME v. Kemp, 1:21-cv-01284-JPB, the Court is concerned that Plaintiff Sixth District AME is attempting to bring an identical

minds can differ over whether SB 202's date-of-birth provision violates the Voting Rights Act. Because similar claims are currently before Judge Boulee, the Court finds that the potential for inconsistent rulings counsels against granting Plaintiffs' Motion.

\* \* \* \*

The Court finds that Plaintiffs' Motion to Supplement their Complaint is due to be denied because Plaintiffs' undue delay in bringing these claims, prejudice to Defendants, and judicial economy weigh against granting the Motion. Although the Court denies Plaintiffs' Motion to Supplement their Complaint, the Court finds that Plaintiffs have other avenues for bringing these claims. These include, but are not limited to, filing a motion to intervene in one of the actions currently pending before Judge Boulee (Fed. R. Civ. P. 24.) or filing a new lawsuit.

---

claim in two separate cases. The Eleventh Circuit has ruled that a plaintiff cannot "file duplicate complaints in order to expand their legal rights." Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 841 (11th Cir. 2017). Improper claim splitting occurs when "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." Id. at 841–42. Because the Court finds that Plaintiffs' Motion is due to be denied, the Court declines to decide whether Plaintiff Sixth District AME's 52 U.S.C. § 10101 claim regarding SB 202's date-of-birth provision, in this case, is improper claim splitting.

14

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Leave to File Supplemental Complaint (Doc. No. [803]). Plaintiffs' related Motion for Partial Summary Judgment (Doc. No. [805]) on Count VI of the proposed supplemental complaint is **DENIED** as moot.

**IT IS SO ORDERED** this 13th day of May, 2022.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**