IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FAIR FIGHT ACTION, INC. et al.,

   Plaintiffs,

v.

BRAD RAFFENSPERGER, et al.,

   Defendants.

CIVIL ACTION FILE

No. 1:18-CV-5391-SCJ

## ORDER

This matter appears before the Court on Defendants' *oral* Motion for a Judgment on Partial Findings pursuant to Federal Rule of Civil Procedure 52(c) as to the entirety of Plaintiffs' remaining claims. Rule 52(c) states:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).

After review of the evidence and arguments of the parties, the Court exercises its discretion to decline to render any judgment until the close of all of the evidence, inclusive of Defendants' case-in-chief and any rebuttal.[1] This ruling is not to be interpreted as a determination on whether either party has (or has not) met certain burdens at this time.[2]

The bench trial of the above-captioned case shall resume on **TUESDAY, MAY 17, 2022 at 9:00 A.M.**

IT IS SO ORDERED this 16th day of May, 2022.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[1] See Price v. Comm'r, Ala. Dep't of Corr., 772 F. App'x 827, 832 (11th Cir. 2019) ("Rule 52(c)'s language makes clear that the district court enjoys discretion to decline to render judgment until the close of the evidence."); League of Women Voters of Fla., Inc. v. Lee, No. 4:21CV186-MW/MAF, 2022 WL 969538, at *3 (N.D. Fla. Mar. 31, 2022) ("After a party has been fully heard on an issue during a bench trial, Rule 52(c) permits a court to enter judgment on a claim or defense that 'can be maintained or defeated only with a favorable finding on that issue.' . . . Any 'judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a), but the court may "decline to render any judgment until the close of the evidence."' Fed. R. Civ. P. 52(c). [] [T]his [c]ourt declined to render judgment on the Rule 52(c) motions until the close of evidence.")

[2] See Armour Rsch. Found. of Illinois Inst. of Tech. v. Chicago, R. I. & P. R. Co., 311 F.2d 493, 494 (7th Cir. 1963) ("[A] denial of defendant's motion [for judgment on partial findings] amounts to nothing more than a refusal to enter judgment at that time.").